Lisel M. Ferguson (Bar No. 207637)
Tiffany Salayer (Bar No. 226189)
E-mail: lisel.ferguson@procopio.com
E-mail: tiffany.salayer@procopio.com
PROCOPIO, CORY, HARGREAVES &
 SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiff,*
BROOKS ENTERTAINMENT, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKS ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC. AND ROCKSTAR GAMES, INC., <br><br> Defendants. | Case No. **'21CV2003 TWR MDD** <br><br> **COMPLAINT FOR:** <br> **(1) TRADEMARK INFRINGEMENT 15 U.S.C. § 1114;** <br> **(2) COPYRIGHT INFRINGEMENT; AND** <br> **(3) COMMERCIAL APPROPRIATION OF LIKENESS CCP § 3344** <br><br> **(DEMAND FOR JURY TRIAL)** |

Plaintiff Brooks Entertainment, Inc. ("Brooks Entertainment" and/or "Plaintiff") hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This is a Complaint for (1) federal trademark infringement pursuant to 15 U.S.C. § 1114; (2) copyright infringement in violation of United States Copyright Act, 17 U.S.C. §§ 101 *et. seq.*; and (3) commercial appropriation of likeness CCP § 3344.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), 1114 (a), 17 U.S.C. §501 and 28 U.S.C. §§ 1331, 1332, 1338(a) and (b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants because Defendants have purposely availed themselves of the opportunity to conduct commercial activities in this Judicial District by selling their products and services in this Judicial District and advertising to consumers in this Judicial District attempting to solicit the business of customers in this Judicial District.

4. Venue in this action properly lies in the Southern District of California under 28 U.S.C. §§ 1391 and 1400 as the Defendants provide goods and services to customers within California and this Judicial District, the Defendants have conducted business, published websites and have derived income from the sale of goods and services to the public within this Judicial District.

**PARTIES**

5. Plaintiff Brooks Entertainment, Inc. is a California corporation with its principal place of business at 1 Coronado Cays Blvd., Coronado, CA 92118.

6. Plaintiff is informed and believes, and based thereon alleges, that Defendants Activision Blizzard, Inc. ("Activision" and/or "Defendant") is a Delaware Corporation with a principal place of business at 3100 Ocean Park Boulevard, Santa Monica, CA 90405.

7. Plaintiff is informed and believes, and based thereon alleges, that Defendant Rockstar Games, Inc. ("Rockstar" and/or "Defendant") is a Delaware Corporation with a principal place of business at 622 Broadway, New York, New York 10012. (Defendants Activision and Rockstar are collectively referred to herein as "Defendants")

8. Defendants are subject to the jurisdiction of this Court by virtue of its substantial contacts with California, including participation in the acts and events occurring within this District as described herein.

**FACTS PERTAINING TO ALLEGATIONS FOR CLAIMS OF RELIEF**

9. Brooks Entertainment was formed in 2002 by its founder Shon Brooks. It is a financial and entertainment consultant corporation which helps its customers build

their financial empire safely and hosts a TV Show aimed at encouraging and empowering youth to take control of their destiny and become successful adults.

10. Shon Brooks has made it his goal to use his knowledge, intelligence and broad connections to enrich the lives and financial souls of his clients and the community. He is committed and dedicated to making a difference for people across the globe. In an effort to meet his goals Mr. Brooks has engaged in many activities which give back to the community and empower youth. Just a few of these include being a mentor, providing motivational talks to kids, promoting literacy, hosting a talk show on television called S.O.B TV Show.

11. Shon Brooks is well known and has deep ties with the NFL football games and other sports channels. Brooks Entertainment has aired many commercials and trailers for its services and its TV series, which highlights Shon Brooks, on ESPN during major games for many years. Shon Brooks is a television host who has been identified as a Game Changer by Invention Magazine and Financial Planning Magazine. He has also appeared on "the Simpsons" at the Cox Media Showcase where he was acquainted with the cast from the Discovery Channel, Fox, Disney and ESPN.

12. Brooks Entertainment has created content, a platform, concepts and graphics for interactive video games which are aimed at empowering youth. Two of these games are titled Stock Picker and Save One Bank. Concepts for these games were also presented to San Diego Unified School District along with interviews with Don King and Tommy Ford.

