1  Craig B. Whitney (SBN 217673)
   Frankfurt Kurnit Klein & Selz, P.C.
2  28 Liberty Street
   New York, NY 10005
3  (t) (212) 826-5583; (f) (347) 438-2106
   cwhitney@fkks.com
4

5  Attorneys for Defendant
   Rockstar Games, Inc.
6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 BROOKS ENTERTAINMENT, INC.,           CASE NO. 3:21-CV-02003-TWR-MDD

11                    Plaintiff,          **MEMORANDUM OF POINTS AND
                                          AUTHORITIES IN SUPPORT OF
12            v.                          DEFENDANT ROCKSTAR GAMES,
                                          INC.'S NOTICE OF MOTION AND
13 ACTIVISION BLIZZARD, INC., AND         MOTION TO DISMISS UNDER RULE
   ROCKSTAR GAMES, INC.,                  12(B)(6) OR, IN THE ALTERNATIVE,
14                                        FOR A MORE DEFINITE
                      Defendants.         STATEMENT UNDER RULE 12(E)**
15

16

17                                        [Notice of Motion, Declaration of Craig
                                          B. Whitney, Request for Judicial Notice,
18                                        and [Proposed] Order Filed Concurrently
                                          Herewith]
19

20                                        Date:  April 20, 2022
                                          Time: 1:30 p.m.
21                                        Courtroom:  3A (3rd Floor)
                                          Judge: The Hon. Todd W. Robinson
22

23

24

25

26

27

28
                                              CASE NO. 3:21-CV-02003
   ────────────────────────────────────────────────────────────────
   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
   DEFENDANT ROCKSTAR GAMES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.    PRELIMINARY STATEMENT ............................................................. 1

II.   RELEVANT FACTUAL ALLEGATIONS ......................................... 3

III.  ARGUMENT ..................................................................................... 5

    A.    The Complaint Should Be Dismissed For Failure to State A
        Claim........................................................................................ 6

        1.    Brooks Fails to Plead Sufficient Facts Against
                Rockstar to Establish a Copyright Infringement,
                Trademark Infringement, or Misappropriation of
                Likeness Claim ................................................................. 6

        2.    Brooks's Claims Are Barred By the Statutes of
                Limitations....................................................................... 9

        3.    The Complaint Relies On Improper "Group
                Pleading" ....................................................................... 10

        4.    The Complaint Should Also Be Dismissed For the
                Reasons Enumerated in Activision's Brief ................... 14

    B.    Alternatively, the Court Should Grant Rockstar's Motion
        for a More Definite Statement Under Rule 12(e) .................... 14

IV.   CONCLUSION .................................................................................. 16

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*A&M Records v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) ...................................................................... 7

5

*Aguilar v. Universal City Studios, Inc.*,
174 Cal. App. 3d 384 (Ct. App. 1985) .......................................................... 14

6

7

*Anderson v. District Bd. of Trustees of Cent. Fla. Community College*,
77 F.3d 364 (11th Cir. 1996) ........................................................................ 15

8

9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................... 5

10

*Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*,
953 F.3d 707 (11th Cir. 2020) ...................................................................... 15

11

12

*Bank of America, N.A. v. Knight*,
725 F.3d 815 (7th Cir. 2013) ........................................................................ 15

13

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................. 6, 10

14

15

*Brown v. Elec. Arts, Inc.*,
724 F.3d 1235 (9th Cir. 2013) ...................................................................... 14

16

*Corazon v. Aurora Loan Servs., LLC*,
No. 11-00542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011) ............... 10, 11

17

18

*Daniels-Hall v. Nat'l Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010) .......................................................................... 5

19

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012) ........................................................................ 4

20

21

*Eunice v. U.S.*,
No. 12cv1635-GPC(BGS), 2013 WL 756168 (S.D. Cal. Feb. 26,
2013) ............................................................................................................ 12

22

23

*Four Navy Seals v. Associated Press*,
413 F. Supp. 2d 1136 (S.D. Cal. 2005) ................................................. 6, 14, 15

24

*Havensight Capital LLC v. Nike, Inc.*,
No. CV 14-7153-R, 2015 WL 12832061 (C.D. Cal. 2015) ............................ 8

25

26

27

ii                          CASE NO. 3:21-CV-02003

28

*In re iPhone Application Litig.*,
  No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20,
  2011) ................................................................................................................ 13

