Lisel M. Ferguson (Bar No. 207637)
E-mail: lisel.ferguson@procopio.com
Tiffany Salayer (Bar No. 226189)
E-mail: tiffany.salayer@procopio.com
PROCOPIO, CORY, HARGREAVES &
 SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff
*Brooks Entertainment, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKS ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC. AND ROCKSTAR GAMES, INC., <br><br> Defendants. | Case No. 3:21-cv-02003-TWR-MDD <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF BROOKS ENTERTAINMENT, INC.** <br><br> Dept: Courtroom: 3A <br> Judge: Hon. Todd W. Robinson |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Procopio, Cory, Hargreaves & Savitch LLP (the "Procopio Firm"), counsel for Plaintiff Brooks Entertainment, Inc. ("Brooks") hereby moves for leave of this Court to allow the Procopio Firm to withdraw as counsel for Brooks in this action. Good cause exists for Procopio to withdraw in light of its professional and ethical requirements, and if needed, Procopio is willing to provide additional information about its specific reasons for request of withdrawal to the Court *in camera.* Procopio has provided Brooks ample notice of its need to obtain new counsel for this matter on its behalf. As shown below, California's Rules of Professional Conduct and the rule of this Court permit withdrawal of counsel in circumstances such as these.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2021, Plaintiff Brooks filed a Complaint for Trademark Infringement, Copyright Infringement and Commercial Appropriation of Likeness. (Dkt. 1). On February 8, 2022 Defendants Rockstar Games, Inc. and Activision Blizzard, Inc. filed Motions to Dismiss with a hearing date of April 20th, 2022 (Dkt. 21 and 22).

## III. ARGUMENT

### A. LEGAL STANDARD

The California Rules of Professional Conduct govern motions to withdraw as counsel. See *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct ("Rule") 3-700(C)(1)(f) allows withdrawal when a client "breaches an agreement or obligation to the [attorney] as to expenses or fees," and Rule 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Finally, Rule 3-700(A)(2) provides that counsel "shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [regarding return of papers], and complying with applicable laws and rules."

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010). Procopio can demonstrate good cause for withdrawal

pursuant to California Rule 3-700, and its withdrawal will not prejudice the parties or harm the administration of justice. *see,* Declaration of Lisel M. Ferguson ("Ferguson Decl."), ¶ 7. In addition, Procopio has provided Brooks ample notice of its need to obtain new counsel for this matter, all further matters and legal actions on behalf of itself. (Ferguson Decl. ¶ 8)

### B. Good Cause Exists for Procopio's Withdrawal Based on Ethical and Professional Considerations.

The California Rules of Professional Conduct set forth both mandatory and permissive bases for withdrawal by an attorney. In evaluating similar motions to withdraw as counsel, courts have recognized that "[u]nder the State Bar of California Rules of Professional Conduct, attorneys are bound to preserve client confidences when seeking withdrawal, if disclosing them would prejudice the client or violate the counsel's duty of confidentiality. In light of these limitations, counsel often is not able to discuss in detail the reasons for withdrawal." *Pacific Rollforming, LLC v. Trakloc Intern.*, 2008 WL 4682239, *1 n.1 (S.D. Cal. Oct. 21, 2008) (citing Cal. R. Prof. Conduct 3-700(A)(2)). In this case, ethical and professional considerations require Procopio's withdrawal of representation, as there has been an irreconcilable breakdown in the attorney-client relationship. If the Court so requires, Procopio is willing to provide additional information about its specific reasons for request of withdrawal to the Court *in camera. See Carrillo v. Target Corp.*, C 17-05693 WHA, 2018 WL 1696876, at *2 (N.D. Cal. Apr. 6, 2018) (granting motion to withdraw after *in camera* conference); *see also* Cal. State Bar Form. Opn. 2015-192.

### C. Procopio Has Taken Reasonable Steps to Avoid Prejudice to Brooks Entertainment.

Pursuant to California Rules of Professional Conduct 3-700 (A)(2) "A member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with

rule 3-700(D), and complying with applicable laws and rules. In addition, counsel has complied with United States District Court, Southern District of California Local Civil Rule 83.3 (f) (3)(a) "A motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." (b) A declaration pertaining to such service must be filed.

### D. **Procopio Has Taken Steps to Avoid Prejudice to the Administration of Justice, and the Other Litigants Are Also Unlikely to Suffer Any Prejudice.**

Through multiple communications, Procopio informed Brooks of its intent to withdraw as counsel. Ferguson Decl., ¶¶ 7-8. Procopio ultimately sent a terminating email on March 11, 2022, which strongly recommended that Brooks seek other counsel to avoid any loss of potential rights. Ferguson Decl., ¶ 8. These steps taken by Procopio have provided Brooks with ample time to obtain new counsel. Therefore, Procopio has taken reasonable steps to avoid any reasonably foreseeable prejudice to rights of Brooks pursuant to California Rule of Professional Conduct 3-700(A)(2).

Procopio has informed counsel for both Activision and Rockstar of its intent to withdraw. Feguson Decl. ¶ 9. Procopio requested an extension on the Motions to Dismiss to allow time for Brooks to find alternate counsel. Ferguson Decl. ¶ 9. If Defendants' counsel will not grant an extension Procopio plans to go Ex Parte and request the Court grant an extension. Ferguson Decl. ¶ 10.

Further, Procopio is seeking to withdraw prior to the due date for Brooks' Opposition to Motions to Dismiss field by Defendants Activision and Rockstar. Additionally, it is very early in this case and discovery and trail dates have not yet been set in this case. Thus, the litigation is still in its nascent stages with respect to Brooks, and any potential delay caused by Procopio's withdrawal is unlikely to prejudice the other litigants with respect to Brooks' role in the case.

## IV. CONCLUSION

For all of the foregoing reasons, Procopio respectfully requests that this Court enter an order granting the withdrawal of Procopio as attorneys of record for Brooks in this matter.

DATED: March 14, 2022

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: s/Lisel M. Ferguson
Lisel M. Ferguson
lisel.ferguson@procopio.com
Tiffany Salayer
tiffany.salayer@procopio.com
*Attorneys for Plaintiff,*
BROOKS ENTERTAINMENT, INC.

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 14, 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

s/Lisel M. Ferguson
Lisel M. Ferguson
