MARC E. MAYER (SBN 190969); mem@msk.com
KARIN G. PAGNANELLI (SBN 174763); kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
Activision Blizzard, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKS ENTERTAINMENT, INC., | CASE NO. 3:21-CV-02003-TWR-MDD |
| Plaintiff, | [Assigned to Judge Todd W. Robinson] |
| v. | |
| ACTIVISION BLIZZARD, INC. AND ROCKSTAR GAMES, INC., | **DEFENDANT ACTIVISION BLIZZARD, INC.'S RESPONSE TO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF** |
| Defendants. | |
| | [Declaration of Marc E. Mayer Filed Concurrently Herewith] |
| | Courtroom: 3A (3rd Floor)<br>Date: April 20, 2022<br>Time: 1:30 p.m. |

Mitchell
Silberberg &
Knupp LLP

14062170.2

CASE NO. 3:21-CV-02003
**RESPONSE TO MOTION TO WITHDRAW AS COUNSEL**

## I. INTRODUCTION

The Motion of Procopio, Cory, Hargreaves & Savitch LLP ("Procopio") to Withdraw as counsel for Plaintiff Brooks Entertainment, Inc. ("Plaintiff") is too little, too late. While it is commendable that Procopio finally recognizes its ethical obligation not to pursue frivolous claims, the fact of the matter is that Procopio filed and pursued (for more than four months) a Complaint that is riddled with factual errors, lacks any basis in law or fact, and apparently was prepared without even the most rudimentary pre-filing investigation. In order to comply with its ethical and Rule 11 obligations, Procopio must not simply withdraw as counsel. It also must withdraw the Complaint.

Procopio's relationship with its client is a matter between them, and Activision takes no position on whether Procopio may be relieved as counsel. However, it is wholly improper for Procopio to slink away from this lawsuit while leaving its frivolous Complaint intact. What Procopio notably omits from its Motion to Withdraw is that counsel for Defendant Activision Blizzard, Inc. ("Activision") advised Procopio on several occasions, both orally and in writing, and in no uncertain terms, that there was no basis for this lawsuit. Procopio elected to disregard all of those warnings and, in fact, doubled down on its position. The consequence of that decision was that Activision was required to incur significant attorneys' fees and costs in conducting an investigation into the allegations, engaging in legal research, and then preparing and filing its Motion to Dismiss and Special Motion to Strike. It was only after Activision prepared and served a Motion for Sanctions pursuant to Fed. R. Civ. P. 11 (at significant expense) that Procopio suddenly had second thoughts. But to avoid sanctions, Rule 11 requires dismissal or withdrawal of the offending *pleading*. That has not happened.

Having created the situation it now finds itself in, Procopio should not be entitled to now run for the exit, while simultaneously forcing Activision to continue to defend against the claims that Procopio filed. Thus, irrespective of the outcome

of this Motion to Withdraw, Activision respectfully requests that the Court retain jurisdiction over Activision's pending Rule 11 Motion, caution Procopio that it risks sanctions if it refuses to withdraw the Complaint, and fully consider whether Rule 11 sanctions are appropriate. Alternatively, Activision requests that the Court condition Procopio's withdrawal on payment of Activision's reasonable attorneys' fees to date.

## II.   STATEMENT OF RELEVANT FACTS[1]

Activision is a developer, publisher, and distributor of interactive entertainment products, including the extremely popular *Call of Duty* series of video games. Plaintiff is a self-proclaimed financial and entertainment consulting firm owned and operated by an individual professionally known as "Shon Brooks."

On November 30, 2021, Plaintiff—through Procopio, its counsel of record—commenced the instant lawsuit against, *inter alia*, Activision. In the Complaint, Plaintiff alleges that (1) Activision's use of "the name and mark Sean Brooks as the main character in its *Call of Duty* [g]ames," including *Call of Duty: Infinite Warfare* (referred to herein as "*Infinite Warfare*"), infringes Plaintiff's trademark in the name "Shon Brooks" (Dkt. No. 1 ("Compl."), ¶ 31); (2) the *Call of Duty* games infringe Plaintiff's copyrights in the games *Save One Bank* and *Stock Picker* (*id.*, ¶ 25); and (3) Activision's "Sean Brooks" character "uses the likeness, persona, and name of Plaintiff's owner Shon Brooks" (*id.*, ¶ 23). Lisel M. Ferguson, an partner at Procopio, signed the Complaint and filed it with the Court under her CM/ECF account. *See* Dkt. No. 1.

