1   MARC E. MAYER (SBN 190969); mem@msk.com
    KARIN G. PAGNANELLI (SBN 174763); kgp@msk.com
2   MITCHELL SILBERBERG & KNUPP LLP
    2049 Century Park East, 18th Floor
3   Los Angeles, CA  90067-3120
    Telephone: (310) 312-2000
4   Facsimile: (310) 312-3100

5   Attorneys for Defendant
    Activision Blizzard, Inc.
6

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  BROOKS ENTERTAINMENT, INC.,          CASE NO. 3:21-CV-02003-TWR-MDD

12          Plaintiff,                    [Assigned to Judge Todd W. Robinson]

13          v.                            **DECLARATION OF MARC E.
                                          MAYER IN SUPPORT OF
14  ACTIVISION BLIZZARD, INC. AND         MOTION FOR SANCTIONS
    ROCKSTAR GAMES, INC.,                 PURSUANT TO FED. R. CIV. P. 11**
15
            Defendants.                   Courtroom:   3A (3rd Floor)
16                                        Date:        May 26, 2022
                                          Time:        1:30 pm
17

18

19

20

21

22

23

24

25

26

27

28                                             CASE NO. 3:21-CV-02003
    _____
         **DECLARATION OF MARC E. MAYER IN SUPPORT OF
      MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

## DECLARATION OF MARC E. MAYER

I, Marc E. Mayer, the undersigned, hereby declare as follows:

1.    I am an attorney at law, duly licensed to practice law in the State of California.  I am, through my professional corporation, a partner with the law firm of Mitchell Silberberg & Knupp LLP ("MSK"), counsel of record for Defendant Activision Blizzard, Inc. ("Activision") in this action.  I am also the co-chair of MSK's video game and entertainment practice, and I have represented video game publishers and developers (including Activision Blizzard, Inc. and its subsidiaries) for approximately 20 years.  I submit this declaration in support of Activision's Motion for Sanctions pursuant to Fed. R. Civ. P. 11 in connection with the Complaint of Plaintiff Brooks Entertainment, Inc. ("Plaintiff").  Except as otherwise noted, I have personal knowledge of all of the following and, if called as a witness, could and would testify competently thereto.

2.    On or about November 30, 2021, Plaintiff's counsel filed the Complaint in this action.  Counsel of record on this case are Lisel M. Ferguson, Esq. and Tiffany L. Salayer, Esq., of the law firm of Procopio, Cory, Hargreaves & Savitch LLP ("Procopio").  Attached hereto as **Exhibits 1** and **2** are true and correct printouts from Procopio's website, which a member of my firm's staff, at my direction, caused to be captured and converted to PDF from the URLs https://www.procopio.com/ and https://www.procopio.com/service/intellectual-property/, respectively, on February 7, 2022.  Attached hereto as **Exhibits 3** and **4** are true and correct printouts of Ms. Ferguson and Ms. Salayer's bios as posted on the Procopio website, which a member of my firm's staff, at my direction, caused to be captured and converted to PDF from the URLs https://www.procopio.com/people/lisel-m-ferguson/ and https://www.procopio.com/people/tiffany-l-salayer/, respectively, on February 10, 2022.

Mitchell
Silberberg &
Knupp LLP

13939364.2

2                                CASE NO. 3:21-CV-02003
**DECLARATION OF MARC E. MAYER IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

3.     After receiving the Complaint from Activision, I engaged in a careful review of the Complaint and conducted an initial investigation of the factual allegations therein.  As part of this research, I played the entire single-player campaign of *Call of Duty: Infinite Warfare*.  I also reviewed all of the marketing materials for *Call of Duty: Infinite Warfare,* game walkthroughs and videos, images of the "Sean Brooks" character, and online discussions concerning *Infinite Warfare*.  I also conducted research into Plaintiff and its "founder," Shon Brooks, including by reviewing Plaintiff and Mr. Brooks' social media pages, press releases, promotional photographs, and websites.

4.     Based on my research, which was limited to publicly available documents and webpages that I found quickly through Google searches, it was immediately apparent to me that many (if not virtually all) of the factual allegations contained in the Complaint were not accurate.  It also was immediately apparent that Plaintiff's counsel could not have played *Infinite Warfare* (or any *Call of Duty* game, for that matter) and filed the Complaint in good faith.  For example, anyone playing the game for more than a few minutes would realize that "Sean Brooks" is not the "main character" of the game (he is a minor non-player character with very few voice lines), the game takes place almost entirely in space or on other planets, and Sean Brooks the game character does not look anything like Shon Brooks.

5.     I also conducted an online search in effort to obtain copies of, or at least information about, Plaintiff's purported games, *Stock Picker* and *Save One Bank*.  I was unable to locate any substantive information about these games, other than Mr. Brooks' description of the games in his trademark filings and in two articles (one of which was published in his alumni magazine.)  I was not able to locate a single screen capture, video, piece of concept art, or prototype, even on Mr. Brooks' social media accounts.

**DECLARATION OF MARC E. MAYER IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

6.     What I did learn from my research into Plaintiff and Mr. Brooks is that many of the allegations in the Complaint concerning their business activities were either exaggerated or incorrect.  For example, contrary to the allegation that Mr. Brooks "appeared on the 'Simpsons,'" the truth is that he took pictures with people in Simpsons' costumes at a party.  Also, contrary to Mr. Brooks' boasts about his purported "television series," it appears that this "series" never "continuously aired" on any television network.  In fact, I could not find a single mention of this "series" online, other than in press releases issued by Mr. Brooks or on his social media pages.

7.     On December 8, 2021, I had a call with Plaintiff's counsel, Ms. Ferguson and Ms. Salayer, to discuss this lawsuit.  During that call, I explained, *inter alia*, that *Call of Duty: Infinite Warfare* had nothing to do with the stock market or banking.  I also explained that Sean Brooks the video game character was not a playable character, was not the main character, did not look or act like Mr. Brooks, and was not in any other game.  I also asked counsel if they would share a copy of Plaintiff's game (or game-related materials), since we were unable to find any of that content online.  Counsel refused to share those materials.  Ms. Ferguson also insisted that *Infinite Warfare* was stolen from Plaintiff and that the Brooks character was based on Mr. Brooks.  Accordingly, I began preparing a motion to dismiss and motion to strike the Complaint under California's SLAPP statute.

