Lisel M. Ferguson (Bar No. 207637)
E-mail: lisel.ferguson@procopio.com
Tiffany Salayer (Bar No. 226189)
E-mail: tiffany.salayer@procopio.com
PROCOPIO, CORY, HARGREAVES &
   SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorneys for Plaintiff
*Brooks Entertainment, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKS ENTERTAINMENT, INC., | Case No. 3:21-cv-02003-TWR-MDD |
| Plaintiff, | **PLAINTIFF BROOKS ENTERTAINMENT, INC.'S OPPOSITION TO ACTIVISION BLIZZARD, INC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |
| v. | |
| ACTIVISION BLIZZARD, INC. and ROCKSTAR GAMES, INC., | |
| Defendants. | Dept: Courtroom: 3A<br>Date: May 26, 2022<br>Time: 1:30 pm<br>Judge: Hon. Todd W. Robinson |

# TABLE OF CONTENTS

Page(s)

I.   INTRODUCTION ......................................................................................... 1

II.  FACTUAL BACKGROUND ......................................................................... 1

III. ARGUMENT ............................................................................................... 4

  A.   Legal Standard ................................................................................... 4

  B.   Defendant Has Failed to Show a Violation of Rule 11 as Plaintiff's Claims are not Frivolous and are Based on Accurate and Supported Factual Allegations........................................................................... 7

  1.   Although the Complaint may contain minor factual inaccuracies, the factual errors are not egregious enough to warrant Rule 11 sanctions. ............................................................................................ 7

  2.   The Complaint does not contain significant legal errors, especially considering the early stage of the proceedings. ................................ 10

    a.   Copyright Infringement.................................................... 10

    b.   Trademark Infringement................................................... 11

    c.   Commercial Appropriation of Likeness........................... 11

  3.   Procopio Conducted a Reasonable Pre-Filing Investigation........ 13

  C.   Even if the Court Deems the Filing of the Complaint to be Improper, the Court Should Exercise Its Discretion Against Imposing Monetary or Non-Monetary Sanctions. ................................ 14

IV.  CONCLUSION ........................................................................................... 16

1

2

## <u>TABLE OF AUTHORITIES</u>

3

**Page(s)**

4

**Federal Cases**

5

*Ashcroft v. Iqbal*,

6
    556 U.S. 662 (2009) ................................................................................. 8

7

*Christian v. Mattel, Inc.*,

8
    286 F.3d 1118 (9th Cir. 2002) .................................................. 5, 10, 13, 14

9

*Goel v. Coal. Am. Holding Co., Inc.*,

10
    2013 WL 12122302 (C.D. Cal. Feb. 26, 2013) .................................... 10

11

*Greenberg v. Sala*,
    822 F.2d 882 (9th Cir. 1987) .................................................. 1, 7, 9, 10

12

13

*Hucul v. Mathew-Burwell*,
    2017 WL 476547 (S.D. Cal., 2017).......................................... 15

14

15

*Kuroiwa v. United States*,
    351 Fed. App'x 238 (9th Cir. 2009) .................................................. 7

16

17

*Muhammad v. Reese Law Group, APC*,
    2017 WL 2578915 (S.D. Cal., 2017).................................... 5, 6, 13, 14

18

19

*W.V. ex rel. N.V. v. Encinitas Union Sch. Dist.*,
    289 F.R.D. 308 (S.D. Cal. 2012) .......................................... 15, 16

20

21

*Operating Eng'rs Pension Tr. v. A-C Co.*,
    859 F.2d 1336 (9th Cir. 1988) .......................................... 6

22

*Riverhead Savings Bank v. Nat'l Mortgage Equity Corp*,
    893 F.2d 1109 (9th Cir. 1990) .......................................... 6

23

24

*Simpson v. California Pizza Kitchen, Inc.*,
    2013 WL 12114487 (S.D. Cal., 2013) .......................................... 15

25

26

*Stitt v. Williams*,
    919 F.2d 516 (9th Cir. 1990) .......................................... 12

27

28

*United National Insurance Co. v. R&D Latex Corp.*,
    242 F.3d 1102 (9th Cir. 2001) .......................................... 6

ii

**Federal Statutes**

15 U.S.C.
     § 1114 ................................................................................................. 11

17 U.S.C.
     § 501(a) .............................................................................................. 10

Lanham Act
     § 32(b) ................................................................................................ 11

**California Statutes**

Cal. Bus. & Prof. Code
     § 6068(e) ............................................................................................... 4

Cal. Civ. Code
     § 3344(a) ......................................................................................... 12, 13

Plaintiff Brooks Entertainment, Inc. ("Brooks") and its counsel respectfully submits the following Memorandum of Points and Authorities in support of its Opposition to Defendant Activision Blizzard, Inc.'s Motion for Sanctions (the "Motion").

