# EXHIBIT "1"

EXHIBIT 1
Page 9



PROCOPIO
525 B Street
Suite 2200
San Diego, CA 92101
T. 619.238.1900
F. 619.235.0398

LISEL M. FERGUSON
P. 619.515.3207
lisel.ferguson@procopio.com

DEL MAR HEIGHTS
LAS VEGAS
ORANGE COUNTY
PHOENIX
SAN DIEGO
SILICON VALLEY

October 8, 2021

**FEDEX AND EMAIL: ROB.KOSTICH@ACTIVISION.COM;**
**BKOTICK@ACTIVISION.COM; RKOTICK@ACTIVLINK.COM;**
**SAM.HOUSER@ROCKSTARGAMES.COM**

*THIS LETTER IS INTENDED FOR*
*SETTLEMENT PURPOSES ONLY PURSUANT TO*
*FEDERAL RULES OF EVIDENCE 408*

ACTIVISION BLIZZARD, INC.                     ROCKSTAR GAMES, INC.
Bobby Kotick, Chief Executive Officer         SAM HOUSER, CEO
Rob Kostich, President                        622 BROADWAY
3100 Ocean Park Boulevard                     NEW YORK, NY 10012
Santa Monica, California 90405

    Re:    Trademark and Copyright Infringement

Dear Sirs:

        This firm represents Brooks Entertainment, Inc. ("Brooks") of San Diego, California.  Our client is a financial and entertainment consultant corporation which helps its customers build their financial empire safely and hosts a TV Show aimed at encouraging and empowering youth to take control of their destiny and become successful adults.  Brooks holds many copyrights and trademarks for its works.  It owns the mark for SHON BROOKS Registration No. 5653242 in class 41 for "television show production of an entertainment variety, namely, producing a continuing variety show that highlights different celebrity guests, and producing cinema films for television, broadcasted over television, audio and digital video media".  This mark has been used continuously in commence since 1986 and has become very well known.  Brooks has multiple United States Copyright Registrations for its games STOCK PICKER and SAVE ONE BANK which feature Financial Planner and TV Talk

130558-000IPGEN/5473040.4

**EXHIBIT 1**
**Page 10**



Show Personality Shon Brooks teaching students financial literacy through these interactive games. (The trademarks and copyrights owned by Brooks are herein after referred to as "Brooks IP")

It has come to our client's attention that Activision Blizzard, Inc. ("Activision") is the producer of the game "Call of Duty: Infinite Warfare" ("Call of Duty") which infringes upon Brooks IP. We have also learned that Rockstar Games, Inc. ("Rockstar") was the one who shared Brooks' copyrighted scripts and images with Activision. The lead character, many of the scenes, the premise, the story lines and other characters in this game were stolen from Brooks' games Save One Bank and Stock Picker. From 2010 and through 2015 Brooks was talking to and provided a pitch to Blizzard, Activision and Rockstar Games, Inc. to create a game. Many meetings and emails were exchanged between these parties through the following individuals Sarah Shafer and Michael Dabney of Blizzard partnerships by way of Rockstar Games, Inc., Gordon Hall of Blizzard/Activision and Sam Houser of Rockstar.

Brooks created and copyrighted two games by the names of Save One Bank and Stock Picker in 2003 and 2010. The script, proposal, images and details for this game were provided to Rockstar and Activision during the talks between the parties. In 2016 the "Call of Duty" game was released to the public. Activision along with Rockstar used the main character, scripts, images and details it was given in confidence by Brooks to develop this infringing game. First, the game uses the trademark, personal name, likeness and character of Brooks founder as its main character. Shon Brooks is well known and has deep ties with the NFL football games and other sports channels. Secondly, many aspects of the copyrighted script were stolen, just a very short list of stolen items includes the following:

1) Sean (Shon) Brooks has missiles at disposal;
2) Save One Bank is uniquely played in First Person Shooter and Third Person Shooter and Call of Duty copied the same format and is played in First Person Shooter and Third Person Shooter;
3) Both games are played offshore;
4) The main characters of the games both bring thieves to justice;
5) Shon Brooks has unlimited resources being an undercover agent of the Crystal Bank. Shon Brooks has access to not only financial means, but access to the latest cars, planes, boats and upscale computer technologies and Sean Brooks in the Call of Duty game copied this by having unlimited resources;
6) Shon Brooks navigates through both exotic and action-packed locations and Sean Brooks navigates thru both exotic and action-packed locations;
7) Shon Brooks controls character during a single and multiplayer campaign and experience and Sean Brooks controls character during a single and multiplayer campaign and experience;
8) Save One Bank script has a day and a night mode for the game and Call of Duty script has a day and night mode for the game;
9) Shon Brooks travelled to the Red Planet or Mars and Sean Brooks travelled to the Red Planet or Mars;
10) Save One Bank script has red orbit sky and COD now has red orbit sky which is identical;

130558-000\IPGEN/5473040.4

procopio.com

**EXHIBIT 1**
**Page 11**



11) Shon Brooks scripted game battle scenes take place in a high fashion couture shopping center mall and Sean Brooks scripted game battle scenes take place in a high fashion couture shopping center mall.

Chapter 106 of Title 17 of the United States Code protects our client's exclusive rights to reproduce the copyrighted works, to make derivatives based on the copyrighted works, to distribute copies of the copyrighted works by selling or profiting from them, and to display the copyrighted works. Your actions in creating a video game which infringes upon our client's copyright violates copyright laws and expose you to substantial damages. Furthermore, by using our client's mark SHON BROOKS and his personal likeness, you are violating trademark laws pursuant to Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and commercially appropriating Mr. Brooks name and likeness, all of these acts further constitute unfair competition under Section 43(a) of the Lanham Act, and all render you liable for substantial damages. Your companies' infringement may also result in an injunction to prevent further use of our client's trademark, likeness and copyrights by your companies and prohibit all of you from further sales of the "Call of Duty" game. Your companies are exposed to significant liability in monetary damages, punitive damages, statutory damages, and attorney's fees to our client. Our client will vigorously protect its IP rights.

To remedy your infringement, we demand the following:

1. Your company immediately cease and desist from distributing the game "Call of Duty" and any other confusingly similar games which infringe upon Brooks' IP;

2. You pay Brooks the amount of 10% of the gross sales that you have earned to date on the "Call of Duty" game to compensate it for past damages; and Brooks Entertainment Inc be listed as Co-Publisher, Creator, and receive all Award Accolades for the Call of Duty: Infinite Warfare game. in addition to the SEAN BROOKS character be morphed into the SHON BROOKS with Brooks Entertainment Inc. being the Publisher/Creator due to the Diamond Unit of success status derived from the game that we solely created.

3. Within 10 days after receipt of this letter, that your companies provide us with written assurance that all of you have complied with our demands as identified above.