13. Brooks Entertainment is also the inventor of the Shon Brooks Star Cigar which is distributed at the Cosmopolitan Las Vegas as well as Punta Cana, Dominican Republic.

14. Brooks Entertainment is the owner of the following U.S. Registered trademarks: U.S. Trademark 5653242 for SHON BROOKS. This mark was first used in commerce in 1986 and was registered January 15, 2019, in class 41 for "television show production of an entertainment variety, namely, producing a continuing variety

show that highlights different celebrity guests, and producing cinema films for television, broadcasted over television, audio and digital video media" ("Brooks Trademark"). (A copy of the Certificate of Registration is attached as <u>Exhibit A</u>.)

15.  Brooks Entertainment also developed a number of copyrighted materials (the "Brooks Copyrighted Materials") in connection with its business including designs, story lines, video game concepts, textual material, and graphics for which it along with Fran S. Brooks has received multiple U.S. Registered Copyrights. All rights to the copyrights obtained by Fran S. Brooks have been assigned to Brooks Entertainment. Brooks Entertainment has copyrights for its games which include STOCK PICKER and SAVE ONE BANK Registration Nos. Txu001684440 published 2010, PA0001397099 published 2011, PA0001788514 published 2003 and PA000139794 published 2003 (the "Brooks Registered Copyrights"). (Copies of the Certificates of Registrations attached as <u>Exhibit B</u>.)

16.  Brooks Entertainment products which feature the SHON BROOKS trademark and S.O.B copyrights and trademarks, owned by Brooks Entertainment, are produced and distributed by the largest distributor in the world. Amazon and Amazon Fashion distribute and manufactures Brooks Entertainment Inc.'s (Fran Shatone) clothing merchandise and computer technology toys. These products include iPhone cases, Samsung Galaxy cases, throw pillows, tote bags, smartphone and iPad popsockets grips, T-shirts, tank tops, sweatshirts, pullover hoodies, and Raglan.

17.  Brooks Entertainment has aired numerous trailers on First Look with National CineMedia, these trailers feature Shon Brooks along with other actors and advertise for S.O.B Television. These First Look airings have appeared before a number of very well know and popular movies including James Bond Spectre, Marvel Studios' Dr. Strange, Walt Disney Company's Rogue One: A Star Wars Story, Batman v. Superman: Dawn of Justice, as well as on NBA and MLB on Cox Media.

18.  In 2014 Cox Media also presented Brooks Financial & Entertainment network which included the S.O.B Show series. This series has continuously aired

since that time and featured Shon Brooks as the host.

19. From 2010 and through 2015 Brooks Entertainment was talking to and provided a pitch to Blizzard, Activision and Rockstar Games, Inc. to create a game. The pitch was copyrighted. Many meetings and emails were exchanged between these parties through the following individuals Sarah Shafer who worked for Rockstar and was a partner with of Blizzard, Gordon Hall of Blizzard/Activision and Sam Houser of Rockstar.

20. During these talks and meetings between 2010 and 2015 Brooks presented SAVE ONE BANK and STOCK PICKER to Defendants. Brooks provided Defendants with the content, script, proposal, images and details for these games. These materials were copyrighted. The negotiations between the parties broke down and no Agreement was ever reached.

21. In 2016 the "Call of Duty: Infinite Warfare" ("Call of Duty") game was released to the public by Defendants. Activision along with Rockstar used the main character, content, scripts, images and details it was given in confidence by Brooks Entertainment to develop this infringing game.

22. Also, in 2016 Call of Duty World League a series of Call of Duty esports tournaments began. These tournaments occur on an annual basis and are attended by participants from all over the world.

23. Defendants are using Sean Brooks as its main character in "Call of Duty" this character uses the likeness, persona and name of Plaintiff's owner Shon Brooks and further infringes on Plaintiff's trademark for SHON BROOKS.

24. Defendants have released a series of games which are based on the original "Call of Duty" game. Very recently Defendant Activision released the game "Call of Duty WARZONE" which is a first-person shooter video game and is the thirteenth game in the Call of Duty series. The thirteen Call of Duty games will be referred to herein as the "Call of Duty Games".