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ................................................................................ 5

*Metzler Inv. GMBH v. Corinthian Colleges, Inc.*,
  540 F.3d 1049 (9th Cir. 2008) ................................................................................ 3

*Miller v. Glenn Miller Productions, Inc.*,
  454 F.3d 975 (9th Cir. 2006) ................................................................................ 10

*Moss v. U.S. Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) .................................................................................. 6

*In re Napster, Inc. Copyright Litig.*,
  No. C MDL-00-1369, 2005 WL 289977 (N.D. Cal. Feb. 3, 2005) ..................... 9

*Northstar Financial Advisors Inc. v. Schwab Investments*,
  779 F.3d 1036 (9th Cir. 2015) ................................................................................ 3

*OTR Wheel Engineering, Inc. v. West Worldwide Services, Inc.*,
  897 F.3d 1008 (9th Cir. 2018) ................................................................................ 8

*Proline Concrete Tools, Inc. v. Dennis*,
  No. 07cv2310-LAB (AJB), 2008 WL 11286077 (S.D. Cal. 2008) ......... 6, 14, 15

*Rogers v. Grimaldi*,
  875 F.2d 994 (2d Cir. 1989) ................................................................................ 14

*Roley v. New World Pictures, Ltd.*,
  19 F.3d 479 (9th Cir. 1994) .................................................................................... 9

*In re Sagent Technology, Inc., Derivative Litig.*,
  278 F. Supp. 2d 1079 (N.D. Cal. 2003) ............................................................... 13

*Sekerke v. City of National City*,
  No. 19cv1360-LAB (MSB), 2020 WL 4435416 (S.D. Cal. 2020) ............. 10, 11

*Stroud v. Gore*,
  No. 18-cv-515 JLS (MDD), 2018 WL 6181474 (S.D. Cal. 2018).................... 14

*Tivoli LLC v. Sankey*,
  No. SA CV 14-1285-DOC, 2015 WL 12683801 (C.D. Cal. Feb. 3,
  2015) ................................................................................................................ 15

*In re Toyota Motor Corp.*,
  785 F. Supp. 2d 883 (C.D. Cal. 2011) ................................................................ 3, 4

iii                    CASE NO. 3:21-CV-02003

*Wild v. NBC Universal, Inc.*,
   513 F. App'x 640 (9th Cir. 2013) .......................................................... 14

*Yeager v. Bowlin*,
   693 F.3d 1076 (9th Cir. 2012) ............................................................ 10

*Zella v. E.W. Scripps Co.*,
   529 F. Supp. 2d 1124 (C.D. Cal. 2007) .............................................. 14

*In re Zinc Antitrust Litig.*,
   155 F. Supp. 3d 337 (S.D.N.Y. 2016) ................................................ 12

**Statutes**

17 U.S.C. § 106 ............................................................................................ 7

17 U.S.C. § 507(b) ....................................................................................... 9

Cal. Bus. & Prof. Code § 14330 ................................................................. 9

Cal. Bus. & Prof. Code § 14335 ................................................................. 9

Cal. Civ. Code § 3344 ............................................................................. 8, 10

Cal. Code Civ. Proc. § 337 ....................................................................... 10

Cal. Code Civ. Proc. § 343 ....................................................................... 10

**Other Authorities**

Fed. R. Civ. P. 8 .................................................................................*passim*

Fed. R. Civ. P. 11 ..................................................................................... 13

Fed. R. Civ. P. 12(b)(6) .............................................................................. 5

Fed. R. Civ. P. 12(e) ................................................................. 1, 6, 14, 15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT ROCKSTAR GAMES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Defendant Rockstar Games, Inc. ("Rockstar") respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) or, in the alternative, Motion for a More Definite Statement pursuant to Rule 12(e) (the "Motion").

## I.    <u>PRELIMINARY STATEMENT</u>

Plaintiff Brooks Entertainment, Inc. ("Brooks") asserts claims against Rockstar for trademark infringement, copyright infringement, and commercial appropriation of likeness all based on the world-famous *Call of Duty* video game series.  Rockstar, however, does not control *Call of Duty*.  It does not develop *Call of Duty*.  It does not publish *Call of Duty* and, therefore, earns no revenue whatsoever from the game.  In short, Rockstar has nothing to do with *Call of Duty*.