After reviewing the Complaint and conducting an initial investigation, it became immediately clear to Activision and its counsel that Plaintiff's allegations

---

[1] For a more complete and detailed statement of the facts related to this lawsuit, including Procopio's sanctionable conduct, Activision respectfully refers the Court to its pending Motion to Dismiss and Special Motion to Strike (Dkt. No. 21, pp. 3-11) and its forthcoming Motion for Sanctions pursuant to Fed. R. Civ. P. 11.

were wholly lacking in factual and legal support. (In fact, the claims were so far removed from reality that they bordered on delusional.) *See* Declaration of Marc E. Mayer dated March 23, 2022 ("Mayer Response Decl."), Ex. 1 (cited herein as "Mayer Rule 11 Decl."), ¶¶ 3-6. In the hopes that Procopio had simply made an error or was unaware that its client was feeding it false information, Activision's counsel promptly and repeatedly advised Procopio of the numerous problems with the complaint. Specifically:

- On December 8, 2021, Activision's counsel had a lengthy telephone conversation with Procopio. *See* Mayer Rule 11 Decl., ¶ 7. During that conversation, Activision's counsel explained to Procopio several of the factual problems with the complaint, such as that "Sean Brooks" is not based on (and does not look like) "Shon Brooks," and that *Call of Duty* is not about the stock market or bankers. *See id.* Procopio insisted that it had a "stack" of materials definitively proving that *Call of Duty* had been "stolen" from Plaintiff and that the parties would have to "agree to disagree."

- On January 7, 2022, Activision's counsel sent a detailed letter to Procopio further outlining numerous factual inaccuracies in the Complaint and explaining (with legal citations) why the claims could not succeed. *See* Mayer Rule 11 Decl., ¶ 8. The January 7 letter stated that if Procopio failed to withdraw (or at least correct) the Complaint, Activision not only intended to move to dismiss and/or strike the Complaint, but also intended to move for Rule 11 sanctions against counsel. *Id.* In response, Procopio sent an email purporting to explain several reasons why *Call of Duty* was "stolen" from Plaintiff's *Stock Picker* and *Save One Bank* games—all of which were factually inaccurate. *Id.*, ¶ 9.

- On January 26, 2022, counsel for the parties met and conferred regarding, *inter alia*, the basis for Activision's anticipated Rule 11 motion. *Se* Mayer Rule 11 Decl., ¶ 9. During that call, Activision's counsel again explained to Procopio that the allegations in the Complaint did not align with the actual content

of *Infinite Warfare*, and that case law readily confirmed that Plaintiff's claims could not survive. *Id.*, ¶¶ 9-11.[2] Activision's counsel also advised Procopio that to the extent it was relying on information from its client, that information was false and unreliable—and thus continuing to press the claims could violate its ethical obligations. *Id.*, ¶ 10. Procopio reiterated that it believed that the claims were well supported by the documents and that it intended to proceed with the lawsuit.

Because Procopio refused to dismiss the case, Activision prepared and filed its Motion to Dismiss and Special Motion to Strike the Complaint. *See* Mayer Rule 11 Decl., ¶ 12. Shortly thereafter, Procopio demanded that Activision participate in a Rule 26 conference, ostensibly so that it could serve discovery on Activision—and further drive up Activision's costs.

On March 2, 2022, counsel for Activision served a copy of its Rule 11 Motion on Procopio. *See* Mayer Rule 11 Decl., ¶ 13. Procopio did not communicate with Activision again until March 11, 2022, when it notified Activision's counsel that it intended to file a Motion to Withdraw as counsel. *See* Mayer Response Decl., ¶ 3 & Ex. 2. Procopio also requested an extension of time for Plaintiff to respond to Activision's pending Motion to Dismiss and Special Motion to Strike (*see id.*), suggesting that neither Procopio nor Plaintiff had (or have) any intention of withdrawing or correcting the Complaint within Rule 11's safe harbor period. *See* Fed. R. Civ. P. 11(c)(2). On March 14, 2022, Procopio filed its Motion to Withdraw as counsel, citing unspecified "ethical and professional considerations" and "an irreconcilable breakdown in the attorney-client relationship." Dkt. No. 26.

---

[2] On February 8, 2022, Activision filed a Motion to Dismiss and Special Motion to Strike, which remains pending as of the filing of this Response. *See* Dkt. No. 21.

Mitchell Silberberg & Knupp LLP
14062170.2

4                                    CASE NO. 3:21-CV-02003
**RESPONSE TO MOTION TO WITHDRAW AS COUNSEL**

### III. WITHDRAWING ATTORNEYS REMAIN SUBJECT TO RULE 11 SANCTIONS FOR VIOLATIONS COMMITTED PRIOR TO WITHDRAWAL AS COUNSEL

Activision does not take a position with respect to Procopio's Motion to Withdraw as counsel for Plaintiff. While Procopio has not disclosed the precise nature of the conflict with its client, Activision assumes that its ethical concerns arise from the frivolous nature of the lawsuit and Procopio's realization that it cannot pursue the claims it filed in good faith. ***However***, what Procopio should ***not*** be permitted to do is to engage in "hit and run" litigation tactics. Accordingly, if the Court is inclined to grant Procopio's Motion, it should make clear in any order that Procopio's withdrawal does not cure any prior Rule 11 violations. Alternatively, the Court should condition the withdrawal on payment by Procopio of Activision's attorneys' fees and costs to date.