8.     During my preparation of motion papers, it became increasingly clear that Plaintiff's counsel did not do any serious pre-filing investigation and that even a few minutes of legal research would have revealed to them that the claims were without legal basis.  So, on January 7, 2022, I sent a letter to Plaintiff's counsel which specifically identified the numerous factual and legal issues with Plaintiff's Complaint.  In my letter, I requested that they voluntarily dismiss the complaint.  I also advised Plaintiff's counsel that Activision was prepared to serve a Rule 11

**DECLARATION OF MARC E. MAYER IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

1  Motion if Plaintiff was unwilling to dismiss the Complaint.  Attached hereto as

2  **Exhibit 5** is a true and correct copy of the January 7, 2022 letter.

3        9.     On January 26, 2022 to discuss, *inter alia*, the basis for Activision's

4  anticipated Rule 11 Motion.  Less than an hour before the call, Ms. Ferguson sent

5  me an email listing "[j]ust a few similarities" between *Infinite Warfare* and "the

6  Brooks Entertainment Copyrighted Scripts."  Attached hereto as **Exhibit 6** is a true

7  and correct copy of the January 26, 2022 email.  This email further confirmed that

8  Plaintiff's counsel had not played *Infinite Warfare* because the purported

9  "similarities" are demonstrably false.  For example, after playing *Infinite Warfare* in

10  its entirety, I can definitively confirm that no part of the game takes place on Wall

11  Street or anywhere in New York; that Sean Brooks (the game character) does not

12  represent the United States (or Team USA), but has an Irish flag on his uniform; that

13  there is no "bank" level (far less a "Crystal Bank"); and that the antagonist is not a

14  bank thief (he is a terrorist leader from Mars) and he is not "captured" in New York

15  (but is assassinated by the player on a spaceship.)

16        10.    During the January 26, 2022 meet-and-confer, I again explained to

17  Plaintiff's counsel that the allegations in the Complaint did not align with the actual

18  content of *Infinite Warfare*, and that the case law readily confirmed that the claims

19  could not survive.  Plaintiff's counsel did not agree to voluntarily dismiss or amend

20  its Complaint.  I also warned Plaintiffs' counsel that they may be receiving false

21  information from their client and that they should personally verify what they were

22  being told.

23        11.    During the meet-and-confer, Ms. Ferguson insisted that she had played

24  *Infinite Warfare* "all the way through" and that the game contained a bank level (it

25  does not.)  However, when I explained that the game largely takes place in space

26  and there are no banks in the game, she admitted that she had not played *Infinite*

27

28

Mitchell
Silberberg &
Knupp LLP

13939364.2

5        CASE NO. 3:21-CV-02003
**DECLARATION OF MARC E. MAYER IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

*Warfare,* but watched a YouTube video. Ms. Ferguson said that she would provide a link to that YouTube video, but never did so.

12. Based on my call with Ms. Ferguson, it became clear that she would not voluntarily dismiss the Complaint. Thus, we continued to prepare our motion papers and collect evidence to support those papers. The motion papers (which included a request for judicial notice and requests to lodge physical exhibits) required a significant amount of work, which was performed largely by me and an associate in our intellectual property department, Marissa Lewis. Activision filed its Motion to Dismiss and Motion to Strike on February 8, 2022.

13. On March 2, 2022, counsel for Activision served a copy of this Rule 11 Motion on Plaintiff's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 2nd day of March, 2022 at Calabasas, California.

_____
Marc E. Mayer

**DECLARATION OF MARC E. MAYER IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

Mitchell Silberberg & Knupp LLP

13939364.2

# INDEX OF EXHIBITS TO DECLARATION OF MARC E. MAYER

| Exhibit No. | Description | Page No. |
|---|---|---|
| 1 | Printout of main page of the Procopio website | 8 |
| 2 | Printout of "Intellectual Property" page of the Procopio website | 13 |
| 3 | Printout of Lisel M. Ferguson's bio as posted on the Procopio website | 18 |
| 4 | Printout of Tiffany L. Salayer's bio as posted on the Procopio website | 23 |
| 5 | Letter dated January 7, 2022 from Marc E. Mayer | 27 |
| 6 | Email dated January 26, 2022 from Lisel M. Ferguson | 34 |

**DECLARATION OF MARC E. MAYER IN SUPPORT OF
MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

# EXHIBIT 1

Exhibit 1
Page 8



| | |
|---|---|
| Document title: | Procopio -- AmLaw 200 Corporate and Litigation Law Firm \| Procopio |
| Capture URL: | https://www.procopio.com/ |
| Page loaded at (UTC): | Tue, 08 Feb 2022 01:37:05 GMT |
| Capture timestamp (UTC): | Tue, 08 Feb 2022 01:38:01 GMT |
| Capture tool: | v7.13.2 |
| Collection server IP: | 3.90.170.83 |
| Browser engine: | Chrome/77.0.3865.120 |
| Operating system: | Microsoft Windows NT 10.0.17763.0 (10.0.17763.0) |
| PDF length: | 4 |
| Capture ID: | 90ae7000-54ce-43f1-8921-2828ea72a627 |
| User: | msk-general |



Legal guidance by *air and sea.*

**LEARN MORE**  GET IN TOUCH

Our Aviation and Marine clients value the understanding, experience and passion our attorneys bring to the unique legal issues facing aircraft and marine craft owners.

FEATURED SECTOR — *Aviation and Marine*

FIND YOUR PEOPLE

## Our nearly 200 industry-focused attorneys are by your side helping you *seize opportunity*.

*Search by name, service, sector or location*

Document title: Procopio -- AmLaw 200 Corporate and Litigation Law Firm | Procopio
Capture URL: https://www.procopio.com/
Capture timestamp (UTC): Tue, 08 Feb 2022 01:38:01 GMT

Exhibit 1
Page 10

Page 1 of 3



you *seize opportunity*.

Search by name, service, sector or location     🔍

VIEW PEOPLE    VIEW SERVICES    VIEW SECTORS

GET IN
TOUCH



# Thought Leadership

Find the latest legal updates, timely events and client success stories from our attorneys.







**ENVIRONMENT AND NATURAL RESOURCES**
Pending California Legislation Could Build Upon—Or Conflict With—Forthcoming SEC Disclosure Rules

**LITIGATION, INTELLECTUAL PROPERTY**
Can A Patent Owner Claim Enhanced Damages in the Absence of Willful Infringement?

**TRADE SECRETS**
Powerful Remedies Against Trade Secret Misappropriation Abroad Appear Here to Stay

Document title: Procopio -- AmLaw 200 Corporate and Litigation Law Firm | Procopio
Capture URL: https://www.procopio.com/
Capture timestamp (UTC): Tue, 08 Feb 2022 01:38:01 GMT

**Exhibit 1**
**Page 11**

Page 2 of 3

  






**ENVIRONMENT AND NATURAL RESOURCES**
Pending California Legislation Could Build Upon—Or Conflict With—Forthcoming SEC Disclosure Rules

**LITIGATION, INTELLECTUAL PROPERTY**
Can A Patent Owner Claim Enhanced Damages in the Absence of Willful Infringement?

**TRADE SECRETS**
Powerful Remedies Against Trade Secret Misappropriation Abroad Appear Here to Stay

 ARTICLES

 ARTICLES

 ARTICLES





# Let's work together.

**PARTNER WITH PROCOPIO**



CONTACT | OFFICES | CAREERS | NEWSLETTER

  

© 2022 Procopio, Cory, Hargreaves & Savitch LLP. Procopio is a service mark of Procopio, Cory, Hargreaves & Savitch LLP.