## I.   INTRODUCTION

Activision Blizzard, Inc.'s ("Activision") Rule 11 Motion is an example of its ruthless tactics in litigation and is an attempt to harass Procopio and its client, Brooks Entertainment, Inc. ("Brooks").  Counsel for Activision is aware that Procopio has filed a Motion to Withdraw, ECF No. 26, and appears to have filed the present Motion in an attempt to obtain a ruling from the Court on the merits of the action in advance of the pending Motion to Dismiss.  The motion is not well-founded: a frivolous lawsuit justifying Rule 11 sanctions requires a determination that no competent attorney could believe it to be well-grounded in fact and law.  *Greenberg v. Sala,* 822 F.2d 882, 885 (9th Cir. 1987).  This is not such a lawsuit.  When counsel for Brooks filed its Complaint, they had a good faith and well-supported basis to believe it was well-grounded in fact and law.  Furthermore, Plaintiff has facts and evidentiary support on which to base its belief that Activision has infringed upon its copyrights, trademarks and has appropriated the image and likeness of Shon Brooks.  All of these facts make clear that Rule 11 sanctions are not appropriate here.

## II.   FACTUAL BACKGROUND

Prior to filing the Complaint, Procopio conducted a detailed investigation after first speaking to the owner of Brooks Entertainment ("Brooks") , Mr. Shon Brooks, in June of 2021.  Ferguson Decl. ¶¶ 4-10.  Procopio determined that Brooks had been in negotiations with Rockstar from 2010 to 2014 to co-produce a video game. Ferguson Decl. ¶ 5.  Brooks had exchanged many emails with employees of Rockstar where it had provided copyrighted scripts of Brooks' games and Mr. Brooks had quite a few face to face meetings with Sara Schafer of Rockstar. Ferguson Decl. ¶¶ 4-5.  During

2010 to 2014, Rockstar had been provided with game scripts from Brooks which were copyrighted by Brooks.  Ferguson Decl. ¶¶ 5, 8.  The emails and documents including copyrighted game scripts were shared with Sara Shafer, Gordon Hall and Sam Hauser—all of whom worked for Rockstar.   Brooks is the owner of multiple copyrights which include the following: Stock Picker TXu 1-684-440, ECF No. 1, Ex. B at 1; Supplemental Registration Certificate Stock Picker PA 1-397-099, *id.* at 4; Save One Bank PA 1-396-794, *id.* at 8; and S.O.B. PA 1-788-514, *id.* at 6.  Brooks is also the owner of a number of trademarks relevant to this litigation which include SHON BROOKS Reg. No. 5,653,242, ECF No. 1, Ex. A at 1, and SAVE ONE BANK Reg. No. 4,287,528.  Ferguson Decl. ¶ 9 and Exh. 2.

Through initial investigation it appeared that Activision had obtained Brooks' proprietary information from Rockstar when Gordon Hall left Rockstar to go work at Activision, and Activision subsequently produced one or more games and multiple internet trailers which used parts of Brooks' copyrighted scripts, trademarks, name, and likeness.  Ferguson Decl. ¶ 9.  Internet investigation confirmed that Gordon Hall originally worked for Rockstar as Studio President developing games, and that around 2014, he moved over to Activision to become a game developer and Chief Creative Officer.  Ferguson Decl. ¶ 10.  Sarah Shafer worked for Rockstar during the relevant time frame but left around 2014.  *Id*. at ¶10.  Sam Hauser is a co-founder and president at Rockstar and still works for Rockstar.  *Id*.