We expect you to cooperate and comply with Brooks' demands within ten (10) days. However, if you fail to do so, and we have to bring suit, we will vigorously pursue all legally available rights and remedies, including, but not limited to: (1) complete disgorgement of profits, without offsets for general overhead expenses; (2) a damages award based on the damage to Brooks; (3) an injunction and turnover order preventing you from selling infringing copies of Call of Duty; (4) an order seizing any equipment used to make infringing copies; (5) an award of the costs of a lawsuit and attorney's fees; (6) at the Court's discretion, an award of up to triple the damages; and (7) further enhancement of the award of profits, if the recovery is considered inadequate.

130558-000IPGEN/5473040.4

procopio.com

**EXHIBIT 1**
**Page 12**



 

 

 

The above is without any prejudice to our client's trademark rights and copyrights.  If we do not hear from your company regarding your compliance with the above demand, we will assume that your company is not interested in resolving this matter and our client will take all necessary actions to protect its rights.  For now, if you have any questions or wish to discuss this further, please contact me at (619) 515-3207 or lisel.ferguson@procopio.com.

We anticipate a response from you.


Very truly yours,

Lisel M. Ferguson
Partner, of
Procopio, Cory, Hargreaves & Savitch LLP

LMF

procopio.com

**EXHIBIT 1**
**Page 13**

# EXHIBIT "2"

EXHIBIT 2
Page 14



# United States of America
## United States Patent and Trademark Office

# Save One Bank

**Reg. No. 4,287,528**

**Registered Feb. 12, 2013**

**Int. Cl.: 9**

**TRADEMARK**

**PRINCIPAL REGISTER**

BROOKS ENTERTAINMENT INC. (CALIFORNIA CORPORATION)
P.O. BOX 181205
CORONADO, CA 92178

FOR: COMPUTER APPLICATION SOFTWARE FOR MOBILE PHONES AND HANDHELD COMPUTING DEVICES, NAMELY, SOFTWARE FOR A FINANCIALLY-INSPIRED GAME THAT FOCUSES ON THE ECONOMY, THAT INCORPORATES BANK FRAUD, STOCKS, INSURANCE, MONEY, OF ILLEGAL MISAPPROPRIATION, WITH REFERENCES TO REAL-LIFE PERSONALITIES OF VARIOUS RENOWN; TRADING CARDS IN THE FORM OF CDS; VIDEO GAME DISCS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-1-2010; IN COMMERCE 6-1-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BANK", APART FROM THE MARK AS SHOWN.

SER. NO. 85-327,394, FILED 5-23-2011.

INGA ERVIN, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

**EXHIBIT 2**
**Page 15**

<div style="border:1px solid black; padding:10px;">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

<div style="border:1px solid black; padding:10px;">

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

</div>

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO.  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the USPTO website for further information.   With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**EXHIBIT 2
Page 16**

# EXHIBIT "3"

EXHIBIT 3
Page 17

# Frankfurt Kurnit Klein + Selz PC

**Jesse W Klinger**

28 Liberty Street, New York, New York 10005

T (212) 826-5574 F (347) 429-8963

jklinger@fkks.com

October 27, 2021

**VIA E-MAIL (lisel.ferguson@procopio.com)**

Lisel M. Ferguson

Procopio, Cory, Hargreaves & Savitch LLP

525 B Street, Suite 2200

San Diego, CA 92101

RE:   <u>Trademark and Copyright Infringement</u>

Dear Ms. Ferguson:

We represent Take-Two Interactive Software, Inc. ("Take-Two"), the parent company of Rockstar Games, Inc. ("Rockstar"). We write in response to your letter to Rockstar, dated October 8, 2021, alleging that the video game *Call of Duty: Infinite Warfare* ("Call of Duty") infringed Brooks Entertainment, Inc.'s ("Brooks") intellectual property. Your allegations toward Rockstar are misdirected. Rockstar did not produce or develop Call of Duty and does not control or derive any revenue from the game. To Take-Two's knowledge, that is entirely within the domain of Activision Blizzard, Inc. ("Activision")—a competitor with no relationship to Take-Two or Rockstar. Any allegation that Rockstar "develop[ed]" or "profit[ed]" from Call of Duty is simply incorrect.

To that end, even if the alleged similarities between Call of Duty and your client's intellectual property existed and were actionable, which we do not concede, Rockstar would not be an appropriate party from which to seek the requested relief. Rockstar cannot "immediately cease and desist from distributing the game 'Call of Duty,'" for example, because it does not distribute Call of Duty. Nor can Rockstar pay Brooks a percentage of the gross sales from Call of Duty because it does not sell or earn revenue from Call of Duty. All of your allegations and demands appear to be directed exclusively towards Activision.

If there are any documents in your possession that you believe substantiate Brooks's claim against Rockstar, we would be happy to review them. Otherwise, we consider this matter closed as far as Take-Two and Rockstar are concerned. The foregoing is not intended to be a complete statement of the facts or the law, nor a waiver of any rights or remedies, all of which are expressly reserved.

Sincerely,

/s/ *Jesse W. Klinger*

Jesse W. Klinger

**EXHIBIT 3**
**Page 18**

# EXHIBIT "4"

EXHIBIT 4
Page 19



**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Marc E. Mayer
A Professional Corporation
(310) 312-3154 Phone
(310) 231-8354 Fax
mem@msk.com

January 7, 2022


**VIA E-MAIL ONLY (LISEL.FERGUSON@PROCOPIO.COM; TIFFANY.SALAYER@PROCOPIO.COM)**


Lisel Ferguson, Esq.
Tiffany Salayer, Esq.
Procopio, Cory, Hargreaves and Savitch LLP
525 B St., Suite 2200
San Diego, CA 92101

**Re:    Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD**

Dear Lisel and Tiffany:

As you know from our conversation last month, we are counsel for Activision Blizzard, Inc. ("Activision") in the above-captioned lawsuit.

We have carefully reviewed your Complaint with our client and conducted an initial investigation of the factual allegations.  I am writing to advise you that the Complaint contains serious factual misrepresentations and errors, and that the claims set forth therein are both factually and legally frivolous.  Accordingly, by this letter we wish to offer you and your client the opportunity to voluntarily dismiss the Complaint before our client is required to incur additional legal fees litigating this case and filing dispositive motions.  Specifically, we intend to file a motion to dismiss the First and Second Claims for Relief under Rule 12(b)(6), and to file a Special Motion to Strike the Third Claim for Relief under California's SLAPP statute, Cal. Civ. Code §425.16.  By this letter, we wish to commence the meet-and-confer process with respect to these motions, pursuant to Paragraph III.A.1 of Judge Robinson's Standing Order.