25. Many of the scenes, the premise, the story lines and character types in the

Call of Duty Games were stolen from Brooks Entertainment's games Save One Bank and Stock Picker. These games infringe upon the Brooks Registered Copyrights, Brooks Registered Trademark as well as Mr. Shon Brooks rights in his name and likeness. The character of Sean Brooks appeared in the Call of Duty Infinite Warfare game and he is also the main character in Defendants' gambling platform which contains all of Defendants games on e-subscription.

26. Defendants also conduct global esports playoffs and championships utilizing the Call of Duty Games which infringe upon Brooks Entertainment Copyrights and the mark and name SHON BROOKS.

27. Using the SHON BROOKS mark, name, likeness and persona confuses the buying public as to the source of the products and services.

28. Many aspects of the copyrighted script were stolen, just a few of the items which were copied include the following:

a) Sean (Shon) Brooks has missiles at disposal;

b) Save One Bank is uniquely played in First Person Shooter and Third Person Shooter and Call of Duty copied the same format and is played in First Person Shooter and Third Person Shooter;

c) Both games are played offshore;

d) The main characters of the games both bring thieves to justice;

e) Shon Brooks has unlimited resources being an undercover agent of the Crystal Bank. Shon Brooks has access to not only financial means, but access to the latest cars, planes, boats and upscale computer technologies and Sean Brooks in the Call of Duty game copied this by having unlimited resources;

f) Shon Brooks navigates through both exotic and action-packed locations and Sean Brooks navigates thru both exotic and action-packed locations;

g) Shon Brooks controls character during a single and multiplayer campaign and experience and Sean Brooks controls character during a single and multiplayer campaign and experience;

h) Save One Bank script has a day and a night mode for the game and Call of Duty script has a day and night mode for the game;

i) Shon Brooks travelled to the Red Planet or Mars and Sean Brooks travelled to the Red Planet or Mars;

j) Save One Bank script has red orbit sky and Call of Duty now has red orbit sky which is identical;

k) Shon Brooks scripted game battle scenes take place in a high fashion couture shopping center mall and Sean Brooks scripted game battle scenes take place in a high fashion couture shopping center mall.

29. Beginning at least in 2016 and continuing until the present day, Defendants have, without permission or authority, used the Brooks Copyrighted Materials and Brooks Trademark and adopted marks and names that were confusingly similar to the Brooks Trademark in their games without any authorization to do so.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement: 15 U.S.C. § 1114, Against All Defendants)**

30. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Defendants are using the name and mark Sean Brooks as the main character in its Call of Duty Games. This name and mark are virtually the same and confusingly similar to the Brooks Trademark for SHON BROOKS.

32. The actions of Defendants described herein constitute infringement of the Brooks Trademark in violation of section 32(b) of the Lanham Act, 15 U.S.C. § 1114(1).

33. Defendants' willful, deliberate and unauthorized use of the Brooks Trademark has caused confusion and is likely to continue to cause confusion, mistake and deception in that consumers are likely to associate and believe Defendants' goods and services are associated with, connected to, affiliated with, authorized by, endorsed by, and/or sponsored by Brooks Entertainment, in violation of Section 32(b) of the

Lanham Act, 15 U.S.C. § 1114(1).

34. As a direct and proximate result of Defendants' unauthorized use of the Brooks Trademark, Defendants have damaged and will continue to damage Brooks Entertainment's goodwill and reputation, and has caused and is likely to continue to cause a loss of sales and profits for Brooks Entertainment. Defendants' actions have caused and will continue to cause irreparable harm to Plaintiff and to the public, who is confused by Defendants' unauthorized use of the Brooks Trademark, unless restrained and enjoined by this Court. Plaintiff has no adequate remedy at law to prevent Defendants from continuing their infringing actions and from injuring Brooks Entertainment.

35. As a further direct and proximate result of Defendants' actions, Plaintiff has been damaged and will continue to sustain damage and is entitled to receive compensation arising from its lost sales, lost profits, and efforts necessary to minimize and/or prevent customer confusion, in an amount to be proven at the time of trial. In addition, Plaintiff is entitled to disgorge Defendants' profits, and is entitled to interest and to its attorney's fees and costs incurred bringing this action, all in an amount to be proven at the time of trial. Plaintiff is further entitled to injunctive relief as set forth above, and to all other and further forms of relief this Court deems appropriate.