*Call of Duty* is the property of Rockstar's competitor (and co-defendant), Activision Blizzard, Inc. ("Activision").  Rockstar and Activision have no connection to one another—a readily ascertainable fact supported by the Complaint.  Activision is a publicly traded company and Rockstar is the wholly-owned subsidiary of another publicly traded company, Take-Two Interactive Software, Inc. ("Take-Two"), Activision's competitor in the video game industry.  Yet, Brooks lumps these two separate entities together as "Defendants" throughout the Complaint and falsely attributes acts concerning *Call of Duty*—which is solely within Activision's domain—to Rockstar through unsupported group pleading.  In the limited instances where Brooks refers to Rockstar directly, as in its allegation that "Activision along with Rockstar . . . develop[ed] this infringing game" (Compl. ¶ 21), such assertions would have been disproven by even the barest pre-filing investigation.  There is no specific, supported allegation that Rockstar had any role in developing *Call of Duty* or, more importantly, that Rockstar publishes, promotes, sells, or has any control

over *Call of Duty* sufficient to sustain a cause of action against Rockstar for trademark infringement, copyright infringement, or commercial appropriation of likeness.  Accordingly, Brooks's claims against Rockstar must be dismissed.

In addition, any claims against Rockstar would be barred by the applicable statutes of limitations in any event.  In the lone paragraph in the Complaint where Brooks specifically alleges an action involving Rockstar, it states that it "was talking to" Rockstar to create a game "[f]rom 2010 and through 2015."  (*Id*. ¶ 19.)   But the limitations periods for Brooks's claims range from two to four years, and the last alleged act involving Rockstar occurred over six years ago.  Even crediting the only other allegation vaguely naming Rockstar—where, as noted above, Activision allegedly developed *Call of Duty* "along with Rockstar," which was "released to the public" in 2016 (*id.* ¶ 21)—that is still well beyond the applicable limitations period for Brooks's claims.

Alternatively, Brooks must provide a more definite statement of the basis for its claims against Rockstar.  If Brooks possesses information to support its allegations—that Rockstar had an undisclosed role in developing and publishing one of the most well-known video game franchises with its direct industry competitor—it must plead it sufficiently as to each defendant.  Brooks cannot satisfy Rule 8 through improper group pleadings.

Finally, the claims against Rockstar should be dismissed for all of the reasons set forth in Activision's motion to dismiss as well, which would apply equally to Rockstar given Brooks's group pleading.

For the reasons set forth above and detailed below, this Court should dismiss Brooks's Complaint with prejudice and without leave to amend.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT ROCKSTAR GAMES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**

## II.    <u>RELEVANT FACTUAL ALLEGATIONS</u>

As alleged in the Complaint, Brooks is a financial and entertainment consultant corporation formed in 2002 by Shon Brooks.  (*Id*. ¶ 9.)  The company purports to help customers "build their financial empire safely" and to host a TV show aimed at encouraging "youth to take control of their destiny and become successful adults."  (*Id.*)

As part of these efforts, Brooks creates "content, a platform, concepts, and graphics for interactive video games" aimed at the youth market.  (*Id.* ¶ 12.)  Two of these proposed video games, Stock Picker and Save One Bank, are educational games designed to teach children about financial management and banking.  (*Id*.)

Defendants Rockstar and Activision are independent companies and competitors.  (*Id*. ¶¶ 6-7.)  Activision is a Delaware corporation with its principal place of business in Santa Monica, California.  (*Id.* ¶ 6.)  Rockstar, a subsidiary of Take-Two, is a Delaware corporation with its principal place of business in New York City.  (*Id.* ¶ 7.)  There is no allegation that Rockstar and Activision have any corporate relationship.