Activision's position is well supported. A fundamental purpose of Rule 11 of the Federal Rules of Civil Procedure is to "reduce frivolous claims" and "deter costly meritless maneuvers," thereby "avoid[ing] delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted). To this end, Rule 11 provides in pertinent part as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary

support after a reasonable opportunity for further
investigation or discovery; . . .

Fed. R. Civ. P. 11(b)(1)-(3).

"The signing requirement in Rule 11 makes clear that any attorney who, at any time, certified to the court that a pleading complies with Rule 11 is subject to the rule, even if the attorney later withdraws from the case." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005); *see also Bader v. Itel Corp.*, 791 F.2d 672, 675 (9th Cir. 1986) (observing that case law provides "absolutely no hint ... that a lawyer may escape sanctions for misconduct simply by withdrawing from a case before opposing counsel applies for sanctions"). "Since the conduct subject to sanctions typically is appraised ***as of the time of the filing***, courts properly have held that an attorney cannot immunize himself from the imposition of sanctions under Rule 11 simply by withdrawing from the case." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.1 (4th ed.) (emphasis added); *see also United States v. RAPower-3, LLC*, No. 2:15-CV-00828-DN-DAO, 2020 WL 9148117, at *2 (D. Utah July 8, 2020) ("withdrawal [as counsel], even if allowed, is no assurance that it can avoid dealing with Rule 11") (internal quotation marks omitted); *Del Giudice v. S.A.C. Capital Mgmt.*, LLC, No. 06 Civ. 1413 (SRC), 2009 WL 424368, at *9 (D.N.J. Feb. 19, 2009) (attorneys' "[motion] to withdraw [ ] as counsel, without a corresponding withdrawal of the offending document, does not expunge their initial wrongdoing in filing the Amended Complaint," and the "insinuation that [the attorneys'] hands are tied with regard to their ability to take corrective action, due to their disagreement with their client as to how to proceed, is [ ] unavailing").

Even when an attorney is permitted to withdraw as counsel for ethical and professional reasons, the attorney remains subject to sanctions for any violation of Rule 11 committed prior to such withdrawal. *See Holgate*, 425 F.3d at 677 ("The fact that Levinson was allowed to withdraw as counsel due to a conflict of interest

does not protect him from sanctions based on a filing that he made before that withdrawal."); *Chrisley v. Braddock*, No. 1:12-CV-3524-CAP, 2014 WL 12789813, at *3 (N.D. Ga. Jan. 21, 2014) (imposing Rule 11 sanctions on withdrawn attorney and law firm, noting that "[t]he court … has jurisdiction to rule on the motion for sanctions and impose sanctions" against the attorney and law firm even though "it previously granted [their] motion to withdraw as counsel"); *Gold v. The Last Experience*, No. 97 CIV. 1459 (JGK), 1999 WL 156005, at *3 (S.D.N.Y. Mar. 22, 1999) (imposing Rule 11 sanctions on withdrawing attorney who was "afforded the opportunity" but "chose not to" "withdraw the lawsuit before the [Rule 11] motion was filed," noting that "[t]he withdrawal [as counsel] does not absolve [the attorney] of liability for Rule 11 sanctions" and requiring the attorney to "participate in further proceedings to determine the amount of his liability for Rule 11 sanctions").[3]

Procopio has been served with the Rule 11 Motion and has had ample opportunity to withdraw or appropriately correct the Complaint. It has chosen not to do so and, instead, seeks to simply withdraw as counsel from the case. Accordingly, irrespective of its decision on this Motion to Withdraw, the Court should not permit Procopio to escape sanctions for filing and advocating a frivolous Complaint.

## IV. CONCLUSION

Activision respectfully requests that, irrespective of the outcome of Procopio's Motion to Withdraw, the Court retain jurisdiction over Activision's forthcoming Rule 11 Motion and fully consider whether sanctions are appropriate in

---

[3] Activision does not take a position as to whether Procopio should be permitted to withdraw as counsel. Notably, however, some courts have "denied requests to withdraw as counsel when motions for sanctions against both counsel and client were pending." *Orman v. Cent. Loan Admin. & Reporting*, No. CV-19-04756-PHX-DWL, 2019 WL 4222339, at *3 (D. Ariz. Sept. 5, 2019) (citing *Brown v. City of Glendale*, No. CV-18-01267-PHX-DWL, 2019 WL 3969901, at *2 (D. Ariz. Aug. 22, 2019) (denying motion to withdraw as counsel "in part because it came at a 'sensitive juncture' in the case," namely, the pendency of an attorneys' fees motion targeting both counsel and client)).

1  these circumstances or, alternatively, that the Court condition withdrawal on
2  Procopio's payment of Activision's attorneys' fees to date.

3  DATED: MARCH 23, 2022           RESPECTFULLY SUBMITTED,

  MARC E. MAYER
  KARIN G. PAGNANELLI
  MITCHELL SILBERBERG & KNUPP LLP


  By: */s/ Marc E. Mayer*
      Marc E. Mayer
      Attorneys for Defendant