Procopio Website Privacy Notice and Cookie Policy | Terms of Use | Privacy Notice for California Residents | Accessibility Statement | Site by Mindgruve

Document title: Procopio -- AmLaw 200 Corporate and Litigation Law Firm | Procopio
Capture URL: https://www.procopio.com/
Capture timestamp (UTC): Tue, 08 Feb 2022 01:38:01 GMT

**Exhibit 1**
**Page 12**
Page 3 of 3

# EXHIBIT 2

**Exhibit 2**
**Page 13**



| | |
|---|---|
| Document title: | Intellectual Property - Procopio \| Procopio |
| Capture URL: | https://www.procopio.com/service/intellectual-property/ |
| Page loaded at (UTC): | Tue, 08 Feb 2022 01:37:05 GMT |
| Capture timestamp (UTC): | Tue, 08 Feb 2022 01:38:40 GMT |
| Capture tool: | v7.13.2 |
| Collection server IP: | 3.90.170.83 |
| Browser engine: | Chrome/77.0.3865.120 |
| Operating system: | Microsoft Windows NT 10.0.17763.0 (10.0.17763.0) |
| PDF length: | 4 |
| Capture ID: | 315f75a4-9bec-4498-8649-b11a8ff217ca |
| User: | msk-general |



 ← **BACK TO SERVICES**

# Intellectual Property

A critical part of your company's value is its intangible assets. Our experienced Intellectual Property attorneys understand your industry and identify, secure and manage those trademarks, patents, copyrights and trade secrets that may be the key to your enterprise and success.





**LET'S TALK**

| INFORMATION | PEOPLE | RESOURCES | EVENTS | TESTIMONIALS | CONTACT |

## Summary

You need attorneys who understand your unique innovations and industry challenge to manage complicated legal intellectual property challenges. Our seasoned patent

Document title: Intellectual Property - Procopio | Procopio
Capture URL: https://www.procopio.com/service/intellectual-property/
Capture timestamp (UTC): Tue, 08 Feb 2022 01:38:40 GMT

**Exhibit 2**
**Page 15**

Page 1 of 3

 
## Summary

You need attorneys who understand your unique innovations and industry challenge to manage complicated legal intellectual property challenges. Our seasoned patent, trademark, copyright, trade secret and licensing attorneys as well as patent agents understand your industry and learn the intricacies of your innovations with technical degrees, scientific knowledge, and industry experience. Our services include selection, development, registration, licensing, protection, portfolio management and litigation in the United States and worldwide. We aggressively and creatively prosecute and defend our clients' rights in cases before the U.S. Patent and Trademark Office, all levels of the federal courts, and the International Trade Commission and U.S. Customs. We also work in tandem with foreign lawyers to register trademarks, obtain patents as well as resolve IP-related disputes in foreign countries.

## Services                                                                            +

## LaunchPad by Procopio                                                               +

## Let's work together.



PARTNER
WITH
PROCOPIO

Document title: Intellectual Property - Procopio | Procopio
Capture URL: https://www.procopio.com/service/intellectual-property/
Capture timestamp (UTC): Tue, 08 Feb 2022 01:38:40 GMT

**Exhibit 2**
**Page 16**

Page 2 of 3

understand your industry and learn the intricacies of your innovations with technical degrees, scientific knowledge, and industry experience. Our services include selection, development, registration, licensing, protection, portfolio management and litigation in the United States and worldwide. We aggressively and creatively prosecute and defend our clients' rights in cases before the U.S. Patent and Trademark Office, all levels of the federal courts, and the International Trade Commission and U.S. Customs. We also work in tandem with foreign lawyers to register trademarks, obtain patents as well as resolve IP-related disputes in foreign countries.

## Services                                    +

## LaunchPad by Procopio                        +

## Let's work together.

**PARTNER WITH PROCOPIO**

Procopio

CONTACT | OFFICES | CAREERS | NEWSLETTER

© 2022 Procopio, Cory, Hargreaves & Savitch LLP. Procopio is a service mark of Procopio, Cory, Hargreaves & Savitch LLP.

Procopio Website Privacy Notice and Cookie Policy | Terms of Use | Privacy Notice for California Residents | Accessibility Statement | Site by Mindgruve

Document title: Intellectual Property - Procopio | Procopio
Capture URL: https://www.procopio.com/service/intellectual-property/
Capture timestamp (UTC): Tue, 08 Feb 2022 01:38:40 GMT

**Exhibit 2**
**Page 17**

Page 3 of 3

# EXHIBIT 3

**Exhibit 3**
**Page 18**



| | |
|---|---|
| Document title: | Lisel M. Ferguson - Procopio \| Procopio |
| Capture URL: | https://www.procopio.com/people/lisel-m-ferguson/ |
| Page loaded at (UTC): | Thu, 10 Feb 2022 17:31:30 GMT |
| Capture timestamp (UTC): | Thu, 10 Feb 2022 17:31:31 GMT |
| Capture tool: | 2.34.4 |
| Collection server IP: | 52.7.109.102 |
| Browser engine: | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/93.0.4577.0 Safari/537.36 |
| Operating system: | linux x64 (Node v14.17.0) |
| PDF length: | 4 |
| Capture ID: | x8mzut6hQQVRJbAg38Mtd1 |
| User: | msk-general |



# Procopio

**PEOPLE  SERVICES  SECTORS  ABOUT  RESOURCES  EVENTS  CAREERS  CONTACT**

← BACK TO PEOPLE DIRECTORY



 EMAIL   VCARD   LINKEDIN   BIO PDF

# Lisel M. Ferguson
## Partner

**CONTACT ME**

**SERVICES & SPECIALIZATIONS**
- Sports and Active Lifestyle
- Intellectual Property
- Litigation, Intellectual Property
- Trademarks and Copyrights
- Licensing and Technology Transactions