Furthermore, Procopio learned through its investigation that Sean Brooks is a key character in the game Call of Duty: Infinite Warfare, and his name and character appear in the game and the media and advertising surrounding the game.  Ferguson Decl. ¶ 11.  In addition to those similarities listed in the Complaint, other similarities included the game itself and the character resembling Shon Brooks' involvement with the Olympics and his involvement with NASA.  Ferguson Decl. ¶ 11.

2

Procopio's investigation prior to filing the Complaint also showed that many items from the copyrighted game scripts were used in the Call of Duty: Infinite Warfare Game on trailers and advertisements. There were substantial similarities between the two. Many of these similarities are set forth in the Complaint. ECF No. 1 ¶ 28. The Complaint alleges that Call of Duty: Infinite Warfare copied scenery, locations, story lines, and certain imagery from Brooks Entertainment protected video game scripts. *See* ECF No. 1 ¶¶ 25, 28. And perhaps most importantly, the Complaint alleges that the Call of Duty: Infinite Warfare used Shon Brook's image and likeness, and the Plaintiff's proprietary videogame character without Plaintiff's permission. ECF No. 1 ¶¶ 25-27.

On October 8, 2021, Plaintiff's counsel sent a pre-filing demand letter to Activision to reach a resolution of the action that Plaintiff intended to file. Ferguson Decl. ¶ 7 and Exh. 1. This letter was very detailed and set forth the claims that Brooks was intending to file against Activision and support for these claims. *Id.* Activision did not respond to the pre-filing demand letter and the Complaint was filed two months later. Ferguson Decl. ¶ 14; ECF No. 1.

On November 30, 2021, Brooks filed suit against Activision asserting claims for copyright infringement, trademark infringement, and commercial appropriation of likeness. ECF No. 1. Brooks alleged infringement as to Activision's Call of Duty: Infinite Warfare game and its advertising, promotion and trailers. *Id.*

Brooks granted Defendants several extensions to respond to the Complaint so that the parties could discuss potential settlement and to allow Defendant's counsel additional time for their response. Ferguson Decl. ¶ 22. It was not until January 7, 2022, that counsel for Activision sent the first substantive response to Brooks' Complaint and cease-and-desist letter. Ferguson Decl. ¶ 17. In this letter, Activision threatened to file a Rule 11 motion for sanctions and stated its position that Brooks' Complaint contained serious factual misrepresentations and errors. *Id.* Throughout

January 2022, counsel for all parties discussed this matter and shared further information to determine if the parties' dispute could be resolved before any response was filed by the Defendants.  Ferguson Decl. ¶¶ 18-21.

On February 8, 2022, Activision filed a Motion to Dismiss and Strike the Complaint.  ECF No. 21.  On March 11, 2022, Procopio notified all counsel in this action that it would seek to withdraw as counsel due to ethical and professional considerations and a breakdown in the attorney-client relationship.  ECF No. 26-1, at 3; Ferguson Decl. ¶ 27.  Attorney Ferguson requested that counsel agree to extend the hearing date on the Motions to Dismiss to allow more time for Brooks to find counsel. *Id.*  Counsel never responded to the request, so Procopio filed a request with the Court on March 15 to extend the hearing dates on the Motions to Dismiss.  *Id.*  On March 14, 2022, Procopio filed a Motion to Withdraw as Counsel based on ethical and professional considerations; Procopio was unable to provide more specific information due to the attorney-client privilege and the duty of confidentiality set forth in Cal. Rule of Prof. Conduct 1.6 and Cal. Bus. & Prof. Code section 6068(e).  ECF Nos. 26, 26-1 at 3; Ferguson Decl. ¶¶ 26, 28.  On March 24, 2022, shortly after Procopio filed its Motion to Withdraw, Activision filed its Motion for Sanctions Against Brooks and Procopio.  ECF No. 34.

## III.   ARGUMENT

### A.   Legal Standard

Federal Rule of Civil Procedure 11 provides in pertinent part, that when an attorney or unrepresented party presents a signed paper to a court, that attorney or unrepresented party is certifying that to the best of his or her "knowledge, information and belief, formed after an inquiry reasonable under the circumstances" that:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)-(4).

"Prior to filing a complaint, attorneys have a duty, not only to conduct a reasonable factual investigation, but also to perform adequate legal research to confirm whether the underlying theories of the complaint are warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law." *Muhammad v. Reese Law Group, APC*, 2017 WL 2578915, at *4 (S.D. Cal., 2017) (internal quotation and citation omitted).