Additionally, we wish to advise you, as a professional courtesy, that if you are unwilling to dismiss the Complaint, we are prepared to serve your office with a motion for sanctions under Fed. R. Civ. P. 11.  This is not something that we do lightly or without serious consideration.  Indeed, we rarely serve and file such motions, reserving them for only the most egregious instances.  However, the Complaint reflects such a blatant failure of pre-filing investigation and overt disregard for both the facts and the law that we feel we have little choice but to bring this matter to the Court's attention and seek compensation directly from your office for the fees incurred by Activision.  Our decision to pursue such sanctions is further enforced by the fact that you are experienced intellectual property lawyers at a prominent San Diego firm.  Thus, you certainly should know better than to file and pursue a Complaint that is as frivolous as this one.

2049 Century Park East, 18th Floor, Los Angeles, California 90067-3120
Phone:  (310) 312-2000  Fax:  (310) 312-3100  Website: WWW.MSK.COM

13866637.1

**EXHIBIT 4
Page 20**



Lisel Ferguson, Esq.
January 7, 2022
Page 2

So that you may seriously and carefully consider the matters set forth in this letter, we provide a few examples of some of the most blatant and obvious misrepresentations and falsehoods.

## False Allegations Concerning The Game(s) At Issue

After reading the Complaint, one is left to wonder whether you or your client ever played any *Call of Duty* game (especially *Call of Duty: Infinite Warfare*), or, for that matter, any contemporary AAA video game.

Additionally, we are left to wonder whether you ever reviewed any of your client's purported copyrighted materials, including any purported "designs, story lines, video game concepts, textual material, and graphics" that you allege were registered with the U.S. Copyright Office. In our call last month, you admitted to us that you were not in possession of any deposit copies for the alleged copyright registrations. Thus, you certainly did not review those before filing your complaint.

We asked you in our call if you would provide us with the materials that your client alleges to have been "stolen" by Activision so that we could conduct our own investigation of the claims. You apparently decided not to extend that courtesy and to keep these materials secret (if they exist at all). But based on our research, by your client's own admission, both of your client's purported "games" are (or were intended to be) educational games designed to teach children about financial management and banking. In Plaintiff's own words:

- "Stock Picker" "will teach students the ins and outs of picking stocks in the stock market. Students cross country will compete for real prizes and real rewards with play money."[1]

- "Save One Bank" is a game in which "[a]gents at Save One Bank will embark on a mission in 18 months to doggedly pursue greedy financial executives. They'll confront villains who are misappropriating money, pummel them in fistfights and collar them one by one. Most of the agents won't always understand the intricacies of the financial industry - they'll learn on the job."[2]

Had you played *Call of Duty: Infinite Warfare* (or any *Call of Duty* game), you would have immediately realized the following:

- The *Call of Duty* games have nothing at all to do with financial management, the economy, the stock market, financial executives, and banks. They are military shooters in which the player engages in fast-paced infantry combat from the point-of-view of a soldier or elite operative.

- None of the "scenes, the premise, the story lines, and character types" were "stolen" from your client's concepts for "Stock Picker" or "Save One Bank." While each game (with the exception of *Call of Duty: Black Ops 3* and *Call of Duty: Warzone*) includes a story-based

---

[1] https://www.prlog.org/11929943-shon-brooks-named-superhero-financial-planning-magazine.html
[2] https://www.financial-planning.com/news/the-financial-plans-of-superheroes

**EXHIBIT 4**
**Page 21**



Lisel Ferguson, Esq.
January 7, 2022
Page 3

"campaign" mode, these campaigns do not involve picking stocks or pursuing financial executives.  Rather, the campaigns place players in the middle of iconic historical battles (e.g. the siege of Leningrad, the Normandy landing, the Vietnam War, the invasion of Panama, the civil war in Angola, the American mission in Afghanistan) or in the middle of a present-day or future political thriller (akin to novels by Tom Clancy, James Patterson, or Robert Ludlum) involving terrorists, civil wars, and secret political organizations.

● The character "Sean Brooks" appears in only a *single* game – *Call of Duty: Infinite Warfare* – not 13 games, as alleged in your Complaint.  He also is not the "main character." Sean Brooks is a non-player (i.e. computer controlled) character who appears only in the single-player campaign mode and has a relatively minor role in the game.  Contrary to your allegations, "Sean Brooks" does not appear in any *Call of Duty* tournaments, in *Call of Duty: Warzone*, or any online multiplayer mode.

● The "Sean Brooks" character in *Call of Duty: Infinite Warfare* is a Caucasian, Irish military Corporal with the United Nations Space Alliance.  He wears futuristic armor and speaks with an Irish accent.  He looks, sounds, and acts nothing like your client, who is African-American, wears a suit and tie in all of his public appearances and press releases, and is not an active military officer.

● Sean Brooks does not have "unlimited resources" in the game.  He is a Corporal on a military space vehicle who provides assistance to the main character.  The player is not able to cause Sean Brooks to buy or sell "the latest cars, planes, boats, and upscale computer technology."  (In fact, there are no cars, planes, or boats in *Call of Duty: Infinite Warfare.*)

● Activision does not have a "gambling platform," far less one in which Sean Brooks is the "main character."  Additionally, Activision does not offer an "e-subscription" that allows players access to its entire catalog of games.

● *Call of Duty* is not "played in… Third Person Shooter."  It is a first-person shooter.  The camera reflects the character's point of view.  It also does not have a "day and night mode;" missions take place at particular times of day.

● *Call of Duty: Infinite Warfare* does not take place in a "high fashion couture shopping center mall."  It takes place in space.  It also is not about bringing "thieves to justice;" it is about a hypothetical future war between the United Nations and terrorist rebel groups seeking to control the solar system's natural resources.

## Misrepresentations Concerning Communications With Activision.

Your Complaint alleges that "from 2010 and through 2015" your client "was talking to and provided a pitch to Blizzard [and] Activision…."  You also allege that "many meetings and emails were exchanged between these parties through the following individuals Sarah Shafer who worked for Rockstar and was a partner with of[sic] Blizzard, Gordon Hall of Blizzard/Activision and Sam Houser of Rockstar."

**EXHIBIT 4**
**Page 22**



Lisel Ferguson, Esq.
January 7, 2022
Page 4

As you apparently realize, Sam Houser and Sarah Shafer do not work for Activision, and have never worked for Activision. We do not understand what you mean when you allege that Sarah Shafer was a "partner" with Blizzard, but we are unaware of any "partnership" with Ms. Shafer. Moreover, Blizzard did not create or develop *Call of Duty*.

As for Gordon Hall, he worked in Activision's mobile division **in the UK** for a short period of time (from 2012 to 2014). Based on our investigation, Mr. Hall never took a "meeting" with Mr. Brooks, and we find it highly unlikely that any such meeting would have taken place. We assume that you do not possess any evidence of any such meeting, or you would have provided at least some facts about that meeting in your Complaint.

### Claims Without Good Faith Legal Basis

Even taking your allegations on their face, each of your client's three intellectual property claims are frivolous as a matter of law.