36. The damages sustained by Plaintiff as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

**SECOND CLAIM FOR RELIEF**

**(Copyright Infringement: 17 U.S.C. § 501, Against All Defendants)**

37. Plaintiff hereby repeats, realleges and incorporates by reference Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. Brooks Entertainment is the rightsholder to the copyrights in the Brooks Registered Copyrights, which substantially consist of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Brooks Entertainment has complied in all respects with the Copyright Act and all laws of the

130558-000IPGEN/5529328.4    CASE NO. _____

1 United States governing copyrights.

2 39. Brooks Entertainment authored and created designs, story lines, video game concepts, textual material, and graphics for which it has received multiple U.S. Registered Copyrights. Brooks has copyrights for its games which include STOCK PICKER and SAVE ONE BANK among many others.

40. The Brooks Registered Copyrights are the exclusive and copyrighted property of Brooks Entertainment. All copies, or derivations therefrom, are produced either directly by Brooks Entertainment itself or, alternatively, under its authority or license. The Brooks Registered Copyrights have been published in conformity with the provisions of the Copyright Act, 17 U.S.C. § 101, *et seq.*

41. Defendants and each of them had access to the Brooks Registered Copyrights and other Brooks Entertainment materials as these items were shared with Defendants from 2010 to 2015 when the parties were negotiating an agreement to work together for a licensing deal. The negotiations between the parties intended that Brooks Entertainment was to be the sole creator of the games and that Defendants would be the co-publisher. Defendants and each of them also had access to Brooks Entertainment S.O.B television series which has aired for years on major networks and featured Shon Brooks.

42. Brooks Entertainment is informed and believes, and based thereon alleges, that Defendants knowingly and willfully copied and directly, vicariously and/or contributorily infringed the Brooks Registered Copyrights. Brooks Entertainment is further informed and believes, and based thereon alleges, that Defendants copied the Brooks Registered Copyrights for the specific purpose of infringing Brooks Entertainment's copyrights and selling illegal and unauthorized copies of the Registered Works.

43. Brooks Entertainment has requested that the Defendants cease all use of the Registered Works but the Defendants have refused.

44. Defendants' conduct infringes Brooks Entertainment's exclusive

copyrights in the Registered Works in direct violation of the Copyright Act of 1976, 17 U.S.C. § 501, *et seq.*

45.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Brooks Entertainment's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Brooks Registered Copyrighted Works, or derivative works thereof, for the purposes of trade.

46.     Plaintiff is informed and believes that Defendants' acts of infringement are willful because, *inter alia,* the Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation. Defendants' use of Plaintiff's copyrighted material is nearly identical to what was presented to it during the negotiations between the parties.

47.     Plaintiff is informed and believes that Defendants, despite such knowledge, willfully copied and distributed a series of games that utilized the Brooks Entertainment Copyrighted materials without any right to do so.

48.     Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Brooks Entertainment Copyrights, or derivative works thereof, for purposes of trade, including sales of video games, computer games, online gaming programs, toys and clothing.

49.     Defendants' unauthorized actions were and continuing to be performed without Brooks Entertainment's permission, license or consent.

50.     As a proximate result of Defendants' wrongful acts alleged above, Plaintiff seeks damages to compensate it for the loss of profits that Defendants have caused. Damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Brooks Entertainment will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Brooks Entertainment seeks a declaration that Defendants are infringing Brooks Entertainment's copyrights and an order under 17 U.S.C. § 502 enjoining

1  Defendants from any further infringement of Brooks Entertainment's copyrights.

2  51.  As a direct and proximate result of the acts alleged above, Brooks
3  Entertainment has suffered and is suffering substantial damage to its business in the
4  form of diversion of trade, loss of profits, injury to goodwill and reputation, and the
5  dilution of the value of its rights, all of which are not fully ascertainable.

6  52.  Because of the willful nature of Defendants' copyright infringement,
7  Plaintiff is entitled to an award of the maximum available statutory damages.

8  53.  Alternatively, at its discretion, Brooks Entertainment is entitled to actual
9  damages in an amount to be proven at trial for the infringement.

10  54.  Brooks Entertainment is also entitled to its attorneys' fees and costs in
11  prosecuting this action.

## THIRD CLAIM FOR RELIEF

**(Commercial Appropriation of Likeness CCP § 3344, Against All Defendants)**

14  55.  Plaintiff hereby repeats, realleges and incorporates by reference
15  Paragraphs 1 through 54 of this Complaint as if fully set forth herein.