Nor could there be.  Judicially noticeable public filings make clear that Rockstar and Activision are separate companies competing in the video game industry, and that *Call of Duty* is an Activision franchise.[1]  Activision is a publicly

---

[1] *See Northstar Financial Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1043 (9th Cir. 2015) (concluding that "[i]t is appropriate to take judicial notice of" information that "was made publicly available by the SEC"); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings are properly subject to judicial notice); *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 902 (C.D. Cal. 2011) (courts may take "judicial notice of public documents," including "SEC filings").  Rockstar has submitted a Request for Judicial Notice of these documents concurrently herewith.

traded company with several major subsidiaries, none of which include Rockstar. (*See* Declaration of Craig Whitney ("Whitney Decl."), Ex. 1 at ex. 21.1 (listing major subsidiaries).)  Activision's Form 10-K repeatedly mentions *Call of Duty*, its "key product franchise," throughout.  (*Id.* at 4.)  Rockstar, by contrast, is the wholly-owned subsidiary of Take-Two, as confirmed in Take-Two's SEC filings.  (*See* Whitney Decl., Ex. 2 at ex. 21.1 (listing subsidiaries).)  Indeed, within the first ten pages of its Form 10-K, Take-Two states that Rockstar is its "wholly-owned publisher" (*id.* at 3) and that Activision is one of its "competitors" (*id.* at 5), which Take-Two has included in its annual filings since at least 2004.  (*See, e.g.*, Whitney Decl., Ex. 3 at 7.)  Notably, there is *no mention* of *Call of Duty* in any Take-Two Form 10-K.

Brooks alleges that, between 2010 and 2015, it "was talking to" Blizzard, Activision, and Rockstar to create a videogame.  (Compl. ¶ 19.)  Brooks claims to have been involved in "meetings and emails" with two individuals at Rockstar: Sarah Shafer and Sam Houser.  (*Id.*)  Rockstar is aware of only a single communication, directed at Mr. Houser, the company's co-founder and president.  That communication, which is referenced and relied on in the Complaint and may therefore be considered on this motion to dismiss, is telling.[2]

It is an unsolicited email to Rockstar's president from Brooks's "publicist" in late 2014.  (Whitney Decl., Ex. 4.)  Contrary to Brooks's suggestion of an ongoing,

---

[2] *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers to the document or the document forms the basis of the plaintiff's claim); *In re Toyota Motor Corp.*, 785 F. Supp. 2d at 902 ("[C]ourts may take judicial notice of documents incorporated by reference in the operative complaint.").

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT ROCKSTAR GAMES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS**

multi-year pitch and negotiation process, this email makes clear that Brooks had not heard back from Rockstar regarding its "media package." (*Id.*)  No information regarding the substance of this media package is disclosed in this email and it is plain that Mr. Houser has never interacted with Brooks.  (*Id.*)  There is also no indication that Mr. Houser had even read this unsolicited email, much less responded to it.  This communication nevertheless comprises almost the entirety of Brooks's specific allegations relating to Rockstar in the Complaint.

Brooks's only other mention of Rockstar is the vague and unsupported statement that "Activision *along with Rockstar*" developed *Call of Duty: Infinite Warfare*. (Compl. ¶ 21 (emphasis added).)  Throughout the rest of the Complaint, Brooks groups Rockstar and Activision as "Defendants" and, as a result, makes numerous false allegations regarding Rockstar pertaining to the creation, distribution, and sale of *Call of Duty*.

With no further basis, Brooks sued Rockstar for federal trademark infringement, copyright infringement, and commercial appropriation of likeness. (*Id.* ¶ 1.)  These claims lack merit and must be dismissed.

## III.   <u>ARGUMENT</u>

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (citation omitted).  Nor is the Court "required to accept as true allegations that contradict exhibits attached to the

Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). For a complaint to survive a motion to dismiss, "the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Alternatively, Rule 12(e) provides litigants with a means to obtain a more definite statement when a complaint is "so vague and ambiguous" the defendant cannot reasonably be required to frame a responsive pleading. *Proline Concrete Tools, Inc. v. Dennis*, No. 07cv2310-LAB (AJB), 2008 WL 11286077, at *2 (S.D. Cal. 2008). Rule 12(e) is read in conjunction with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" that provides fair notice to the defendant of the allegations against it. *Id.* (quoting Rule 8(a)(2)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the pleading standards in Rule 8(a)(2) require "a short and plain statement . . . in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). When a complaint fails to provide the notice required by Rule 8(a)(2), the court may dismiss it or compel a more definite statement under Rule 12(e). *See Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1147 (S.D. Cal. 2005).