SEE ALL

**ADMISSIONS**
California;
US Patent &
Trademark Office

**LANGUAGES**
German

**ADDRESS**
525 B Street, Suite 2200, San Diego, CA 92101

**OFFICE TEL.**
619.515.3207

**FAX**
619.744.5407

---

**INFORMATION    RESOURCES    EVENTS    SEND A MESSAGE**

## Overview

Lisel counsels clients on patent, trademark and copyright prosecution worldwide, and intellectual property litigation throughout the United States. Her practice focuses on computer hardware and software, sporting goods, apparel, Internet, entertainment, medical devices, agricultural products and services, and consumer goods. She has experience working with Federal Litigation, Trademark Trial and Appeal Board (TTAB) actions, Uniform Domain-Name Dispute Resolution Policy (UDRP) actions, domain name disputes and Internet law. Lisel practices all aspects of intellectual property; in addition to protection and enforcement she has experience with customs, negotiating and drafting licenses and royalty agreements worldwide, with clients from Asia, Mexico, Chile, Australia, Canada, the Netherlands and the United Kingdom. She leads Procopio's Intellectual Property Litigation Team and is the co-leader of Procopio's Sports and Active Lifestyle Practice Group,

Prior to practicing law, Lisel spent over five years working full time in the professional fields of



We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising.

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising.    ✕

To learn more, click here. By continuing to use our site, you accept our use of cookies and our privacy policy.

Document title: Lisel M. Ferguson - Procopio | Procopio
Capture URL: https://www.procopio.com/people/lisel-m-ferguson/
Capture timestamp (UTC): Thu, 10 Feb 2022 17:31:31 GMT

**Exhibit 3**
**Page 20**

Page 1 of 3

for an International Turtle Conservation Group where she assisted with numerous professorial level and Ph.D. research projects in addition to co-authoring scientific journal articles.

Representative Matters +

Recognitions +

Education +

Thought Leadership +

Community +

News Coverage +

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising.

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising. ✕

To learn more, click here. By continuing to use our site, you accept our use of cookies and our privacy policy.

**PARTNER WITH PROCOPIO**

 Procopio

CONTACT | OFFICES | CAREERS | NEWSLETTER

  

Document title: Lisel M. Ferguson - Procopio | Procopio
Capture URL: https://www.procopio.com/people/lisel-m-ferguson/
Capture timestamp (UTC): Thu, 10 Feb 2022 17:31:31 GMT

**Exhibit 3**
**Page 21**

Page 2 of 3

Education ➕

Thought Leadership ➕

Community ➕

News Coverage ➕

# Let's work together.

**PARTNER WITH PROCOPIO**

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising.

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising. ✕

To learn more, click here. By continuing to use our site, you accept our use of cookies and our privacy policy.

Document title: Lisel M. Ferguson - Procopio | Procopio
Capture URL: https://www.procopio.com/people/lisel-m-ferguson/
Capture timestamp (UTC): Thu, 10 Feb 2022 17:31:31 GMT

**Exhibit 3**
**Page 22**

Page 3 of 3

# EXHIBIT 4

Exhibit 4
Page 23



| | |
|---|---|
| Document title: | Tiffany L. Salayer - Procopio \| Procopio |
| Capture URL: | https://www.procopio.com/people/tiffany-l-salayer/ |
| Page loaded at (UTC): | Thu, 10 Feb 2022 17:31:24 GMT |
| Capture timestamp (UTC): | Thu, 10 Feb 2022 17:31:26 GMT |
| Capture tool: | 2.34.4 |
| Collection server IP: | 54.174.78.137 |
| Browser engine: | Mozilla/5.0 (Windows NT 10.0; Win64; x64) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/93.0.4577.0 Safari/537.36 |
| Operating system: | linux x64 (Node v14.17.0) |
| PDF length: | 3 |
| Capture ID: | 4e1R74pLZvtEFf3TwDPbDg |
| User: | msk-general |


 
← BACK TO PEOPLE DIRECTORY



  

EMAIL    VCARD    LINKEDIN    BIO PDF

# Tiffany L. Salayer
Associate

<div style="float:right">CONTACT ME</div>

**SERVICES & SPECIALIZATIONS**

- Litigation, Corporate and Commercial
- Litigation, Intellectual Property
- Public Agency
- Native American Law
- Intellectual Property

SEE ALL

**ADMISSIONS**

California

**ADDRESS**

525 B Street, Suite 2200, San Diego, CA 92101

**OFFICE TEL.**
619.906.5731

**FAX**
619.398.0161

---

INFORMATION    RESOURCES    SEND A MESSAGE

## Overview

Tiffany counsels clients on matters pertaining to intellectual property law and litigation. Her litigation practice focuses on patent, trademark and copyright infringement, trade secret misappropriation, unfair competition, the rights of publicity and privacy and defamation (libel and slander). She has experience working with Federal Litigation, Trademark Trial and Appeal Board (TTAB) actions, Uniform Domain-Name Dispute Resolution Policy (UDRP) actions, domain name disputes and Internet law. Tiffany isalso  experienced in handling trademark and copyright prosecution and protection. She has experience filing trademarks, drafting co-existence agreements, drafting licenses and royalty agreements worldwide. Tiffany has represented financial institutions, corporations, and surgical centers in a variety of civil actions and defended clients in criminal actions and investigations, including computer crime and theft, false claims, and environmental crimes. She has worked on a number of pro bono matters, including representing inmates on death row in California in their automatic appeal and habeas proceedings.

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising.

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising.    ✕

 To learn more, click here. By continuing to use our site, you accept our use of cookies and our privacy policy.

Document title: Tiffany L. Salayer - Procopio | Procopio
Capture URL: https://www.procopio.com/people/tiffany-l-salayer/
Capture timestamp (UTC): Thu, 10 Feb 2022 17:31:26 GMT

**Exhibit 4**
**Page 25**

Page 1 of 2

Education

Thought Leadership

Community

# Let's work together.

**PARTNER WITH PROCOPIO**

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising.

We use cookies to understand how you use our site and to improve your experience. This includes personalizing content and advertising.

To learn more, click here. By continuing to use our site, you accept our use of cookies and our privacy policy.



CONTACT | OFFICES | CAREERS | NEWSLETTER

© 2022 Procopio, Cory, Hargreaves & Savitch LLP. Procopio is a service mark of Procopio, Cory, Hargreaves & Savitch LLP.