"When one party seeks sanctions against another, the Court must first determine whether any provision of Rule 11(b) has been violated." *Muhammad*, 2017 WL 2578915, at *2. "[T]he question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained 'frivolous' legal arguments." *Id.* (internal quotation and citation omitted). When evaluating whether a complaint is frivolous or without evidentiary support, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (internal quotation and citation omitted).

Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). They should not be employed . . . to test the legal sufficiency or

efficacy of allegations in the pleadings; other motions are available for those purposes.  Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, to intimidate an adversary into withdrawing contentions that are fairly debatable."

Fed. R. Civ. P. 11, Comm. Note 1993 Amend.  "When a court examines a motion for sanctions, it must resolve all doubts in favor of the signer of the pleading or paper." Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial (Nat. Ed.) ¶ 17:468) (April 2017) [hereinafter "Rutter Group"].

Case law makes clear that Rule 11 sanctions are to be awarded only in extreme circumstances.  "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  *Muhammad*, 2017 WL 2578915, at *6 (quoting *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)).  "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously."  *Operating Eng'rs*, 859 F.2d at 1344.

As held in *United National Insurance Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001), judges "should impose sanctions on lawyers only in the most egregious of situations, lest lawyers be deterred from vigorous representation of their clients."  Similarly, the court in *Riverhead Savings Bank v. Nat'l Mortgage Equity Corp*, 893 F.2d 1109, 1115 (9th Cir. 1990) held that "[b]ecause the rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories, courts have interpreted Rule 11's language to prescribe sanctions, including fees, only in the exceptional circumstance, where a claim . . . is patently unmeritorious or frivolous."

/ / /

/ / /

/ / /

/ / /

**B.  Defendant Has Failed to Show a Violation of Rule 11 as Plaintiff's Claims are not Frivolous and are Based on Accurate and Supported Factual Allegations**

**1.  Although the Complaint may contain minor factual inaccuracies, the factual errors are not egregious enough to warrant Rule 11 sanctions.**

When a motion for Rule 11 sanctions is based on the filing of a complaint, the party seeking sanctions must show that the complaint is frivolous. *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987). "A complaint is factually frivolous if a competent attorney, after reasonable inquiry, could not form a reasonable belief that the complaint was well founded in fact." *Id.* Absent "startling" circumstances, the Ninth Circuit is "reluctant to impose sanctions for factual errors, especially errors in papers filed before an opportunity for discovery . . . ." *Id.*

Mere factual inaccuracies in a complaint will not warrant sanctions if the complaint was filed in good faith and counsel conducted reasonable research prior to filing. *Id.* at 886-87. Only when the factual errors completely undermine the plaintiff's case will Rule 11 sanctions be warranted. *Id.* at 887. Often times, such cases result from an egregious error by counsel or an admission by the party. *See id.* (listing cases). For instance, in *Kuroiwa v. United States*, 351 Fed. App'x 238, 240 (9th Cir. 2009), the Ninth Circuit upheld sanctions for filing a complaint when the plaintiff's attorney asserted a theory of standing that the Ninth Circuit had earlier rejected in a case where the *same* attorney served as counsel.

Here, the factual inaccuracies highlighted by Activision are either disputed, or even if those allegations are actually inaccurate, do not completely undermine Plaintiff's case. *See* ECF No. 34-1, at 12-13.

First, Activision disputes the allegation that "Defendants are using Sean Brooks as its main character in 'Call of Duty.'" ECF No. 34-1, at 12 (citing ECF No. 1 ¶ 23). Even assuming the truth of Activision's contention that Sean Brooks is not the "main" character, Defendant does not dispute that Sean Brooks is indeed a

7

character in Call of Duty: Infinite Warfare.  The alleged inaccuracy would be insufficient to warrant sanctions at the initial pleading stage.

Next, Activision disputes the allegation that "[t]he Brooks Character 'uses the likeness, persona, and name of the Plaintiff's owner Shon Brooks."  ECF No. 34-1, at 12 (citing ECF No. 1 ¶ 23)).  Activision acknowledges the use of Sean Brooks, *see* ECF No. 34-1 at 12-13, and this allegation is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While Activision highlights the key differences between Sean Brooks' and Shon Brooks' physical characteristics, at the time the Complaint was filed, Plaintiff highlighted the similarities between the two which supported Plaintiff's claims.