**Copyright Infringement**. As you certainly know, to state a claim for copyright infringement you must allege that Activision's game(s) copied ***protectable*** elements from your client's works. If "the similarity concerns only noncopyrightable elements of plaintiff's work," then the claim cannot move forward. *See Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996). Additionally, "scenes a faire" and "sequences of events that necessarily result from the choice of a setting or situation, do not enjoy copyright protection." *Id.*

We find it notable that your Complaint fails to even once describe the nature or content of your client's purported game (or game concepts). Obviously, that is because you are well aware that the games are so dissimilar to *Call of Duty* that no court could find substantial similarity (including as to themes, plot, sequence of events, characters, and mood.) Instead, you resort to a smattering of random purported similarities. Those purported similarities not only are incorrect (as noted above) or incomprehensible (e.g. what is a "red orbit sky"?), but they are so generic that they could apply to virtually every modern video game.

Indeed, your list of purported similarities again indicates to us that you and your team apparently never bothered to pick up and actually play *Call of Duty* or any other game in its genre, such as *Battlefield, Medal of Honor, Far Cry, Halo, Doom, Rainbow Six, Goldeneye 007, Titanfall,* or any first-person shooter released in the last two decades. Had you done so, you would have realized that almost every big-budget game features "exotic locations," takes place during both night and day, has a single-player and multiplayer mode, and includes "fancy cars" or "missiles." Of course, if it were copyright infringement to include space travel, thieves, fancy cars, and exotic locations in a work of fiction then virtually every James Bond, Tom Cruise, Dwayne "the Rock" Johnson, or Arnold Schwarzenegger film (or, for that matter, every Hollywood action blockbuster) would infringe your client's purported copyrights.

**Trademark Infringement**. We are very surprised that as experienced intellectual property practitioners, you are not familiar with *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989) and its progeny, including *ESS Entertainment 2000 v. Rock Star Videos*, 547 F. 3d 1095 (9th Cir. 2008),

**EXHIBIT 4**
**Page 23**



Lisel Ferguson, Esq.
January 7, 2022
Page 5

*Brown v. Electronic Arts, Inc.,* 724 F. 3d 1235 (9th Cir. 2013); *Mil-Spec Monkey, Inc. v. Activision Blizzard, Inc.,* 74 F.Supp.3d 1134, 1140 (N.D.Cal.2014); and *Novalogic, Inc. v. Activision Blizzard,* 41 F. Supp. 3d 885, 900-01 (C.D. Cal. 2013). Your trademark claims, which apparently arise from the use of "Sean Brooks" as the name of a character in a video game, are wholly barred by this well-established authority.

**Right of Publicity**. As you will recall, during our phone call I requested that you take a moment to compare images of Sean Brooks the space soldier with Frances Shatone "Shon" Brooks the financial and entertainment consultant. If you have done so, then we trust you will agree that your client simply has no claim, as the two are nothing alike. *See Polydoros v. Twentieth Century Fox Film Corp.,* 67 Cal. App. 4th 318 (1997). In fact, even their names are spelled differently. Quite frankly, it is inconceivable to us how you could seriously conclude that the assertion of this claim does not run afoul of Rule 11.

## Additional Misrepresentations and Inconsistencies

The foregoing is not intended to be exhaustive, but rather to put you on notice of some of the most immediate factual and legal problems with the Complaint. We also expect that if this case moves forward past the pleading stage (which we believe is unlikely), we will discover many more falsehoods, including false statements about your client and its intellectual property. To provide just a few examples:

● Plaintiff's trademark registration claims that its first use in commerce of the SHON BROOKS mark was in 1986. However, Plaintiff did not exist in 1986, and by your own admission was not formed until 2002. We have confirmed this through review of Plaintiff's corporate filings.

● Plaintiff's copyright registration for "S.O.B." is not for a game, but for your client's purported "S.O.B." television interview program.

● Mr. Brooks did not "appear on 'the Simpsons.'" He once attended a party where he posed for a photograph with actors dressed as Simpsons characters and posted that photograph online.

● Amazon does not "manufacture" Shon Brooks merchandise; it sells clothing with logos apparently uploaded by "Fran Shatone." It also does not sell "computer technology toys" featuring a "Shon Brooks" trademark.

● No person ever has been actually confused into believing that plaintiff is the source or sponsor of a *Call of Duty* game because it includes a character named "Sean Brooks."

\*\*\*

We trust that you will take seriously the issues raised in this letter and will reconsider your decision to pursue this lawsuit. We also trust that you will advise your client of its exposure for Activision's attorneys' fees and costs, including under Section 505 of the Copyright Act and Cal.

**EXHIBIT 4**
**Page 24**



Lisel Ferguson, Esq.
January 7, 2022
Page 6

Civ. Code Section 3344, and will take into consideration your Firm's own liability under Rule 11.  Please also ensure that your client has been instructed to preserve all documents concerning this matter.

Please let me know when you are available to discuss this matter further.

The foregoing is not intended to be a complete recitation of all applicable law and/or facts, and shall not be deemed to constitute a waiver or relinquishment of any of Activision's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved.

Sincerely,

Marc E. Mayer
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

MEM/szm

# EXHIBIT "5"

EXHIBIT 5
Page 26

**Generated on:** This page was generated by TSDR on 2022-04-28 00:16:29 EDT

**Mark:** S.O.B

<div align="right">

S.O.B

</div>

| | | | |
|---|---|---|---|
| **US Serial Number:** | 87829671 | **Application Filing Date:** | Mar. 12, 2018 |
| **Filed as TEAS Plus:** | Yes | **Currently TEAS Plus:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Trademark | | |

**TM5 Common Status Descriptor:**



LIVE/APPLICATION/Opposition Pending

The pending trademark application has been examined by the Office and was published for opposition, at which time one or more oppositions were filed but they have not yet been decided.

**Status:** An opposition after publication is pending at the Trademark Trial and Appeal Board. For further information, see TTABVUE on the Trademark Trial and Appeal Board web page.

**Status Date:** Feb. 07, 2019

**Publication Date:** Nov. 20, 2018

## Mark Information

**Mark Literal Elements:** S.O.B

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

**Name Portrait Consent:** The name(s), portrait(s), and/or signature(s) shown in the mark does not identify a particular living individual.