16  56.  Plaintiff has discovered that Defendants are using the name, likeness and
17  persona of its CFO Shon Brooks in the Call of Duty Games as the main character.
18  Plaintiff is the owner of the name, likeness and persona of Shon Brooks.  Defendants
19  did not obtain the consent of Plaintiff to use the name, likeness and persona of Shon
20  Brooks.

21  57.  Plaintiff is informed and believes and based thereon alleges that
22  Defendants began using the name, likeness and persona of Shon Brooks in the Call of
23  Duty Games beginning in 2016 and that said use has been continuing through the date
24  of filing this Complaint.  Based upon the extensive amount of Call of Duty product
25  and advertising in the stream of commerce, the use of Shon Brooks' name, likeness
26  and persona is likely to continue indefinitely.

27  58.  Plaintiff as rights holder of Shon Brooks is entitled to compensation for
28  the use of his name, likeness and persona both for the period of the use prior to the


11

filing of this Complaint and so long as Defendants continue to use them thereafter. Plaintiff is uncertain as to the amount of compensation to which it is entitled, and it will not be able to determine the same until it has learned the extent, manner of usage, and distribution of Defendants' products as they relate to the Call of Duty series of games and Call of Duty Esports League Championship.

59. The conduct and actions of Defendants have been willful, wrongful, intentionally and without any right or entitlement whatsoever, and accordingly, Plaintiff is entitled to punitive damages.

60. Plaintiff has needed to retain attorneys to prosecute this action and accordingly has become obligated to pay attorney's fees and costs relative to this proceeding, according to proof.

61. In addition to the above damages Plaintiff is entitled to recover from Defendants profits derived from the unauthorized uses of Shon Brooks' name, likeness and persona. The name, likeness and persona of Shon Brooks is an integral part of The Call of Duty Games and the esport League Championships.

62. Plaintiff is uncertain as to the amount of sales of Defendants' products from 2016 to the present time and continuing but believes that the sales derived from the unauthorized use of Shon Brooks' name, likeness and persona to be well in excess of $1 Billion.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

**ON THE FIRST CAUSES OF ACTION:**

1. That Defendants be adjudged to have infringed Plaintiff's Trademark in violation of federal law;

2. That Defendants be adjudged to have willfully infringed Plaintiff's Trademark in violation of federal law;

3. For actual damages according to proof at trial;

4. For damages for lost profits and goodwill in a sum according to proof at trial pursuant to 15 U.S.C. § 1125;

5. For treble damages for willful infringement pursuant to 15 U.S.C. § 1117(b);

6. For disgorgement of Defendants' profits;

7. For injunctive relief;

8. For attorney's fees for wrongful, willful and deliberate action under 17 U.S.C. § 1051, et seq.;

9. For costs of suit incurred herein; and

10. For such other and further relief as the Court deems just and proper.

**ON THE SECOND CAUSES OF ACTION:**

1. The Defendants, their officers, agents, servants, employees, representatives, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling games or other media which infringe upon Brooks Entertainment's Copyrights;

2. Defendants be held liable to Brooks Entertainment for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504 (a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

3. Requiring Defendants to account for and pay over to Brooks Entertainment all profits derived by Defendants from their acts of copyright infringement and to reimburse Brooks Entertainment for all damages suffered by Brooks Entertainment by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b); and

4. For such other and further relief as the Court deems just and proper.

**ON THE THIRD CAUSES OF ACTION:**

1. For damages for the unauthorized use of Shon Brooks' name, likeness and

persona according to proof;

    2. For reasonable compensation for use of Shon Brooks' name, likeness and persona according to proof;

    3. For the profits derived from the use of Shon Brooks' name, likeness and persona according to proof;

    4. For punitive damages;

    5. For attorney's fees and cost of suit incurred herein; and

    6. For such other and further relief as the Court deems just and proper.

DATED: November 30, 2021      PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: s/Lisel M. Ferguson
Lisel M. Ferguson
lisel.ferguson@procopio.com
Tiffany Salayer
tiffany.salayer@procopio.com

*Attorneys for Plaintiff,*
BROOKS ENTERTAINMENT, INC.

130558-000IPGEN/5529328.4
CASE NO. _____