### A. The Complaint Should Be Dismissed For Failure to State A Claim

#### 1. Brooks Fails to Plead Sufficient Facts Against Rockstar to Establish a Copyright Infringement, Trademark Infringement, or Misappropriation of Likeness Claim

The few specific facts alleged against Rockstar fail to state a claim for relief. The Complaint contains only two allegations that explicitly mention Rockstar. The

first asserts that Brooks was in contact with two Rockstar employees at some point between 2010 and 2015—over six years ago, at a minimum.  (Compl. ¶ 19.)  During these non-specific "talks and meetings," Brooks alleges that it "provided Defendants with the content, script, proposal, images and details for" Save One Bank and Stock Picker.  (*Id.* ¶ 20.)[3]  The only other allegation referencing Rockstar asserts that Activision "along with Rockstar" used content provided by Brooks to develop "Call of Duty: Infinite Warfare" in 2016.  (*Id.* ¶ 20.)  Brooks fails to provide any basis, however, to support how Rockstar purportedly acted "along with" its competitor Activision, who was continuing to develop its *Call of Duty* franchise.  Regardless, neither of these allegations—the only ones specifically naming Rockstar—plausibly state claims against Rockstar for copyright infringement, trademark infringement, or commercial appropriation of likeness.

To plead a prima facie case of copyright infringement, a party must plausibly allege two requirements: (1) ownership of the allegedly infringed material and (2) that the alleged infringers violate at least one exclusive right granted to copyright holders.  *See A&M Records v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir. 2001).  Here, Brooks cannot plausibly demonstrate that Rockstar infringed any of its five exclusive rights—reproduction, distribution, public performance, public display, and the creation of derivative works (17 U.S.C. § 106)—in Save One Bank or Stock Picker.

The allegation that Brooks sent its own copyrightable materials to Rockstar employees does not violate any protectable copyright interest.  (Compl. ¶¶ 19-20.)

_____

[3] As noted above, a review of the correspondence with Sam Houser referenced in the Complaint makes clear that Rockstar was not involved in any "meetings" with Brooks, nor did that correspondence forward anything other than internet links to public documents.  (Whitney Decl., Ex. 4.)

And, again, the Complaint lacks any plausible allegations that Rockstar, as opposed to Activision, produced or distributed *Call of Duty*.  An unsupported allegation that Activision developed the game "along with" Rockstar is insufficient.  In fact, judicially noticeable public filings, like Activision's Form 10-K filing with the SEC, establish that Activision develops, distributes, and profits from *Call of Duty*.  (*See* Whitney Decl., Ex. 1.)  Take-Two, Rockstar's parent company, makes no mention of *Call of Duty* in its Form 10-K filings, including in 2016 and 2017 when, according to the Complaint, Rockstar was purportedly developing and releasing *Call of Duty: Infinite Warfare* "along with" Activision.  (*Id.*, Exs. 5-6.)  The Complaint contains no allegation of how Rockstar purportedly "copied the Brooks Registered Copyrights" (Compl. ¶ 42) sufficient to state a claim against Rockstar for copyright infringement.

For the same reasons, Brooks cannot state a claim for trademark infringement or misappropriation of likeness.  To state a trademark infringement claim under the Lanham Act, Brooks must show that (1) it has a valid, protectable mark, and (2) Rockstar's use of the mark is likely to cause consumer confusion.  *See OTR Wheel Engineering, Inc. v. West Worldwide Services, Inc.*, 897 F.3d 1008, 1022 (9th Cir. 2018).  For commercial appropriation of likeness under Cal. Civ. Code § 3344(a), Brooks must demonstrate that Rockstar used plaintiff's identity and that the appropriation of plaintiff's identity was to Rockstar's advantage, among other requirements, to establish a claim.  *See Havensight Capital LLC v. Nike, Inc.*, No. CV 14-7153-R, 2015 WL 12832061, at *1 (C.D. Cal. 2015).[4]  Because Brooks does not adequately plead that Rockstar distributes or sells *Call of Duty*, there is

_____

[4] The elements of a right of publicity claim are: (1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury. *Id.* (citing *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 692 (9th Cir. 1998)).

likewise no allegation that Rockstar uses the "SHON BROOKS" trademark in *Call of Duty* or that Rockstar uses "the name, likeness and persona of Shon Brooks" in *Call of Duty*.  All three causes of action fail due to the absence of any plausible connection between Rockstar and the allegedly infringing game.