Procopio Website Privacy Notice and Cookie Policy | Terms of Use | Privacy Notice for California Residents | Accessibility Statement | Site by Mindgruve

Document title: Tiffany L. Salayer - Procopio | Procopio
Capture URL: https://www.procopio.com/people/tiffany-l-salayer/
Capture timestamp (UTC): Thu, 10 Feb 2022 17:31:26 GMT

**Exhibit 4**
**Page 26**

Page 2 of 2

# EXHIBIT 5

**Exhibit 5**
**Page 27**



MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Marc E. Mayer
A Professional Corporation
(310) 312-3154 Phone
(310) 231-8354 Fax
mem@msk.com

January 7, 2022

**VIA E-MAIL ONLY (LISEL.FERGUSON@PROCOPIO.COM; TIFFANY.SALAYER@PROCOPIO.COM)**

Lisel Ferguson, Esq.
Tiffany Salayer, Esq.
Procopio, Cory, Hargreaves and Savitch LLP
525 B St., Suite 2200
San Diego, CA 92101

**Re:    Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD**

Dear Lisel and Tiffany:

As you know from our conversation last month, we are counsel for Activision Blizzard, Inc. ("Activision") in the above-captioned lawsuit.

We have carefully reviewed your Complaint with our client and conducted an initial investigation of the factual allegations. I am writing to advise you that the Complaint contains serious factual misrepresentations and errors, and that the claims set forth therein are both factually and legally frivolous. Accordingly, by this letter we wish to offer you and your client the opportunity to voluntarily dismiss the Complaint before our client is required to incur additional legal fees litigating this case and filing dispositive motions. Specifically, we intend to file a motion to dismiss the First and Second Claims for Relief under Rule 12(b)(6), and to file a Special Motion to Strike the Third Claim for Relief under California's SLAPP statute, Cal. Civ. Code §425.16. By this letter, we wish to commence the meet-and-confer process with respect to these motions, pursuant to Paragraph III.A.1 of Judge Robinson's Standing Order.

Additionally, we wish to advise you, as a professional courtesy, that if you are unwilling to dismiss the Complaint, we are prepared to serve your office with a motion for sanctions under Fed. R. Civ. P. 11. This is not something that we do lightly or without serious consideration. Indeed, we rarely serve and file such motions, reserving them for only the most egregious instances. However, the Complaint reflects such a blatant failure of pre-filing investigation and overt disregard for both the facts and the law that we feel we have little choice but to bring this matter to the Court's attention and seek compensation directly from your office for the fees incurred by Activision. Our decision to pursue such sanctions is further enforced by the fact that you are experienced intellectual property lawyers at a prominent San Diego firm. Thus, you certainly should know better than to file and pursue a Complaint that is as frivolous as this one.

2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120
Phone: (310) 312-2000 Fax: (310) 312-3100 Website: WWW.MSK.COM

13866637.1

**Exhibit 5
Page 28**



So that you may seriously and carefully consider the matters set forth in this letter, we provide a few examples of some of the most blatant and obvious misrepresentations and falsehoods.

## False Allegations Concerning The Game(s) At Issue

After reading the Complaint, one is left to wonder whether you or your client ever played any *Call of Duty* game (especially *Call of Duty: Infinite Warfare*), or, for that matter, any contemporary AAA video game.

Additionally, we are left to wonder whether you ever reviewed any of your client's purported copyrighted materials, including any purported "designs, story lines, video game concepts, textual material, and graphics" that you allege were registered with the U.S. Copyright Office. In our call last month, you admitted to us that you were not in possession of any deposit copies for the alleged copyright registrations. Thus, you certainly did not review those before filing your complaint.

We asked you in our call if you would provide us with the materials that your client alleges to have been "stolen" by Activision so that we could conduct our own investigation of the claims. You apparently decided not to extend that courtesy and to keep these materials secret (if they exist at all). But based on our research, by your client's own admission, both of your client's purported "games" are (or were intended to be) educational games designed to teach children about financial management and banking. In Plaintiff's own words:

●    "Stock Picker" "will teach students the ins and outs of picking stocks in the stock market. Students cross country will compete for real prizes and real rewards with play money."[1]

●    "Save One Bank" is a game in which "[a]gents at Save One Bank will embark on a mission in 18 months to doggedly pursue greedy financial executives. They'll confront villains who are misappropriating money, pummel them in fistfights and collar them one by one. Most of the agents won't always understand the intricacies of the financial industry - they'll learn on the job."[2]

Had you played *Call of Duty: Infinite Warfare* (or any *Call of Duty* game), you would have immediately realized the following:

●    The *Call of Duty* games have nothing at all to do with financial management, the economy, the stock market, financial executives, and banks. They are military shooters in which the player engages in fast-paced infantry combat from the point-of-view of a soldier or elite operative.

●    None of the "scenes, the premise, the story lines, and character types" were "stolen" from your client's concepts for "Stock Picker" or "Save One Bank." While each game (with the exception of *Call of Duty: Black Ops 3* and *Call of Duty: Warzone*) includes a story-based

---

[1]    https://www.prlog.org/11929943-shon-brooks-named-superhero-financial-planning-magazine.html
[2]    https://www.financial-planning.com/news/the-financial-plans-of-superheroes



"campaign" mode, these campaigns do not involve picking stocks or pursuing financial executives. Rather, the campaigns place players in the middle of iconic historical battles (e.g. the siege of Leningrad, the Normandy landing, the Vietnam War, the invasion of Panama, the civil war in Angola, the American mission in Afghanistan) or in the middle of a present-day or future political thriller (akin to novels by Tom Clancy, James Patterson, or Robert Ludlum) involving terrorists, civil wars, and secret political organizations.

● The character "Sean Brooks" appears in only a *single* game – *Call of Duty: Infinite Warfare* – not 13 games, as alleged in your Complaint. He also is not the "main character." Sean Brooks is a non-player (i.e. computer controlled) character who appears only in the single-player campaign mode and has a relatively minor role in the game. Contrary to your allegations, "Sean Brooks" does not appear in any *Call of Duty* tournaments, in *Call of Duty: Warzone*, or any online multiplayer mode.

● The "Sean Brooks" character in *Call of Duty: Infinite Warfare* is a Caucasian, Irish military Corporal with the United Nations Space Alliance. He wears futuristic armor and speaks with an Irish accent. He looks, sounds, and acts nothing like your client, who is African-American, wears a suit and tie in all of his public appearances and press releases, and is not an active military officer.

● Sean Brooks does not have "unlimited resources" in the game. He is a Corporal on a military space vehicle who provides assistance to the main character. The player is not able to cause Sean Brooks to buy or sell "the latest cars, planes, boats, and upscale computer technology." (In fact, there are no cars, planes, or boats in *Call of Duty: Infinite Warfare.*)

● Activision does not have a "gambling platform," far less one in which Sean Brooks is the "main character." Additionally, Activision does not offer an "e-subscription" that allows players access to its entire catalog of games.