Activision disputes allegation number 25 in the Complaint: "The Brooks Character is 'the main character in Defendants' gambling platform which contains all of Defendants' games on e-subscription."  ECF No. 34-1, at 12.  Activision contends that it does not offer a gambling platform or e-subscription.  *Id.*  While this may be true, at the time of the filing of the complaint, the allegation was made on reasonable belief and in good faith.  At that time Plaintiff's counsel had not had the benefit of discovery to vet this allegation.  Further, the allegation is not specific as to Activision: it is made with respect to "Defendants," a term that encompasses both Activision and Rockstar.  Lastly, if this allegation were untrue, it would not completely undermine Plaintiff's intellectual property infringement claims.

Activision next disputes the allegation, "Sean (Shon) Brooks has missiles at his disposal."  ECF No. 34-1, at 13 (citing ECF No. 1 ¶ 28(a)).  Activision acknowledges that Brooks is a soldier who engages in ground combat.  Thus, this allegation is still in dispute and Activision does not demonstrate how it is consequential to Plaintiff's claims.

Next, Activision disputes whether Call of Duty is a "First Person Shooter" or "Third Person Shooter."  *See* ECF No. 34-1, at 13.  While it may be true that Call of

8

BROOKS ENTERTAINMENT, INC.'S RESPONSE TO MOTION FOR SANCTIONS
130558-00LIT001/5817017.3        CASE NO. 3:21-CV-02003-TWR-MDD        543411.7

Duty is only a First Person Shooter, this is a fact that the finder of fact need not decide at the initial pleading stage.  Even if the allegation is ultimately proven untrue, it would not completely undermine Plaintiff's claims.

Activision disputes the allegation that "Sean Brooks in the Call of Duty game has unlimited resources."  ECF No. 34-1, at 13. This allegation is in dispute and would be left to the trier of fact.

Activision next disputes "Shon Brooks controls character [sic] during a single and multiplayer campaign and experience."  ECF No. ECF No. 34-1, at 13 (citing ECF No. 1 ¶ 28(g)).  Activision acknowledges that the Call of Duty has both single and multiplayer configurations, and while perhaps inartfully worded, allegation 28(g) does not render the Complaint frivolous.

Lastly, Activision disputes the allegation that "Sean Brooks scripted battle scenes take place in a high fashion couture shopping mall."  ECF No. 34-1, at 13 (citing ECF No. 1 ¶ 28(k)).  This allegation was made on reasonable belief, and like all the above listed allegations, the Court need not engage in fact-finding to determine the truth of such allegations.  The inquiry is whether such allegations were made on reasonable belief and whether a competent attorney would find that there exists a reasonable basis for the claims brought. *Greenberg*, 822 F.2d at 887.

Rule 11 does not impose a specific requirement that would have required plaintiff's counsel here to personally play the entire six-hour campaign of the Call of Duty game in order to conduct a reasonable pre-filing investigation.  Instead, the rule requires that the factual contentions have evidentiary support or, if so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3).  The allegations in the Complaint meet this standard, even assuming that some allegations contained minor factual inaccuracies.

1

2

### 2. The Complaint does not contain significant legal errors, especially considering the early stage of the proceedings.

3   Sanctions are not warranted because the Complaint is not legally baseless

4   from an objective perspective. *See Christian*, 286 F.3d at 1127.  The attorney has a

5   duty "to perform adequate legal research that confirms whether the theoretical

6   underpinnings of the complaint are warranted by existing law or a good faith

7   argument for an extension, modification or reversal of existing law." *Id.* (internal

8   quotation and citation omitted).  The Court will consider the stage of the proceedings

9   in determining whether Rule 11 sanctions are warranted.  *Greenberg*, 822 F.2d at

10   886 (considering the early stage of the proceeding in deciding that state statute and

11   statute of limitations could not be determined).