## Foreign Information

| | | | |
|---|---|---|---|
| **Foreign Registration Number:** | 00109454959 | **Foreign Registration Date:** | Nov. 16, 2011 |
| **Foreign Application/Registration Country:** | DOMINICAN REPUBLIC | **Foreign Expiration Date:** | Mar. 15, 2022 |

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** (Based on Use in Commerce) (Based on 44(e)) Cigars

| | | | |
|---|---|---|---|
| **International Class(es):** | 034 - Primary Class | **U.S Class(es):** | 002, 008, 009, 017 |
| **Class Status:** | ACTIVE | | |
| **Basis:** | 1(a) 44(e) | | |
| **First Use:** | Jun. 16, 2011 | **Use in Commerce:** | Jun. 16, 2011 |

**EXHIBIT 5**
**Page 27**

# Basis Information (Case Level)

|  |  |  |  |
|---|---|---|---|
| **Filed Use:** | Yes | **Currently Use:** | Yes |
| **Filed ITU:** | No | **Currently ITU:** | No |
| **Filed 44D:** | No | **Currently 44E:** | Yes |
| **Filed 44E:** | Yes | **Currently 66A:** | No |
| **Filed 66A:** | No | **Currently No Basis:** | No |
| **Filed No Basis:** | No | | |

# Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Brooks Entertainment Inc. |
| **Owner Address:** | P.O. Box 181205<br>Coronado, CALIFORNIA UNITED STATES 92178 |
| **Legal Entity Type:** | CORPORATION |
| **State or Country Where Organized** | CALIFORNIA |

# Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | AMANDA V. DWIGHT | | |
| **Attorney Primary Email Address:** | adwight@dwightlawgroup.com | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | AMANDA V. DWIGHT<br>DWIGHT LAW GROUP<br>2603 MAIN STREET<br>SUITE 200<br>IRVINE, CALIFORNIA UNITED STATES 92614 | | |
| **Phone:** | 949-515-0003 | | |
| **Correspondent e-mail:** | adwight@dwightlawgroup.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

# Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Nov. 02, 2020 | ASSIGNED TO EXAMINER | 92560 |
| Feb. 07, 2019 | OPPOSITION INSTITUTED NO. 999999 | 246305 |
| Nov. 27, 2018 | EXTENSION OF TIME TO OPPOSE RECEIVED | |
| Nov. 20, 2018 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Nov. 20, 2018 | PUBLISHED FOR OPPOSITION | |
| Oct. 31, 2018 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Oct. 18, 2018 | LAW OFFICE PUBLICATION REVIEW COMPLETED | 68171 |
| Oct. 15, 2018 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Sep. 24, 2018 | TEAS/EMAIL CORRESPONDENCE ENTERED | 68171 |
| Sep. 24, 2018 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 68171 |
| Sep. 19, 2018 | TEAS REQUEST FOR RECONSIDERATION RECEIVED | |
| Sep. 04, 2018 | NOTIFICATION OF FINAL REFUSAL EMAILED | |
| Sep. 04, 2018 | FINAL REFUSAL E-MAILED | |
| Sep. 04, 2018 | FINAL REFUSAL WRITTEN | 92568 |
| Aug. 14, 2018 | TEAS/EMAIL CORRESPONDENCE ENTERED | 68171 |
| Aug. 14, 2018 | CORRESPONDENCE RECEIVED IN LAW OFFICE | 68171 |
| Aug. 08, 2018 | ASSIGNED TO LIE | 68171 |
| Jul. 21, 2018 | TEAS RESPONSE TO OFFICE ACTION RECEIVED | |
| Jun. 26, 2018 | NOTIFICATION OF NON-FINAL ACTION E-MAILED | 6325 |

**EXHIBIT 5**
**Page 28**

| | | |
|---|---|---|
| Jun. 26, 2018 | NON-FINAL ACTION E-MAILED | 6325 |
| Jun. 26, 2018 | NON-FINAL ACTION WRITTEN | 92568 |
| Jun. 19, 2018 | ASSIGNED TO EXAMINER | 92568 |
| Mar. 17, 2018 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Mar. 15, 2018 | NEW APPLICATION ENTERED IN TRAM | |

# TM Staff and Location Information

### TM Staff Information

| | | | |
|---|---|---|---|
| **TM Attorney:** | GAGLIARDI, JEANINE | **Law Office Assigned:** | LAW OFFICE 120 |

### File Location

| | | | |
|---|---|---|---|
| **Current Location:** | PUBLICATION AND ISSUE SECTION | **Date in Location:** | Oct. 18, 2018 |

# Proceedings

### Summary

| | |
|---|---|
| **Number of Proceedings:** | 2 |

### Type of Proceeding: Opposition

| | | | |
|---|---|---|---|
| **Proceeding Number:** | 91246305 | **Filing Date:** | Feb 07, 2019 |
| **Status:** | Pending | **Status Date:** | Feb 09, 2022 |
| **Interlocutory Attorney:** | YONG OH (RICHARD) KIM | | |

### Defendant

| | |
|---|---|
| **Name:** | Brooks Entertainment Inc. |
| **Correspondent Address:** | AMANDA V. DWIGHT<br>DWIGHT LAW GROUP<br>2603 MAIN STREET, SUITE 200<br>IRVINE CA UNITED STATES , 92614 |
| **Correspondent e-mail:** | adwight@dwightlawgroup.com |

#### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| S.O.B | Opposition Pending | 87829671 | |

### Plaintiff(s)

| | |
|---|---|
| **Name:** | Republic Technologies (NA), LLC |
| **Correspondent Address:** | ANTONY J MCSHANE<br>NEAL GERBER & EISENBERG LLP<br>2 NORTH LASALLE STREET, SUITE 1700<br>CHICAGO IL UNITED STATES , 60602 |
| **Correspondent e-mail:** | amcshane@nge.com , afraker@nge.com , ksmith@nge.com , temanuelson@nge.com , dcesek@nge.com , ecfdocket@nge.com |

#### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
|---|---|---|---|
| JOB | REGISTERED AND RENEWED | 73428884 | 1341384 |
| JOB | REGISTERED AND RENEWED | 71038276 | 73124 |
| JOB | REGISTERED AND RENEWED | 75702556 | 2432868 |
| JOB | REGISTERED AND RENEWED | 75675676 | 2420646 |

#### Prosecution History

| Entry Number | History Text | Date | Due Date |
|---|---|---|---|
| 43 | TRIAL DATES RESET | Feb 09, 2022 | |
| 42 | SUSP PEND DISP OF OUTSTNDNG MOT | Oct 12, 2021 | |
| 41 | D REPLY IN SUPPORT OF MOTION | Oct 12, 2021 | |
| 40 | P OPP/RESP TO MOTION | Oct 07, 2021 | |