### 2.    Brooks's Claims Are Barred By the Statutes of Limitations

Brooks's claims against Rockstar—even if they were sufficiently pled—would also be barred by the applicable statutes of limitations.  Brooks pled that its communications with Rockstar terminated in 2015 (Compl. ¶ 20) and that Rockstar in some way assisted Activision with the release of *Call of Duty: Infinite Warfare* in 2016.  (*Id.* ¶ 21.)  Thus, the latest infringing act that Brooks attributes to Rockstar occurred over five years ago.  Any claims based on that conduct are untimely.

The statute of limitations for copyright infringement is three years from the date the claim accrued.  *See* 17 U.S.C. § 507(b); *In re Napster, Inc. Copyright Litig.*, No. C MDL-00-1369, 2005 WL 289977, at *3 (N.D. Cal. Feb. 3, 2005).  In the Ninth Circuit, a claim for copyright infringement "accrues when one has knowledge of a violation or is chargeable with such knowledge."  *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir. 1994).  The last act that the Complaint alleges in which Rockstar somehow specifically participated was the game's 2016 release.  Brooks cannot argue that he had no knowledge of the release given its repeated assertions that a "Sean Brooks" was the "main character" (Compl. ¶¶ 19, 25, 26(d), 31, and 56), that the character used his "likeness, persona and name" (*id.* ¶ 23) and, especially, that the "amount of Call of Duty product and advertising in the stream of commerce" was "extensive."  (*Id.* ¶ 57.)  Therefore, any copyright claim against Rockstar related to Rockstar's alleged (albeit falsely pled) involvement in *Call of Duty* accrued—at the latest—in 2016.  The claim therefore expired three-years later in 2019.

Brooks fares no better on its trademark infringement and misappropriation of likeness claims.  Because there is no statute of limitations for federal trademark claims, courts look to the analogous state statute of limitations, which in this case are state trademark infringement and dilution claims under Cal. Bus. & Prof. Code §§ 14330 and 14335.  *See Miller v. Glenn Miller Productions, Inc.*, 454 F.3d 975, 997 n.11 (9th Cir. 2006).  The California statute of limitations for state trademark infringement and dilution claims is four years.  *See* Cal. Code Civ. Proc. §§ 337, 343; *Miller*, 454 F.3d at 997 n.11.  And California's statutory right of publicity claims, Cal. Civ. Code § 3344, are subject to a two-year statute of limitations.  *See Yeager v. Bowlin*, 693 F.3d 1076, 1081 (9th Cir. 2012).  Neither of those statutes provide viable claims based on alleged conduct that ended in 2016.

Accordingly, Brooks's claims against Rockstar are barred by the applicable statutes of limitations and should be dismissed.

### 3.     The Complaint Relies On Improper "Group Pleading"

Emblematic of Brooks's lack of evidence or reasonable belief that Rockstar had anything to do with *Call of Duty*, throughout the Complaint, Brooks engages in improper "group pleading" that attributes allegations against Activision to Rockstar without distinguishing between or identifying the separate acts of the two competitors.  This is an independently sufficient basis to dismiss the Complaint.

To satisfy Rule 8(a), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (citation omitted).  It is well established that a complaint fails to satisfy Rule 8(a) where it fails to sufficiently differentiate its allegations among defendants. *See Sekerke v. City of National City*, No. 19cv1360-LAB (MSB), 2020 WL 4435416, at *4 (S.D. Cal. 2020); *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011

WL 1740099, at *4 (N.D. Cal. May 5, 2011) ("Undifferentiated pleading against multiple defendants is improper.").

In *Corazon*, for example, the court dismissed a complaint that "lump[ed]" defendants together "in nearly all" of the allegations regarding her residential mortgage loan dispute because a defendant cannot "be require[d] to guess which allegations pertain to it." 2011 WL 1740099, at *4. "By failing to differentiate among defendants or specify which defendant is the subject of Plaintiff's various allegations," the complaint violated Rule 8(a)(2) by failing to provide Defendant with sufficient notice of "its alleged misconduct." *Id.*

Similarly, in *Sekerke v. City of National City*, the court dismissed the complaint for group pleading. 2020 WL 4435416, at *5. The court held that complaint violated "Rule 8 because it fail[ed] to identify" which of the "Individual Defendants performed each act in the complaint." *Id.* "When all defendants are lumped together in factual allegations," as Brooks does here, the pleading fails to allege a claim against any individual defendant. *Id.*

Brooks repeatedly groups Activision and Rockstar together and refers to them as if they were a single entity. While the Complaint contains two allegations that vaguely reference Rockstar's conduct, neither of which suggests any improper activity, it contains approximately sixty allegations regarding "Defendants'" conduct as a purported unit. This is not an accident. Brooks deliberately makes factual allegations about "Defendants'" conduct to obfuscate that the allegations of infringement pertain only to Activision.