● *Call of Duty* is not "played in… Third Person Shooter." It is a first-person shooter. The camera reflects the character's point of view. It also does not have a "day and night mode;" missions take place at particular times of day.

● *Call of Duty: Infinite Warfare* does not take place in a "high fashion couture shopping center mall." It takes place in space. It also is not about bringing "thieves to justice;" it is about a hypothetical future war between the United Nations and terrorist rebel groups seeking to control the solar system's natural resources.

## Misrepresentations Concerning Communications With Activision.

Your Complaint alleges that "from 2010 and through 2015" your client "was talking to and provided a pitch to Blizzard [and] Activision…." You also allege that "many meetings and emails were exchanged between these parties through the following individuals Sarah Shafer who worked for Rockstar and was a partner with of[sic] Blizzard, Gordon Hall of Blizzard/Activision and Sam Houser of Rockstar."



As you apparently realize, Sam Houser and Sarah Shafer do not work for Activision, and have never worked for Activision. We do not understand what you mean when you allege that Sarah Shafer was a "partner" with Blizzard, but we are unaware of any "partnership" with Ms. Shafer. Moreover, Blizzard did not create or develop *Call of Duty*.

As for Gordon Hall, he worked in Activision's mobile division **in the UK** for a short period of time (from 2012 to 2014). Based on our investigation, Mr. Hall never took a "meeting" with Mr. Brooks, and we find it highly unlikely that any such meeting would have taken place. We assume that you do not possess any evidence of any such meeting, or you would have provided at least some facts about that meeting in your Complaint.

## Claims Without Good Faith Legal Basis

Even taking your allegations on their face, each of your client's three intellectual property claims are frivolous as a matter of law.

**Copyright Infringement**. As you certainly know, to state a claim for copyright infringement you must allege that Activision's game(s) copied ***protectable*** elements from your client's works. If "the similarity concerns only noncopyrightable elements of plaintiff's work," then the claim cannot move forward. *See Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996). Additionally, "scenes a faire" and "sequences of events that necessarily result from the choice of a setting or situation, do not enjoy copyright protection." *Id.*

We find it notable that your Complaint fails to even once describe the nature or content of your client's purported game (or game concepts). Obviously, that is because you are well aware that the games are so dissimilar to *Call of Duty* that no court could find substantial similarity (including as to themes, plot, sequence of events, characters, and mood.) Instead, you resort to a smattering of random purported similarities. Those purported similarities not only are incorrect (as noted above) or incomprehensible (e.g. what is a "red orbit sky"?), but they are so generic that they could apply to virtually every modern video game.

Indeed, your list of purported similarities again indicates to us that you and your team apparently never bothered to pick up and actually play *Call of Duty* or any other game in its genre, such as *Battlefield, Medal of Honor, Far Cry, Halo, Doom, Rainbow Six, Goldeneye 007, Titanfall,* or any first-person shooter released in the last two decades. Had you done so, you would have realized that almost every big-budget game features "exotic locations," takes place during both night and day, has a single-player and multiplayer mode, and includes "fancy cars" or "missiles." Of course, if it were copyright infringement to include space travel, thieves, fancy cars, and exotic locations in a work of fiction then virtually every James Bond, Tom Cruise, Dwayne "the Rock" Johnson, or Arnold Schwarzenegger film (or, for that matter, every Hollywood action blockbuster) would infringe your client's purported copyrights.

**Trademark Infringement**. We are very surprised that as experienced intellectual property practitioners, you are not familiar with *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) and its progeny, including *ESS Entertainment 2000 v. Rock Star Videos*, 547 F. 3d 1095 (9th Cir. 2008),



*Brown v. Electronic Arts, Inc.,* 724 F. 3d 1235 (9th Cir. 2013); *Mil-Spec Monkey, Inc. v. Activision Blizzard, Inc.,* 74 F.Supp.3d 1134, 1140 (N.D.Cal.2014); and *Novalogic, Inc. v. Activision Blizzard,* 41 F. Supp. 3d 885, 900-01 (C.D. Cal. 2013). Your trademark claims, which apparently arise from the use of "Sean Brooks" as the name of a character in a video game, are wholly barred by this well-established authority.

**Right of Publicity**. As you will recall, during our phone call I requested that you take a moment to compare images of Sean Brooks the space soldier with Frances Shatone "Shon" Brooks the financial and entertainment consultant. If you have done so, then we trust you will agree that your client simply has no claim, as the two are nothing alike. *See Polydoros v. Twentieth Century Fox Film Corp.,* 67 Cal. App. 4th 318 (1997). In fact, even their names are spelled differently. Quite frankly, it is inconceivable to us how you could seriously conclude that the assertion of this claim does not run afoul of Rule 11.

## Additional Misrepresentations and Inconsistencies

The foregoing is not intended to be exhaustive, but rather to put you on notice of some of the most immediate factual and legal problems with the Complaint. We also expect that if this case moves forward past the pleading stage (which we believe is unlikely), we will discover many more falsehoods, including false statements about your client and its intellectual property. To provide just a few examples:

● Plaintiff's trademark registration claims that its first use in commerce of the SHON BROOKS mark was in 1986. However, Plaintiff did not exist in 1986, and by your own admission was not formed until 2002. We have confirmed this through review of Plaintiff's corporate filings.

● Plaintiff's copyright registration for "S.O.B." is not for a game, but for your client's purported "S.O.B." television interview program.

● Mr. Brooks did not "appear on 'the Simpsons.'" He once attended a party where he posed for a photograph with actors dressed as Simpsons characters and posted that photograph online.

● Amazon does not "manufacture" Shon Brooks merchandise; it sells clothing with logos apparently uploaded by "Fran Shatone." It also does not sell "computer technology toys" featuring a "Shon Brooks" trademark.

● No person ever has been actually confused into believing that plaintiff is the source or sponsor of a *Call of Duty* game because it includes a character named "Sean Brooks."

***

We trust that you will take seriously the issues raised in this letter and will reconsider your decision to pursue this lawsuit. We also trust that you will advise your client of its exposure for Activision's attorneys' fees and costs, including under Section 505 of the Copyright Act and Cal.



Civ. Code Section 3344, and will take into consideration your Firm's own liability under Rule 11. Please also ensure that your client has been instructed to preserve all documents concerning this matter.

Please let me know when you are available to discuss this matter further.