12   ### a. Copyright Infringement

13   Pursuant to 17 U.S.C. § 501(a) copyright infringement occurs when "Anyone

14   who violates the exclusive rights of the copyright owner . . . is an infringer of the

15   copyright or right of the author."  Here, Brooks has valid United States Copyrights in

16   its game scripts which have been registered as Stock Picker TXu 1-684-440, ECF

17   No.1, Ex. B at 1; Supplemental Registration Certificate Stock Picker PA 1-397-099,

18   *id.* at 4; Save One Bank PA 1-396-794, *id.* at 8; and S.O.B. PA 1-788-514, *id.* at 6.

19   As alleged in the Complaint, Plaintiff conveyed proprietary information in his pitch

20   to Defendants between 2010 to 2015.  ECF No. 1 ¶ 19.  During these talks, Plaintiff

21   presented his copyrighted video game ideas of Save One Bank and Stock Picker to

22   Defendants.  Plaintiff further alleges that portions of the game scripts were

23   misappropriated by Defendants and used in Call of Duty: Infinite Warfare.  *Id.* ¶ 21.

24   For purposes of this motion, sanctions should only be imposed if no competent

25   attorney could make a plausible, good faith argument in support of Plaintiff's claims.

26   *See Goel v. Coal. Am. Holding Co., Inc.*, 2013 WL 12122302, at *6 (C.D. Cal. Feb.

27   26, 2013).  The Court is not tasked with determining the merits of the case.

28

As argued above, the factual allegations are not frivolous.  In turn, the legal consequences that flow from these allegations are non-frivolous.

The facts as alleged and found through a detailed investigation by counsel for Brooks show that these game scripts were shared with Rockstar and passed onto Activision.  Ferguson Decl. ¶¶ 7, 8, 10.  As alleged in the Complaint and as set forth above, it is alleged that the artistic expression from these scripts was used by Activision in its game, game trailers, and game advertisements.  ECF No. 1 ¶¶ 28, 42, 46.

### b.      Trademark Infringement

Trademark infringement occurs when:

> Any person who shall, without consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in commerce with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; . . . shall be liable in a civil action by the registrant for the remedies hereinafter provided . . . .

15 U.S.C. § 1114.

Plaintiff has registered trademarks for the mark SHON BROOKS.  ECF No. 1, Ex. A at 1.  It is clear, and has been admitted by Activision, that a character in its game Call of Duty: Infinite Warfare has the name SEAN BROOKS.  The Complaint alleges that the use by Activision of SEAN BROOKS has and is likely to cause confusion with consumers.  ECF No. 1 ¶ 33.  For these reasons, Plaintiff's alleged violation of section 32(b) of the Lanham Act is not objectively legally baseless.

### c.      Commercial Appropriation of Likeness

The Complaint also alleges a legally plausible claim of misappropriation of Plaintiff Shon Brooks' name, likeness, and persona.  ECF No. 1 ¶¶ 55-62. Activision indisputably utilizes Shon Brooks' name in its Call of Duty character

Sean Brooks.  The Complaint alleges that Activision has taken the name and likeness of its Plaintiff and used them without Plaintiff's permission.  ECF No. 1 ¶ 56.

> Any person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner, on or in products, merchandise, or good, or for purposes of advertising or selling, or soliciting purchases of, products, merchandise, goods or services, without such person's prior consent,…shall be liable for any damages sustained by the person or persons injured as a result thereof.

Cal. Civ. Code § 3344(a).

The character Sean Brooks in Activision's game Call of Duty: Infinite Warfare game uses Shon Brooks name and likeness.  ECF No. 1 ¶ 25.  The likeness as alleged in the Complaint is that the Call of Duty character, similar to the real-life Shon Brooks and the Shon Brooks character in the Brooks game scripts, has the same name, travels in space and battles in the same locations in both games.  ECF No. 1 ¶¶ 23, 25-26.  Defendant's claim that no attorney conducting an objectively reasonable inquiry could claim in good faith that such claims are warranted under existing law is without support.  Even if the evidence relied upon would be insufficient to survive a motion for summary judgment, that does not mean the claim is factually unfounded for purposes of Rule 11.  *Stitt v. Williams*, 919 F.2d 516, 527 (9th Cir. 1990).