**EXHIBIT 5**
**Page 29**

| 39 | D MOT TO W/DRAW ADMISSIONS | Sep 24, 2021 | |
| 38 | TRIAL DATES RESET | Sep 21, 2021 | |
| 37 | P MOT FOR EXT W/ CONSENT | Sep 15, 2021 | |
| 36 | PROCEEDINGS RESUMED | Aug 24, 2021 | |
| 35 | P RENEWED MOT FOR JUDGMENT | Jul 08, 2021 | |
| 34 | D APPEARANCE / POWER OF ATTORNEY | May 18, 2021 | |
| 33 | P RESP TO BD ORDER/INQUIRY | May 04, 2021 | |
| 32 | D RESP TO BD ORDER/INQUIRY | Apr 21, 2021 | |
| 31 | RESPONSE DUE | Apr 07, 2021 | |
| 30 | P OPP/RESP TO MOTION | Mar 24, 2021 | |
| 29 | D RESP TO BD ORDER/INQUIRY | Mar 17, 2021 | |
| 28 | P OPP/RESP TO MOTION | Jan 12, 2021 | |
| 27 | D MOT FOR EXT W/O CONSENT | Dec 31, 2020 | |
| 26 | RESPONSE DUE 30 DAYS (DUE DATE) | Dec 07, 2020 | Jan 06, 2021 |
| 25 | RESPONSE DUE 30 DAYS (DUE DATE) | Oct 29, 2020 | Nov 28, 2020 |
| 24 | P OPP/RESP TO MOTION | Oct 27, 2020 | |
| 23 | D REQ TO W/DRAW AS ATTORNEY | Oct 23, 2020 | |
| 22 | EXTENSION OF TIME GRANTED | Jul 24, 2020 | |
| 21 | P MOT FOR EXT W/ CONSENT | Jul 24, 2020 | |
| 20 | EXTENSION OF TIME GRANTED | Jun 08, 2020 | |
| 19 | P MOT FOR EXT W/ CONSENT | Jun 08, 2020 | |
| 18 | EXTENSION OF TIME GRANTED | Apr 24, 2020 | |
| 17 | P MOT FOR EXT W/ CONSENT | Apr 24, 2020 | |
| 16 | PROCEEDINGS RESUMED | Feb 24, 2020 | |
| 15 | P REPLY IN SUPPORT OF MOTION | Feb 03, 2020 | |
| 14 | D OPP/RESP TO MOTION | Jan 21, 2020 | |
| 13 | D APPEARANCE / POWER OF ATTORNEY | Jan 21, 2020 | |
| 12 | SUSP PEND DISP OF OUTSTNDNG MOT | Jan 21, 2020 | |
| 11 | P MOT TO COMPEL DISCOVERY | Jan 02, 2020 | |
| 10 | P MOT FOR SUMMARY JGT DENIED | Sep 30, 2019 | |
| 9 | P MOT FOR SUMMARY JGT DENIED | Sep 30, 2019 | |
| 8 | P REPLY IN SUPPORT OF MOTION | Jun 06, 2019 | |
| 7 | SUSP PEND DISP OF OUTSTNDNG MOT | May 20, 2019 | |
| 6 | D OPP/RESP TO MOTION | May 17, 2019 | |
| 5 | P MOT FOR SUMMARY JUDGMENT | Apr 18, 2019 | |
| 4 | ANSWER | Mar 19, 2019 | |
| 3 | PENDING, INSTITUTED | Feb 07, 2019 | |
| 2 | NOTICE AND TRIAL DATES SENT; ANSWER DUE: | Feb 07, 2019 | Mar 19, 2019 |
| 1 | FILED AND FEE | Feb 07, 2019 | |

## Type of Proceeding: Extension of Time

| Proceeding Number: | 87829671 | Filing Date: Nov 27, 2018 |
| Status: | Terminated | Status Date: Mar 20, 2019 |
| Interlocutory Attorney: | | |

### Defendant

| Name: | Brooks Entertainment Inc. |
| Correspondent Address: | BROOKS ENTERTAINMENT INC. P.O. BOX 181205 CORONADO CA , 92178 |
| Correspondent e-mail: | shonbrooks@sobcigars.com |

### Associated marks

| Mark | Application Status | Serial Number | Registration Number |
| --- | --- | --- | --- |

EXHIBIT 5
Page 30

| S.O.B | Opposition Pending | 87829671 |
|-------|---------------------|----------|

**Potential Opposer(s)**

| | |
|---|---|
| **Name:** | Republic Technologies (NA), LLC |
| **Correspondent Address:** | ANTONY J. MCSHANE<br>NEAL, GERBER & EISENBERG, LLP<br>2 NORTH LASALLE STREET, SUITE 1700<br>CHICAGO IL UNITED STATES , 60602 |
| **Correspondent e-mail:** | amcshane@nge.com , jcohen@nge.com , temanuelson@nge.com , lpalumbo@nge.com , ecfdocket@nge.com |

**Associated marks**

| Mark | Application Status | Serial Number | Registration Number |
|------|---------------------|----------------|----------------------|

**Prosecution History**

| Entry Number | History Text | Date | Due Date |
|--------------|--------------|------|----------|
| 2 | EXT GRANTED | Nov 27, 2018 | |
| 1 | FIRST 90-DAY REQUEST TO EXT TIME TO OPPOSE | Nov 27, 2018 | |

**EXHIBIT 5**
**Page 31**

# EXHIBIT "6"

EXHIBIT 6
Page 32

| From: | Ferguson, Lisel M. |
|---|---|
| To: | "Whitney, Craig"; Klinger, Jesse W. |
| Cc: | Fuger, Michele L.; Salayer, Tiffany |
| Subject: | Case Discussion and Rule 26(f) conference |

Dear Craig,

Counsel for both Activision and Rockstar have raised issues they would like to discuss and we also need to conduct a rule 26(f) conference. It is my understanding from all of the communications that transpired between the parties between 2011 and 2015 that Rockstar was involved. My client was speaking with and providing information to Sarah Shafer who was the Rockstar Games H/R director of Game Development and she was calling and emailing this information to Gordon Hall who was with Rockstar developing games and then during this time frame moved to Activision. The information from Brooks was also shared with Sam Houser who is the co-founder and president of Rockstar Games. It is my understanding that Gordon Hall received the information from Brooks during the times he was at both Rockstar and Activision. I am not clear on your position that Rockstar had nothing to do with the development of the games and characters. Perhaps you can explain this further over the phone. Please let me know if you have time tomorrow to set a call with all parties to discuss these issues and also conduct the Rule 26(f) conference so we can get that completed.

Sincerely,

Lisel

**LISEL M. FERGUSON**
PARTNER

P. 619.515.3207 | F. 619.744.5407 | lisel.ferguson@procopio.com
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
**View Profile** | **LinkedIn** | **procopio.com**



**EXHIBIT 6**
**Page 33**

# EXHIBIT "7"

EXHIBIT 7
Page 34

| | |
|---|---|
| **From:** | Ferguson, Lisel M. |
| **To:** | "Mayer, Marc" |
| **Cc:** | Lewis, Marissa; Pagnanelli, Karin; Salayer, Tiffany; Fuger, Michele L. |
| **Subject:** | RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD |

Dear Marc,

In order have a meet and confer call run smoother thought I would address a few issues in your letter in advance. Please be advised that I reviewed all of the materials prior to filing the Complaint and do have the emails and documents which were sent to and shared with Sarah Shafer, Gordon Hall and Sam Hauser over an extended time frame from 2010 through 2014 when the parties were discussing a partnership and/or working relationship to develop a game. I also have the Copyright Registration certificates and deposit material which was in the files of the firm who filed for the copyrights. As I advised on the phone I don't have the certified copies of the deposit material from the U.S. Copyright Office at this time. Sarah worked for Rockstar, Gordon Hall was with Rockstar and moved to Activision during the relevant time period and Sam Hauser was with Rockstar. Gordon Hall did receive materials in 2014 when he was working at Activision.