Brooks takes this practice to an extreme. For example, Brooks alleges that:

- "In 2016 the 'Call of Duty: Infinite Warfare' ('Call of Duty') game was released to the public *by Defendants*," (Compl. ¶ 21 (emphasis added));

- "*Defendants* have released a series of games which are based on the original 'Call of Duty' game,"[5] (*id.* ¶ 24) (emphasis added);
- "Sean Brooks . . . is the main character in *Defendants'* gambling platform which contains all of *Defendants'* games on e-subscription," (*id.* ¶ 25) (emphasis added); and
- "*Defendants* also conduct global esports playoffs and championships utilizing the Call of Duty Games," (*id.* ¶ 26) (emphasis added), to name a few.

But Activision and Rockstar—well-known competitors in the videogame industry—do not plausibly share a "gambling platform" that contains all of their competing games. Nor did they jointly release *Call of Duty* or conduct global esports playoffs and championships utilizing *Call of Duty*. Indeed, Brooks concedes that there is an "extensive amount of Call of Duty product and advertising in the stream of commerce." (*Id.* ¶ 57.) It is implausible that Rockstar could have such meaningful and ongoing involvement in the multi-billion dollar *Call of Duty* franchise without a single reference to it in any public SEC filing or anywhere else—*ever*. Brooks cannot simply group Rockstar with Activision and state a cause of action against Rockstar on the basis of Activision's purported conduct. Given the multitude of undifferentiated allegations in the Complaint that cannot plausibly refer to both Defendants, the Complaint must be dismissed for failure to state a claim.

Brooks is far from the first plaintiff to try this type of shotgun pleading in a multi-defendant case. But efforts to hide deficient allegations through "group pleading" have been roundly rejected by federal courts in California and across the

---

[5] Interestingly, in the next sentence of that paragraph, Brooks acknowledges that the game "Call of Duty WARZONE" was released solely by Defendant Activision. *Id.*

country.  *See, e.g.*, *In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 383-84 (S.D.N.Y. 2016) (dismissing claims because "Rule 8 provides that a defendant is entitled to notice of the claims brought against him" and thus "Plaintiffs must be able to separately state a claim against each and every defendant joined in this lawsuit"); *Eunice v. U.S.*, No. 12cv1635-GPC(BGS), 2013 WL 756168, at *3 (S.D. Cal. Feb. 26, 2013) (dismissing cause of action that lumped together factual allegations against defendants because such pleading does not provide sufficient notice of the basis for the allegations); *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) (complaint must "identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole" so that each defendant can respond); *In re Sagent Technology, Inc., Derivative Litig.*, 278 F. Supp. 2d 1079, 1094–95 (N.D. Cal. 2003) (a complaint that "lumps together" defendants, where not all defendants were involved for the entire period of events, fails to satisfy Rule 8).

Rockstar and Activision are unrelated entities and Rockstar is entitled to fair notice of the allegations against it—particularly when the entire Complaint is based on allegedly infringing elements of the *Call of Duty* video game that has nothing to do with Rockstar.  Brooks fails to identify Rockstar's specific role in causing any alleged harm.  Instead, the Complaint repeatedly groups Rockstar with Activision (as "Defendants") in connection with *Call of Duty* without stating a separate, plausible basis for its assertions against Rockstar.  Whether the result of a failure to investigate under Rule 11 or a conscious attempt to conflate the two defendants, this group pleading serves to hide the lack of any claim against Rockstar.  Furthermore, the improper pleading makes it nearly impossible for Rockstar to respond meaningfully to Brooks's unstated and misguided allegations, confounding even a filing such as

this Motion.  The Complaint should therefore also be dismissed on this additional basis.