The foregoing is not intended to be a complete recitation of all applicable law and/or facts, and shall not be deemed to constitute a waiver or relinquishment of any of Activision's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

Sincerely,

Marc E. Mayer
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

MEM/szm

# EXHIBIT 6

Exhibit 6
Page 34

| From: | Ferguson, Lisel M. |
|-------|--------------------|
| To: | Mayer, Marc |
| Cc: | Lewis, Marissa; Pagnanelli, Karin; Salayer, Tiffany; Fuger, Michele L. |
| Subject: | [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD |
| Date: | Wednesday, January 26, 2022 12:11:46 PM |
| Attachments: | image001.gif |

-EXTERNAL MESSAGE-

Dear Marc,

In order have a meet and confer call run smoother thought I would address a few issues in your letter in advance. Please be advised that I reviewed all of the materials prior to filing the Complaint and do have the emails and documents which were sent to and shared with Sarah Shafer, Gordon Hall and Sam Hauser over an extended time frame from 2010 through 2014 when the parties were discussing a partnership and/or working relationship to develop a game. I also have the Copyright Registration certificates and deposit material which was in the files of the firm who filed for the copyrights. As I advised on the phone I don't have the certified copies of the deposit material from the U.S. Copyright Office at this time. Sarah worked for Rockstar, Gordon Hall was with Rockstar and moved to Activision during the relevant time period and Sam Hauser was with Rockstar. Gordon Hall did receive materials in 2014 when he was working at Activision.

Sean Brooks was a lead character in the Call of Duty: Infinite Warfare game. His name, our clients mark, does not only appear in the game it appears in all of the media and advertising surrounding the game, the online gaming run by Activision and in many other locations. The character in the game represents the USA or Team USA which plays off of the involvement Shon Brooks has had with the Olympics, the character in the game also goes to Mars which not only copies from the script provided to Activision and Rockstar but also plays off of Son Brooks who has had extensive involvement with NASA.

Call of Duty:Infinite Warfare does pursue financial criminals out of financial gain. Just a few similarities are the following: The Team USA soldiers headquarters is in New York City's Wall Street District. The villain "Admiral Kotch" lives in a high rise in the financial district in New York City's Wall Street district. There is a backdrop of the New York City Freedom Tower (Aka World Trade Center) in the Financial District. There are several huge bank vault doors with huge levers that banks have. Inside these TRT frames they blow up and destroy Wall Street, The Stock Market, including The World Trade Center all for financial gain and weapons. Captain Reyes and Sean Brooks capture Admiral Kotch inside the Cristal Bank so many "Save One Bank" levered security vaults. These United States Soldiers crack the safe and walk through these Save One Bank vaults for 4 and 1/2 hours. The Admiral Kotch duel occurs inside a Wall Street downtown bank near the Hudson Bay. This occurs next to a downtown high fashion couture fashion shop and right next to the Crystal Bank. The United States solders (Reyes and Sean Brooks) kill Admiral Kotch at this Downtown Wall Street location. The scenes are identical to the Brooks Entertainment Copyright Scripts.

Additionally, the acronym S.O.B. is used in at least one of the Call of Duty games. As you aware this is one of our client's trademarks and also in the title of its copyrights and within the copyrighted scripts.

Sincerely,

Lisel

**LISEL M. FERGUSON**
PARTNER
PROCOPIO

P. 619.515.3207 | F. 619.744.5407 | lisel.ferguson@procopio.com
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
View Profile | LinkedIn | procopio.com

**Exhibit 6**
**Page 35**

**From:** Mayer, Marc <MEM@msk.com>
**Sent:** Tuesday, January 25, 2022 1:26 PM
**To:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>; Salayer, Tiffany
<Tiffany.Salayer@procopio.com>
**Cc:** Lewis, Marissa <mbl@msk.com>; Pagnanelli, Karin <KGP@msk.com>
**Subject:** RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003
TWR MDD

**\* EXTERNAL EMAIL - Please use Caution. \***

Lisel –
I can speak at 1 p.m. tomorrow, if that works for you.
Does this mean that you are not willing to withdraw or dismiss your complaint?



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | mem@msk.com
**Mitchell Silberberg & Knupp LLP |** **www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND
CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT
COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS
NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION,
FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY
BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM
YOUR SYSTEM. THANK YOU.

**From:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>
**Sent:** Tuesday, January 25, 2022 12:44 PM
**To:** Mayer, Marc <MEM@msk.com>; Salayer, Tiffany <Tiffany.Salayer@procopio.com>
**Cc:** Lewis, Marissa <mbl@msk.com>; Pagnanelli, Karin <KGP@msk.com>
**Subject:** [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No.
21CV2003 TWR MDD
-EXTERNAL MESSAGE-
Marc,
Do you have time to meet and confer on these issues either tomorrow between 11 to 2 or Thursday
between 11-12 or 1-2 PST?
Sincerely,
Lisel
**LISEL M. FERGUSON**
PARTNER
PROCOPIO

P. 619.515.3207 | F. 619.744.5407 | lisel.ferguson@procopio.com
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
View Profile | LinkedIn | procopio.com

**From:** Mayer, Marc <MEM@msk.com>
**Sent:** Monday, January 24, 2022 2:37 PM
**To:** Salayer, Tiffany <Tiffany.Salayer@procopio.com>
**Cc:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>; Lewis, Marissa <mbl@msk.com>;
Pagnanelli, Karin <KGP@msk.com>
**Subject:** RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003
TWR MDD

**\* EXTERNAL EMAIL - Please use Caution. \***

**Exhibit 6**
**Page 36**

Tiffany and Lisel –

Please let us know when we can expect to receive your position on the issues raised in our letter. While the Court did grant the extension, we are concerned that our response date is going to come up quickly.



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | mem@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067
THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Salayer, Tiffany <Tiffany.Salayer@procopio.com>
**Sent:** Tuesday, January 18, 2022 1:08 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Melara, Suguey <szm@msk.com>; Fuger, Michele L. <michele.fuger@procopio.com>; Ferguson, Lisel M. <lisel.ferguson@procopio.com>
**Subject:** [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD
-EXTERNAL MESSAGE-
Hi Marc,

Thank you, everything looks fine. However, we are also giving Defendant Rockstar an extension to respond. Are you amenable to us adding them in before filing? We believe this would be the most judiciable way to proceed. Thank you!

Sincerely,
Tiffany
**TIFFANY SALAYER**
ASSOCIATE
PROCOPIO

P. 619.906.5731 | F. 619.398.0161 | tiffany.salayer@procopio.com
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
procopio.com

**From:** Mayer, Marc <MEM@msk.com>
**Sent:** Tuesday, January 18, 2022 10:59 AM
**To:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>
**Cc:** Melara, Suguey <szm@msk.com>; Salayer, Tiffany <Tiffany.Salayer@procopio.com>; Fuger, Michele L. <michele.fuger@procopio.com>
**Subject:** RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

<span style="background-color:purple;color:white">**\* EXTERNAL EMAIL - Please use Caution. \***</span>

Lisel / Tiffany –

Attached is a draft joint motion to extend Activision's time to respond to the Complaint.
Please let us know if you have any edits or if we are authorized to file.
Thanks.