Activision contends that the Sean Brooks' image in the Call of Duty and Shon Brooks' appearance in real life are so distinct that it could not be considered misappropriation.  *See* ECF No. 34-1, at 7; ECF No. 34-2 ¶ 4.  This assertion ignores the fact that Plaintiff alleges that Defendants used his *name* without his consent and that the character he created in his copyrighted video game scripts was misappropriated.  The fact that Shon Brooks is black and the Sean Brooks character is white with an Irish accent does not automatically render the intellectual property infringement allegations frivolous.

Activision attempts to denigrate Plaintiff's celebrity status in arguing that his legal claims under Cal. Civ. Code § 3334(a) are baseless.  Mayer Decl., ECF No. 34-

2 ¶ 6.  This attempt to belittle his business enterprise or celebrity status is inconsequential to the allegations that Defendants used his name and likeness without his prior consent.  Shon Brooks holds the rights to his name, persona, and likeness, and if the allegations are proven to be true, Activision would be liable under Cal. Civ. Code § 3344(a).

For these reasons, the legal bases for Plaintiff's claims are objectively reasonable.

### 3.     Procopio Conducted a Reasonable Pre-Filing Investigation.

Activision's Motion should be denied because Procopio filed suit based on its reasonable investigation into Activision's infringement.  Ferguson Decl. ¶¶ 5-10.  "Rule 11's requirement of a 'reasonable inquiry' means an inquiry reasonable under 'all the circumstances of a case.' " *Muhammad*, 2017 WL 2578915, at *5 (citing *Townsend v. Holmes Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir. 1990). This determination is highly fact-intensive.  *See id.*

In a copyright infringement suit over toy dolls, the Ninth Circuit held that counsel for the maker of the Claudene doll failed to conduct an adequate factual investigation when counsel would have known by inspecting the copyright information inscribed on the back of the defendant's doll's head. *Christian*, 286 F.3d at 1129.  Under the doctrine of prior creation, the district court held that the lawsuit was factually meritless because defendant's allegedly infringing Barbie dolls had been created prior to plaintiff's doll. *Id.* at 1128 & n.6.  In an attempt to resuscitate his frivolous suit, plaintiff's counsel deluged the district court with supplemental filings which contributed to the district court's Rule 11 determination. *See id.* at 1129.  The district court also determined that plaintiff's counsel behaved "boorishly" during discovery and had a history of prior litigation misconduct. *Id.* at 1121.

1    Unlike the attorney's failure to investigate in *Christian*, Procopio's

2   investigation exceeded the reasonable investigation requirement of Rule 11. The

3   Complaint as filed is based on facts and evidence which were known at the time of

4   filing and the causes of action as alleged were based on these facts and evidence.

5   There was adequate pre-filing investigation which spanned six months before the

6   action was filed. *See* Ferguson Decl. ¶¶ 5-10. Procopio conducted a pre-filing

7   investigation that included: (1) numerous meetings and phone calls with the client;

8   (2) reviewing all documents provided by client Brooks Entertainment which

9   included numerous emails between Rockstar employees and the client along with

10   documents provided to Rockstar which included copyrighted game scripts prepared

11   by Brooks; (2) reviewing the United States Copyright Office Records and the deposit

12   material provided by the entity who filed these copyrights on behalf of Brooks; (3)

13   reviewing the trademarks relevant to this action owned by Brooks and the

14   prosecution histories; (4) reviewing the Call of Duty Game trailer, game excerpts,

15   summaries, internet advertising clips; (5) conducting an extensive search of publicly

16   available information including publications, websites, blogs and internet articles on

17   Activision, Call of Duty: Infinite Warfare, Sam Houser, Gordon Hall, and Sara

18   Shafer. Ferguson Decl. ¶¶ 5-10.

19    As stated above, Rule 11 requires a reasonable inquiry into the law and facts,

20   as well as certification that the allegations are "warranted" and "have evidentiary

21   support." Fed. R. Civ. P. 11(b). Brooks and its counsel conducted more than a

22   reasonable pre-suit inquiry, and filed a non-frivolous complaint. *See Muhammad*,

23   2017 WL 2578915, at *5-*6

24    **C.    Even if the Court Deems the Filing of the Complaint to be**
25   **Improper, the Court Should Exercise Its Discretion Against**
     **Imposing Monetary or Non-Monetary Sanctions.**

26    Under these facts, the Court should exercise its discretion against imposing

27   any sanction at all. The language of the Rule is not mandatory, it is discretionary.