Sean Brooks was a lead character in the Call of Duty: Infinite Warfare game. His name, our clients mark, does not only appear in the game it appears in all of the media and advertising surrounding the game, the online gaming run by Activision and in many other locations. The character in the game represents the USA or Team USA which plays off of the involvement Shon Brooks has had with the Olympics, the character in the game also goes to Mars which not only copies from the script provided to Activision and Rockstar but also plays off of Son Brooks who has had extensive involvement with NASA.

Call of Duty:Infinite Warfare does pursue financial criminals out of financial gain. Just a few similarities are the following: The Team USA soldiers headquarters is in New York City's Wall Street District. The villain "Admiral Kotch" lives in a high rise in the financial district in New York City's Wall Street district. There is a backdrop of the New York City Freedom Tower (Aka World Trade Center) in the Financial District. There are several huge bank vault doors with huge levers that banks have. Inside these TRT frames they blow up and destroy Wall Street, The Stock Market, including The World Trade Center all for financial gain and weapons. Captain Reyes and Sean Brooks capture Admiral Kotch inside the Cristal Bank so many "Save One Bank" levered security vaults. These United States Soldiers crack the safe and walk through these Save One Bank vaults for 4 and 1/2 hours. The Admiral Kotch duel occurs inside a Wall Street downtown bank near the Hudson Bay. This occurs next to a downtown high fashion couture fashion shop and right next to the Crystal Bank. The United States solders (Reyes and Sean Brooks) kill Admiral Kotch at this Downtown Wall Street location. The scenes are identical to the Brooks Entertainment Copyright Scripts.

Additionally, the acronym S.O.B. is used in at least one of the Call of Duty games. As you aware this is one of our client's trademarks and also in the title of its copyrights and within the copyrighted scripts.

Sincerely,
Lisel

**LISEL M. FERGUSON**
PARTNER
PROCOPIO

P. 619.515.3207 | F. 619.744.5407 | lisel.ferguson@procopio.com
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
View Profile | LinkedIn | procopio.com

---

**From:** Mayer, Marc
**Sent:** Tuesday, January 25, 2022 1:26 PM

**EXHIBIT 7**
**Page 35**

**To:** Ferguson, Lisel M. ; Salayer, Tiffany
**Cc:** Lewis, Marissa ; Pagnanelli, Karin
**Subject:** RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

<div style="background-color:purple; color:white; text-align:center;">

**\* EXTERNAL EMAIL - Please use Caution. \***

</div>

Lisel —

I can speak at 1 p.m. tomorrow, if that works for you.

Does this mean that you are not willing to withdraw or dismiss your complaint?



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | mem@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>
**Sent:** Tuesday, January 25, 2022 12:44 PM
**To:** Mayer, Marc <MEM@msk.com>; Salayer, Tiffany <Tiffany.Salayer@procopio.com>
**Cc:** Lewis, Marissa <mbl@msk.com>; Pagnanelli, Karin <KGP@msk.com>
**Subject:** [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

-EXTERNAL MESSAGE-

Marc,

Do you have time to meet and confer on these issues either tomorrow between 11 to 2 or Thursday between 11-12 or 1-2 PST?

Sincerely,

Lisel

**LISEL M. FERGUSON**
PARTNER
PROCOPIO

P. 619.515.3207 | F. 619.744.5407 | lisel.ferguson@procopio.com
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
View Profile | LinkedIn | procopio.com

**From:** Mayer, Marc <MEM@msk.com>
**Sent:** Monday, January 24, 2022 2:37 PM
**To:** Salayer, Tiffany <Tiffany.Salayer@procopio.com>
**Cc:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>; Lewis, Marissa <mbl@msk.com>; Pagnanelli, Karin <KGP@msk.com>
**Subject:** RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

<div style="background-color:purple;"> </div>

**EXHIBIT 7**
**Page 36**

**\* EXTERNAL EMAIL - Please use Caution. \***

Tiffany and Lisel –
Please let us know when we can expect to receive your position on the issues raised in our letter. While the Court did grant the extension, we are concerned that our response date is going to come up quickly.



**Marc Mayer** | **Partner, through his professional corporation**

T: 310.312.3154 | mem@msk.com

**Mitchell Silberberg & Knupp** LLP | **www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Salayer, Tiffany <Tiffany.Salayer@procopio.com>
**Sent:** Tuesday, January 18, 2022 1:08 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Melara, Suguey <szm@msk.com>; Fuger, Michele L. <michele.fuger@procopio.com>; Ferguson, Lisel M. <lisel.ferguson@procopio.com>
**Subject:** [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

-EXTERNAL MESSAGE-

Hi Marc,

Thank you, everything looks fine. However, we are also giving Defendant Rockstar an extension to respond. Are you amenable to us adding them in before filing? We believe this would be the most judiciale way to proceed. Thank you!

Sincerely,

Tiffany

**TIFFANY SALAYER**
ASSOCIATE
PROCOPIO

P. 619.906.5731 | F. 619.398.0161 | tiffany.salayer@procopio.com
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
procopio.com

**From:** Mayer, Marc <MEM@msk.com>
**Sent:** Tuesday, January 18, 2022 10:59 AM
**To:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>
**Cc:** Melara, Suguey <szm@msk.com>; Salayer, Tiffany <Tiffany.Salayer@procopio.com>; Fuger, Michele L. <michele.fuger@procopio.com>
**Subject:** RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

**\* EXTERNAL EMAIL - Please use Caution. \***

**EXHIBIT 7**
**Page 37**

Lisel / Tiffany –

Attached is a draft joint motion to extend Activision's time to respond to the Complaint.
Please let us know if you have any edits or if we are authorized to file.
Thanks.



**Marc Mayer | Partner, through his professional corporation**
T: 310.312.3154 | mem@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
2049 Century Park East, 18th Floor, Los Angeles, CA 90067
THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Ferguson, Lisel M. <lisel.ferguson@procopio.com>
**Sent:** Friday, January 14, 2022 6:38 PM
**To:** Mayer, Marc <MEM@msk.com>
**Cc:** Melara, Suguey <szm@msk.com>; Salayer, Tiffany <Tiffany.Salayer@procopio.com>; Fuger, Michele L. <michele.fuger@procopio.com>
**Subject:** [EXTERNAL] Re: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003 TWR MDD

-EXTERNAL MESSAGE-
Yes that is acceptable.