### 4.    The Complaint Should Also Be Dismissed For the Reasons Enumerated in Activision's Brief

In addition to the reasons set forth above, Brooks's claims against Rockstar should also be dismissed on the same grounds articulated by Activision in its motion to dismiss.  *First*, Brooks's claim that *Call of Duty* infringes its trademark in the word SHON BROOKS is barred by the First Amendment.  *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241 (9th Cir. 2013); *Rogers v. Grimaldi,* 875 F.2d 994, 1000-01 (2d Cir. 1989).  *Second*, Brooks's copyright infringement allegations fail to plausibly plead that *Call of Duty* is substantially similar to Brooks's purported work.  *See Wild v. NBC Universal, Inc.*, 513 F. App'x 640, 642 (9th Cir. 2013); *Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1128 (C.D. Cal. 2007).  *Third*, Brooks fails to plausibly plead that the *Call of Duty* character Sean Brooks (the space soldier) is based upon, incorporates, includes, or otherwise uses in any manner the "name, image, or likeness" of Shon Brooks (the financial consultant).  *See Aguilar v. Universal City Studios, Inc.,* 174 Cal. App. 3d 384, 391 (Ct. App. 1985).

Accordingly, Rockstar incorporates the arguments advanced in Activision's motion to dismiss as if fully set forth herein, and the Complaint should be dismissed for those additional reasons as well.

### B.    Alternatively, the Court Should Grant Rockstar's Motion for a More Definite Statement Under Rule 12(e)

Alternatively, if the Court does not outright dismiss Brooks's Complaint—notwithstanding its defective allegations and the fact it is barred by both applicable law and the relevant statutes of limitations—then Rockstar moves for a more definite statement sufficient to cure Brooks's defective "group pleading" discussed above.

Rule 12(e) is an appropriate remedy where, as here, the plaintiff fails meet the requirements of Rule 8, which is "to ensure clear and concise pleading to expedite the progress of the litigation." *Proline Concrete Tools, Inc.*, 2008 WL 11286077, at *3. Brooks's improper "group pleading" fails to provide fair notice of the allegations against Rockstar and therefore does not comply with Rule 8. *See Four Navy Seals*, 413 F. Supp. 2d at 1147; *see also Stroud v. Gore*, No. 18-cv-515 JLS (MDD), 2018 WL 6181474, at *4 (S.D. Cal. 2018) (explaining that a Rule 12(e) motion is appropriate recourse for a defendant who believes that the complaint fails to provide adequate notice of the claims asserted against it).

Although Rule 12(e) motions are granted judiciously, courts regularly grant them when plaintiffs engage in "shotgun" pleading that makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. District Bd. of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366 (11th Cir. 1996); *Proline Concrete Tools, Inc.*, 2008 WL 11286077, at *3 (granting 12(e) motion where complaint failed to provide sufficient notice of claim); *Navy Seals*, 413 F. Supp. 2d at 1147 (converting defendant's Rule 8 argument into a motion to compel a more definite statement under Rule 12(e) and granting same). A complaint is an improper "shotgun pleading if it 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.'" *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020) (citation omitted); *Tivoli LLC v. Sankey*, No. SA CV 14-1285-DOC (JCGx), 2015 WL 12683801, at *3 (C.D. Cal. Feb. 3, 2015) (A complaint fails "to provide fair notice of alleged misconduct under Rule 8(a) ... where it fails to differentiate among defendants or specify which defendant is the subject of [the] Plaintiff's various allegations.").

The Federal Rules provide that "each defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of America, N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).  Brooks's Complaint, which is based on an undifferentiated "theory of collective responsibility," falls well short of this mark, and must be dismissed. *Id.*  Failing that, Brooks must be required to provide a more definite statement about Rockstar's allegedly actionable conduct.

## IV.   <u>CONCLUSION</u>

For the reasons set forth herein, Rockstar respectfully requests that the Court dismiss Brooks's claims against Rockstar with prejudice and without leave to amend. Alternatively, Rockstar requests that the Court grant Rockstar's motion for a more definite statement.

Dated:  February 8, 2022

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By:_____*/s/ Craig B. Whitney*_____
       Craig B. Whitney
28 Liberty Street
New York, NY 10005
(t) (212) 826-5583; (f) (347) 438-2106
cwhitney@fkks.com

*Attorneys for Defendant Rockstar Games, Inc.*

16        CASE NO. 3:21-CV-02003