**Exhibit 6**
**Page 37**

**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | mem@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>
**Sent:** Friday, January 14, 2022 6:38 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Melara, Suguey <szm@msk.com>; Salayer, Tiffany <Tiffany.Salayer@procopio.com>; Fuger, Michele L. <michele.fuger@procopio.com>
**Subject:** [EXTERNAL] Re: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

-EXTERNAL MESSAGE-

Yes that is acceptable.

Sincerely,

Lisel

On Jan 14, 2022, at 6:30 PM, Mayer, Marc <MEM@msk.com> wrote:


Thank you, Lisel. We will take you up on your offer of an additional extension. I assume that two weeks is acceptable on your end? If so, we will prepare a stipulation.

<image001.gif>
Marc Mayer | Partner, through his professional corporation
T: 310.312.3154 | mem@msk.com<mailto:mem@msk.com>
Mitchell Silberberg & Knupp LLP | www.msk.com<http://www.msk.com/>
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

From: Ferguson, Lisel M. <lisel.ferguson@procopio.com>
Sent: Friday, January 14, 2022 4:06 PM
To: Mayer, Marc <MEM@msk.com>; Melara, Suguey <szm@msk.com>
Cc: Salayer, Tiffany <Tiffany.Salayer@procopio.com>; Fuger, Michele L. <michele.fuger@procopio.com>
Subject: [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al.,

**Exhibit 6**
**Page 38**

Case No. 21CV2003 TWR MDD

-EXTERNAL MESSAGE-
Marc,

My client has been on vacation and I have not been able to speak with him. I am happy to provide you with a further extension on your response date so that I have time to evaluate your position. Let me know if this is agreeable.

Sincerely,

Lisel


LISEL M. FERGUSON
PARTNER
PROCOPIO

P. 619.515.3207 | F. 619.744.5407 |
lisel.ferguson@procopio.com<mailto:lisel.ferguson@procopio.com>
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
View Profile<http://www.procopio.com/attorneys/view/lisel-m-ferguson> |
LinkedIn<https://www.linkedin.com/in/lisel-ferguson-0104137> |
procopio.com<https://protect-us.mimecast.com/s/YExSC2k9xkUKznGnh2eXQ3/>

From: Mayer, Marc <MEM@msk.com<mailto:MEM@msk.com>>
Sent: Friday, January 14, 2022 11:59 AM
To: Ferguson, Lisel M.
<lisel.ferguson@procopio.com<mailto:lisel.ferguson@procopio.com>>; Melara, Suguey
<szm@msk.com<mailto:szm@msk.com>>
Cc: Salayer, Tiffany
<Tiffany.Salayer@procopio.com<mailto:Tiffany.Salayer@procopio.com>>; Fuger, Michele
L. <michele.fuger@procopio.com<mailto:michele.fuger@procopio.com>>
Subject: RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No.
21CV2003 TWR MDD

Lisel –

I am just following up on your email below. Please let us know when you will be prepared to have the meet-and-confer discussion.

As you know, our response to your Complaint is due on January 25 (one week from Tuesday). Accordingly, if you are contemplating a voluntary dismissal of the action, we will need to know as soon as possible in order to avoid an additional expenditure of fees and costs by our client (including costs associated with acquiring and providing the court with the necessary technology (which is in very short supply) to view and play our client's software products.)

<image001.gif>
Marc Mayer | Partner, through his professional corporation
T: 310.312.3154 | mem@msk.com<mailto:mem@msk.com>

**Exhibit 6**
**Page 39**

Mitchell Silberberg & Knupp LLP | www.msk.com<https://protect-us.mimecast.com/s/FJ7GC4x9QxCYKLWLuMsgRF/>
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

From: Ferguson, Lisel M.
<lisel.ferguson@procopio.com<mailto:lisel.ferguson@procopio.com>>
Sent: Monday, January 10, 2022 5:58 PM
To: Melara, Suguey <szm@msk.com<mailto:szm@msk.com>>
Cc: Mayer, Marc <MEM@msk.com<mailto:MEM@msk.com>>; Salayer, Tiffany <Tiffany.Salayer@procopio.com<mailto:Tiffany.Salayer@procopio.com>>; Fuger, Michele L. <michele.fuger@procopio.com<mailto:michele.fuger@procopio.com>>
Subject: [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

-EXTERNAL MESSAGE-
Dear Mr. Mayer and Ms. Suguey,

We have received your letter and will set a time to meet and confer with you later this week or early next week once we have had an opportunity consider your position and meet with our client.

Sincerely,

LISEL M. FERGUSON
PARTNER
PROCOPIO

P. 619.515.3207 | F. 619.744.5407 |
lisel.ferguson@procopio.com<mailto:lisel.ferguson@procopio.com>
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
View Profile<http://www.procopio.com/attorneys/view/lisel-m-ferguson> |
LinkedIn<https://www.linkedin.com/in/lisel-ferguson-0104137> |
procopio.com<https://protect-us.mimecast.com/s/GuRnC5yWQycgLqKqFNjxLR/>

From: Melara, Suguey <szm@msk.com<mailto:szm@msk.com>>
Sent: Friday, January 7, 2022 2:17 PM
To: Ferguson, Lisel M.
<lisel.ferguson@procopio.com<mailto:lisel.ferguson@procopio.com>>; Salayer, Tiffany <Tiffany.Salayer@procopio.com<mailto:Tiffany.Salayer@procopio.com>>
Cc: Mayer, Marc <MEM@msk.com<mailto:MEM@msk.com>>

**Exhibit 6**
**Page 40**

Subject: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

Ms. Ferguson and Ms. Salayer,

Please see correspondence attached.

Thank you.


<image001.gif>
Suguey Melara | Secretary
T: 310.914.7948 | szm@msk.com<mailto:szm@msk.com>
Mitchell Silberberg & Knupp LLP | www.msk.com<https://protect-us.mimecast.com/s/CteEC680X8CVYQ9QF2tKJA/>
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.


Mon Jan 10 2022 17:57:44

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Fri Jan 14 2022 16:05:42

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and

Exhibit 6
Page 41

destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

<mg_info.txt>

Fri Jan 14 2022 18:37:50

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Tue Jan 18 2022 13:08:34

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Tue Jan 25 2022 12:44:26

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Wed Jan 26 2022 12:11:38

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the

**Exhibit 6**
**Page 42**

contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

**Exhibit 6**
**Page 43**