28

1   "[U]nder Federal Rule of Civil Procedure 11(c)(1), the court has broad discretion in

2   determining whether sanctions should be imposed at all (the 1993 amendments made

3   the award of sanctions discretionary rather than mandatory in the face of a Rule 11

4   violation) and, if so, what sanctions to impose." *Simpson v. California Pizza Kitchen,*

5   *Inc.*, 2013 WL 12114487, at *5 (S.D. Cal., 2013); Fed. R. Civ. P. 11(c)(1) ("the court

6   *may* impose an *appropriate* sanction") (emphasis added). Indeed, the Advisory

7   Committee's Notes instruct that "[t]he court has significant discretion in determining

8   what sanctions, *if any*, should be imposed for a violation . . . ." Fed.R.Civ.P. Comm.

9   Notes-1993 Amend. (emphasis added).

10        If this Court determines that some form of sanction is warranted, it should be

11   nonmonetary.  Indeed, the Advisory Committee Notes to Rule 11 explain, "The rule

12   does not attempt to enumerate . . . what sanctions would be appropriate in the

13   circumstances; but for emphasis, it does specifically note that a sanction may be

14   nonmonetary . . . ." *Id.*; *Hucul v. Mathew-Burwell*, 2017 WL 476547, at *7 (S.D.

15   Cal., 2017) ("even if sanctions are appropriate in this case, the Court is convinced

16   that a dismissal of Plaintiff's Complaint with prejudice is an adequate sanction.").

17        "It follows that, in awarding attorney fees to the opposing party, the

18   reasonableness of the fees claimed (hours expended, rates charged, etc.) is not

19   determinative.  Rather, the test is whether the amount is *excessive* as a *sanction* to

20   serve the *deterrent* purpose of Rule 11."  The Rutter Group, *supra*, ¶ 17:511

21   (emphasis added); *see* Fed. R. Civ. P. 11(c)(4) ("A sanction imposed under this rule

22   must be limited to what suffices to deter repetition of the conduct or comparable

23   conduct by others similarly situated."); *W.V. ex rel. N.V. v. Encinitas Union Sch.*

24   *Dist.*, 289 F.R.D. 308, 315 (S.D. Cal. 2012) ("Under Rule 11(c)(1), the Court may

25   impose an 'appropriate' sanction.  Under Rule 11(c)(4), the sanction 'must be limited

26   to what suffices to deter repetition of the conduct or comparable conduct by others

27   similarly situated.' This can, if warranted, mean an award of reasonable attorney's

28

1  fees or other costs, both for the sanctionable behavior and for the motion.").  In this
2  case, no discovery has occurred, and only  the initial pleadings have been filed.  This
3  is not a case where sanctions are warranted at all, let alone monetary sanctions.

4      Even if this Court finds a Rule 11 violation occurred, there are no "unusual
5  circumstances" at issue here such as an improper purpose warranting any monetary
6  payment to Defendant.  Thus, an award of attorney's fees is unnecessary for effective
7  deterrence against Plaintiff's counsel. *W.V. ex rel. N.V.*, 289 F.R.D. at 315 ("here, the
8  Court is not convinced an award of attorney's fees is necessary for effective
9  deterrence.").

10 **IV.   CONCLUSION**

11     As set forth above, Activision clearly does not meet the exceptional
12 circumstances standard for seeking sanctions under Rule 11, and this Motion should
13 be denied.

14

15

16 DATED: April 28, 2022              PROCOPIO, CORY, HARGREAVES &
17                                    SAVITCH LLP

18
                                     By:  /s/ *Lisel Ferguson*
19                                       Lisel M. Ferguson
20                                       Tiffany Salayer
                                         Attorneys for Plaintiff
21                                       *Brooks Entertainment, Inc.*

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2   The undersigned hereby certifies that a true and correct copy of the above and

3 foregoing document has been served on April 28, 2022 to all counsel of record who

4 are deemed to have consented to electronic service via the Court's CM/ECF system.

5

6        /s/Lisel M. Ferguson

         Lisel M. Ferguson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BROOKS ENTERTAINMENT, INC.'S RESPONSE TO MOTION FOR SANCTIONS

130558-00LIT001/5817017.3   CASE NO. 3:21-CV-02003-TWR-MDD  543411.7