Sincerely,

Lisel

On Jan 14, 2022, at 6:30 PM, Mayer, Marc <MEM@msk.com> wrote:

Thank you, Lisel. We will take you up on your offer of an additional extension. I assume that two weeks is acceptable on your end? If so, we will prepare a stipulation.

Marc Mayer | Partner, through his professional corporation
T: 310.312.3154 | mem@msk.com>
Mitchell Silberberg & Knupp LLP | www.msk.com<http://www.msk.com/>
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND

**EXHIBIT 7**
**Page 38**

ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

From: Ferguson, Lisel M. <lisel.ferguson@procopio.com>
Sent: Friday, January 14, 2022 4:06 PM
To: Mayer, Marc <MEM@msk.com>; Melara, Suguey <szm@msk.com>
Cc: Salayer, Tiffany <Tiffany.Salayer@procopio.com>; Fuger, Michele L.
<michele.fuger@procopio.com>
Subject: [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al.,
Case No. 21CV2003 TWR MDD

-EXTERNAL MESSAGE-
Marc,

My client has been on vacation and I have not been able to speak with him. I am happy to
provide you with a further extension on your response date so that I have time to evaluate your
position. Let me know if this is agreeable.

Sincerely,

Lisel


LISEL M. FERGUSON
PARTNER
PROCOPIO

P. 619.515.3207 | F. 619.744.5407 | lisel.ferguson@procopio.com>
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
View Profile<http://www.procopio.com/attorneys/view/lisel-m-ferguson> |
LinkedIn<https://www.linkedin.com/in/lisel-ferguson-0104137> |
procopio.com<https://protect-us.mimecast.com/s/YExSC2k9xkUKznGnh2eXQ3/>

From: Mayer, Marc <MEM@msk.com>>
Sent: Friday, January 14, 2022 11:59 AM
To: Ferguson, Lisel M. <lisel.ferguson@procopio.com>>; Melara, Suguey
<szm@msk.com>>
Cc: Salayer, Tiffany <Tiffany.Salayer@procopio.com>>; Fuger, Michele L.
<michele.fuger@procopio.com>>
Subject: RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No.
21CV2003 TWR MDD

Lisel –

I am just following up on your email below. Please let us know when you will be prepared to
have the meet-and-confer discussion.

As you know, our response to your Complaint is due on January 25 (one week from Tuesday).
Accordingly, if you are contemplating a voluntary dismissal of the action, we will need to
know as soon as possible in order to avoid an additional expenditure of fees and costs by our
client (including costs associated with acquiring and providing the court with the necessary

EXHIBIT 7
Page 39

technology (which is in very short supply) to view and play our client's software products.)


Marc Mayer | Partner, through his professional corporation
T: 310.312.3154 | mem@msk.com>
Mitchell Silberberg & Knupp LLP | www.msk.com<https://protect-
us.mimecast.com/s/FJ7GC4x9QxCYKLWLuMsgRF/>
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY
FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED
RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION,
AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS
MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS
MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY
REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND
ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

From: Ferguson, Lisel M. <lisel.ferguson@procopio.com>>
Sent: Monday, January 10, 2022 5:58 PM
To: Melara, Suguey <szm@msk.com>>
Cc: Mayer, Marc <MEM@msk.com>>; Salayer, Tiffany <Tiffany.Salayer@procopio.com>>;
Fuger, Michele L. <michele.fuger@procopio.com>>
Subject: [EXTERNAL] RE: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al.,
Case No. 21CV2003 TWR MDD

-EXTERNAL MESSAGE-
Dear Mr. Mayer and Ms. Suguey,

We have received your letter and will set a time to meet and confer with you later this week or
early next week once we have had an opportunity consider your position and meet with our
client.

Sincerely,

LISEL M. FERGUSON
PARTNER
PROCOPIO

P. 619.515.3207 | F. 619.744.5407 | lisel.ferguson@procopio.com>
525 B STREET, SUITE 2200, SAN DIEGO, CA 92101
View Profile<http://www.procopio.com/attorneys/view/lisel-m-ferguson> |
LinkedIn<https://www.linkedin.com/in/lisel-ferguson-0104137> |
procopio.com<https://protect-us.mimecast.com/s/GuRnC5yWQycgLqKqFNjxLR/>

From: Melara, Suguey <szm@msk.com>>
Sent: Friday, January 7, 2022 2:17 PM
To: Ferguson, Lisel M. <lisel.ferguson@procopio.com>>; Salayer, Tiffany
<Tiffany.Salayer@procopio.com>>

EXHIBIT 7
Page 40

Cc: Mayer, Marc <MEM@msk.com>>
Subject: Brooks Entertainment, Inc. v. Activision Blizzard, Inc. et al., Case No. 21CV2003
TWR MDD

Ms. Ferguson and Ms. Salayer,

Please see correspondence attached.

Thank you.


Suguey Melara | Secretary
T: 310.914.7948 | szm@msk.com>
Mitchell Silberberg & Knupp LLP | www.msk.com<https://protect-
us.mimecast.com/s/CteEC680X8CVYQ9QF2tKJA/>
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY
FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED
RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION,
AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS
MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT
ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS
MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY
REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND
ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.


Mon Jan 10 2022 17:57:44

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This
email and any attachments hereto may contain information that is confidential and/or protected
by the attorney-client privilege and attorney work product doctrine. This email is not intended
for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the
contents of this email or its attachments to unintended recipients is not intended to and does
not constitute a waiver of attorney-client privilege or attorney work product protections. If you
have received this email in error, immediately notify the sender of the erroneous receipt and
destroy this email, any attachments, and all copies of same, either electronic or printed. Any
disclosure, copying, distribution, or use of the contents or information received in error is
strictly prohibited.


Fri Jan 14 2022 16:05:42

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This
email and any attachments hereto may contain information that is confidential and/or protected
by the attorney-client privilege and attorney work product doctrine. This email is not intended
for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the
contents of this email or its attachments to unintended recipients is not intended to and does
not constitute a waiver of attorney-client privilege or attorney work product protections. If you

**EXHIBIT 7**
**Page 41**

have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Fri Jan 14 2022 18:37:50

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Tue Jan 18 2022 13:08:34

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

Tue Jan 25 2022 12:44:26

This is an email from Procopio, Cory, Hargreaves & Savitch LLP, Attorneys at Law. This email and any attachments hereto may contain information that is confidential and/or protected by the attorney-client privilege and attorney work product doctrine. This email is not intended for transmission to, or receipt by, any unauthorized persons. Inadvertent disclosure of the contents of this email or its attachments to unintended recipients is not intended to and does not constitute a waiver of attorney-client privilege or attorney work product protections. If you have received this email in error, immediately notify the sender of the erroneous receipt and destroy this email, any attachments, and all copies of same, either electronic or printed. Any disclosure, copying, distribution, or use of the contents or information received in error is strictly prohibited.

**EXHIBIT 7**
**Page 42**